IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------------X

BASSEM AL-TAMIMI, *et al.*,

          Plaintiff,                  Docket No: 16-cv-445

       -against-

SHELDON ADELSON, *et al.*,

          Defendants.

---------------------------------------------------------------------X


## RESPONSE TO DOCUMENT ENTITLED "ERRATA SHEET – PARTY ADDRESSES" FILED BY PLAINTIFFS' COUSNEL (DE 12)

On April 14, 2016 plaintiffs' counsel filed a document entitled "Errata Sheet – Party Addresses" (DE 12). This filing was presumably an effort by plaintiffs' counsel to cure plaintiffs' initial abject failure to comply with Local Rule 5.1(c)(1), which mandates that "[t]he first filing by or on behalf of a party shall have in the caption the name and full residence address of the party." *Id.*

As originally filed, no address information whatsoever was furnished by plaintiffs' counsel in the caption or anywhere else. After prompting by the Clerk's office to cure this non-compliance, plaintiffs' counsel today—38 days after filing the complaint—filed an "Errata Sheet" listing some address information for some plaintiffs, but still not complying with Local Rule 5.1(c)(1) for all but one of the plaintiffs.

Rule 5.1(c)(1) requires that the plaintiff set forth the "full residence address of the party." *Id.* The plaintiffs have still not complied. Only one of the plaintiffs has furnished an ordinary street address. Most have furnished addresses "care of" a lawyer's office or just the name of a town or

village but no street address. Indeed, one has given nothing more than the post office box of an organization.

The issues are as follows:

1. **Plaintiff Bassem Al-Tamimi.** The only address given is "Nabi Saleh / Ramallah Governate / Palestine." As a Google search reveals, "Nabi Saleh" is the name of a village, https://en.wikipedia.org/wiki/Nabi_Salih. That is not a street address, and thus this is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

2. **Plaintiff Susan Abulhawa.** The only address given is "c/o Martin F. McMahon & Associates / 1150 Connecticut Ave. NW, Suite 900, Washington, DC 20036." That is the office address of plaintiffs' counsel. Plainly that is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

3. **Plainitff Doa'a Abu Amer**. The only address given is "Abasan Al-Kabira / Khan Younis / Gaza Strip / Palestine." As a Google search reveals, https://en.wikipedia.org/wiki/Abasan_al-Kabira, "Abasan al-Kabira" is the name of a city with over 19,000 inhabitants. That is not a street address, and thus this is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

4. **Plaintiff Jihan Andoni.** The only address given is "c/o Jonathan Kuttab, Esq. / Saleh El-Din 14 / Dar Mall / P.O. Box 19534 / Jerusalem 91194." Plainly, that is the address of a lawyer's office in Jerusalem, not the residence of Mr. Andoni, not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

5. **Plaintiff Hiba Barghouti, as the next of kin of Abdelrahman Barghouthi**. The only address given is "Aboud Village / Ramallah Governorate / Palestine." "Aboud Village" is obviously the name of a village, not a street address, and thus this is not the "full residence address of the party" as required by Local Rule 5.1(c)(1). For present purposes we leave aside the obvious question of whether somebody's next of kin can maintain an action without having been appointed as

a representative of the alleged decedent's estate by any court of competent jurisdiction (no such appointment is alleged in the caption or elsewhere in the complaint).

6. **Plaintiff Dr. Ismail Deik, as personal representative of the Family Husseini.** The only address given is "Al-Seeh Farm / Plot 2 Basin 2 / An-Nabi Musa / Jericho Governorate / Palestine." There are no allegations in the complaint regarding Dr. Deik's residence or citizenship, or the residence of "the Family Husseini" (whoever that is) whom he claims to represent. It seems unlikely that Dr. Deik lives on what is apparently a plot of farm land, or that this is considered a proper residential address anywhere. For present purposes we leave aside the question of whether Dr. Diek has any standing to represent "the Family Husseini"—whatever it means to represent a family as opposed to specific individuals, or whether he can maintain an action without having been appointed as a representative of individuals other than himself (no such appointment is alleged in the caption or elsewhere in the complaint).

