IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BASSEM AL-TAMIMI, et al.** | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 1:16-cv-00445-TSC |
| v. | )<br>) |
| **SHELDON ADELSON, et al.;** | )<br>) |
| Defendants. | )<br>) |

**ADDENDUM TO
PLAINTIFFS' SECOND REPORT ON STATUS OF SERVICE OF PROCESS
AND PROOFS OF SERVICE**

By way of clarification and pursuant to the Court's Order of June 6, 2016 (Docket entry 45), Plaintiffs report that each Defendant who received a mailing was served a copy of the summons and complaint as well as a notice of a lawsuit and request to waive service of a summons, with waiver form and return envelope enclosed. Certified mail was used for addresses within the United States. DHL Express Worldwide parcel delivery was used for addresses outside of the United States.

Individuals within the United States were served pursuant to Fed R. Civ. P. 4(e)(1) (allowing service pursuant to District of Columbia law, which provides for service by certified mail (see D.C. Sup. Ct. R. Civ. P. 4(c)(4)).

Corporations within the United States were served pursuant to Fed R. Civ. P. 4(h)(1)(A) (allowing service upon corporations to be carried out in the same manner as upon individuals, (see Fed R. Civ. P. 4(e)(1))).

Defendants outside the United States were served pursuant to Fed R. Civ. P. 4(f)(1) (allowing service of process by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad

1

of Judicial and Extrajudicial Documents."). As stated in Plaintiffs' Second Report on Status of Service of Process and Proofs of Service, Plaintiffs believe DHL Express Worldwide parcel delivery service comports with the requirements for service in Israel under the Hague Convention because: (a) the Complaint is written in English (See Art. 5(3) of Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/states/authorities/details3/?aid=260); and (b) DHL Express Worldwide parcel delivery is a post system which provides an online confirmation equivalent to a certificate of receipt of service for registered post.

Plaintiffs to date find no support for the contention of certain Defendants that inclusion of a request for waiver of service along with the actual summons and complaint somehow negates the service of the summons and complaint. Simply put, pursuant to Fed. R. Civ. P. 4(c)(1), "A summons must be served with a copy of the complaint." Plaintiffs have comported with this rule in their service upon Defendants.

More importantly, Defendants, being in possession of a request for waiver of service, have "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). If "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court *must* impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2) (emphasis added). Certain Defense counsel are in possession of the summons, complaint, waiver request, waiver form, and prepaid means of mailing the waiver form. They are, furthermore, fully apprised of the claims made against their clients, and have even appeared before this Court and commented regarding their views on the merits of those claims. They have not offered any cause whatsoever, to say nothing of "good" cause, for refusing to waive service. Yet they still refuse to waive service of

process upon their clients, asking this Court to require that Plaintiffs mail another copy of the summons and complaint to them. To the extent this Court requires Plaintiffs to take this repetitive step, Plaintiffs respectfully request that this Court award the fees for mailing expenses, attorney fees, and collection fees pursuant to Fed. R. Civ. P. 4(d)(2) above at the following rates:

| | |
|---|---|
| Attorney Martin F. McMahon, Esq.: | $650 per hour |
| Attorney W. Jameson Fox, Esq: | $350 per hour |
| Paralegals/Law Clerks: | $150 per hour |
| Printing fees: | $0.15 per page |
| Certified mail/DHL fees: | per receipt |

Respectfully Submitted,

*/s/ Martin F. McMahon*
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
(202) 862 - 4343
mm@martinmcmahonlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that I have on June 14, 2016, served all the parties in this case with this **Addendum to Second Report on Status of Service of Process and Proofs of Service** in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this court.

/s/ Martin F. McMahon
_____
Martin F. McMahon, Esq.