7. **Plaintiff Abdur-Rahim Dudar.** The only address given is "c/o Martin F. McMahon & Associates / 1150 Connecticut Ave. NW, Suite 900, Washington, DC 20036." That is the office address of plaintiffs' counsel. Plainly that is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

8. **Plaintiff Abbas Hamideh.** The only address given is "Al-Awda, the Palestine Right to Return Coalition / P.O. Box 8812 / Coral Springs, Florida 33075, USA." Plainly, since this is a post office box of an organization, this does not even purport to be the "full residence address of the party" as required by Local Rule 5.1(c)(1).

9. **Plaintiff Khulude Isaac.** The only address given is "c/o Jonathan Kuttab, Esq. / Saleh El-Din 14 / Dar Mall / P.O. Box 19534 / Jerusalem 91194." Plainly, that is the address of a lawyer's office in Jerusalem, not the residence of Mr. Andoni, not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

10.     **Plaintiff Mina Ishaq.** The only address given is "c/o Jonathan Kuttab, Esq. / Saleh El-Din 14 / Dar Mall / P.O. Box 19534 / Jerusalem 91194." Plainly, that is the address of a lawyer's office in Jerusalem, not the residence of Mr. Andoni, not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

11.     **Plaintiff Qais Ishaq.** The only address given is "c/o Jonathan Kuttab, Esq. / Saleh El-Din 14 / Dar Mall / P.O. Box 19534 / Jerusalem 91194." Plainly, that is the address of a lawyer's office in Jerusalem, not the residence of Mr. Andoni, not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

12.     **Plaintiff Ra'fat Ishaq.** The only address given is "c/o Jonathan Kuttab, Esq. / Saleh El-Din 14 / Dar Mall / P.O. Box 19534 / Jerusalem 91194." Plainly, that is the address of a lawyer's office in Jerusalem, not the residence of Mr. Andoni, not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

13.     **Plaintiff Alaa Nofal.** The only address given is "c/o Martin F. McMahon & Associates / 1150 Connecticut Ave. NW, Suite 900, Washington, DC 20036." That is the office address of plaintiffs' counsel. Plainly that is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

14.     **Plaintiff Ibrahim Sabih.** The only address given is "Irq Al-Dheeba / Al-Khadr Township / Bethlehem Governorate / Palestine." Even outside the caption, the complaint provides no information at all about this person. There is no allegation of where he resides or what citizenship he has. Indeed, his name only appears once in the complaint other than the caption, and there only in a generality (¶ 274). No information is given about what "Irq Al-Dheeba" is. It is plainly not a street address. It does not appear that the plaintiffs have complied with the obligation to provide the "full residence address of the party" as required by Local Rule 5.1(c)(1).

15. **Plaintiff Emad Shujaia.** The only address provided is "Dayr Jarir / Ramallah Governorate / Palestine." As a Google search reveals, "Dayr Jarir" is the name of a village, "Dayr Jarir" is the name of a village with about 4,000 inhabitants, https://en.wikipedia.org/wiki/Deir_Jarir. That is not a street address, and thus this is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

16. **Plaintiff Emaan Toppazzini.** This plaintiff provided an address of "20 Laurel Blvd. / Collingwood / Ontario L9Y 5A8." This is the only address provided that complies with Rule 5.1(c)(1).

17. **Plaintiffs Village Council of the Villages of Abu Al-'Asja, Abu Al-Ghazlan, Abu Al-'Arqan, Karza, and Raboud.** The only address given is "c/o Gandi Amin, Esq. / 6th Floor, VIP Center / Al Balou – Al Bireh / Palestine." Plainly, this is the address of a lawyer's office, not the address of these five village councils, and therefore is not the "full residence address of the party" as required by Local Rule 5.1(c)(1). Additionally, it is incomprehensible that five different village councils would have the same address. One would expect the council of a village to be located in that village, not at a lawyer's office in another city. Plaintiffs have plainly taken a shortcut here and have not complied with Local Rule 5.1(c)(1).

18. **Plaintiff Hashim Yousef**. The only address given is "Society for Farmer's Rights and the Preservation of Palestine's Environment / Jinsafut Village / Nablus, West Bank / Palestine." Plainly, since this is on its face the address of an organization, this does not even purport to be the "full residence address of the party" as required by Local Rule 5.1(c)(1). Moreover, this address is incomplete as there is no street address given.

19. **Plaintiff Ahmed Al-Zeer**. The only address given is "Silwad / Ramallah Governorate / Palestine." As a Google search reveals, https://en.wikipedia.org/wiki/Silwad, "Silwad" is the name of a town with over 6,000 inhabitants. That is not a street address, and thus this is not the "full residence address of the party" as required by Local Rule 5.1(c)(1).

It is thus pellucid that the plaintiffs have not complied with Local Rule 5.1(c)(1), despite having been prompted by the Clerk to become compliant, despite the passage of 38 days from the filing of the complaint.

The plaintiffs in this case are claiming approximately $35 <u>billion</u> in damages. They have filed a massive 187 page complaint, naming over 50 defendants, making grandiose allegations of international conspiracies, war crimes, and violations of international law—allegations that were plainly designed with a political agenda and to attract media coverage. Yet the plaintiffs have themselves been unable to comply with a simple pleading rule requiring plaintiffs coming before the court to state their full residential addresses. It is respectfully submitted that this Court should not countenance such disregard for Local Rule 5.1(c)(1) and should issue an order to show cause as to why this case should not be dismissed for non-compliance with Local Rule 5.1(c)(1).

It should be noted that in this case it is particularly important to the defendants to have the full names and addresses of the plaintiffs in order to investigate the wild allegations made in the complaint and to be able to present a defense. The plaintiff's complaint conspicuously does not contain the usual section identifying the parties and specifying their interest in the case. One would be hard-pressed to discern from the complaint what specific injury—and therefore what standing—any one of these plaintiffs has. A person who identifies as "Palestinian" does not automatically have the right to maintain an action against defendants associated with Israel just because she perceives that Israel has wronged Palestinians. One must have suffered an actual injury to have standing, since otherwise there is no case in controversy and the court lacks subject matter jurisdiction.[1]

---

[1] Each of the plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing that they have standing to bring this action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Osbourn v. Visa, Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015). To satisfy

*(continued next page)*

Here, not only has the plaintiffs' vacuous pleading omitting any information about the plaintiffs, their supposed claims, or the basis upon which they assert standing, deprived the defendants of the ability to investigate the claims, the plaintiffs have not even set forth the most basic biographical fact about each plaintiff—the plaintiff's address, which is required to be provided by the rules.

What the plaintiffs have submitted is plainly insufficient.

Dated:   Brooklyn, New York
         April 14, 2016

                                      Respectfully submitted,

                                      THE BERKMAN LAW OFFICE, LLC
                                      *Attorneys for the Defendants Ahava – Dead Sea Laboratories and Nordstrom, Inc.*

                                      by: _/s/ Robert J. Tolchin_
                                            Robert J. Tolchin

                                      111 Livingston Street, Suite 1928
                                      Brooklyn, New York 11201
                                      718-855-3627

---

"the irreducible constitutional minimum of standing," a plaintiff must satisfy three elements. *Lujan*, 504 U.S. at 560. *First*, a plaintiff must show an injury-in-fact—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. Second, a plaintiff must show "a causal connection between the injury" and the challenged action. *Id*. "Third, it must be likely, as opposed to merely speculative, that the [plaintiff's] injury will be redressed by a favorable decision." *Id*. at 561.

**CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:    Brooklyn, New York
           April 14, 2016

                                            Robert J. Tolchin