**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BASSEM AL-TAMIMI et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 16-cv-445 (TSC) |
| ) | |
| SHELDON ADELSON et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

### SHELDON G. ADELSON'S MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS

Pursuant to Federal Rule of Civil Procedure 12(b)(5) and this Court's June 21, 2016 Order, Defendant Sheldon G. Adelson, through undersigned counsel, respectfully moves this Court for dismissal of the complaint on the basis of insufficient service of process.

In support of this motion, Mr. Adelson submits the accompanying Memorandum of Points and Authorities in support of the motion, the Declaration of Barry G. Felder and the exhibits thereto.

Dated:  June 30, 2016

Respectfully submitted,

*/s/ Barry G. Felder*
Barry G. Felder, Bar No. 307736
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
Fax: (212) 867-2329
e-mail: bgfelder@foley.com

Michael J. Tuteur, Bar No. D00202
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
e-mail: mtuteur@foley.com

*Attorneys for Sheldon G. Adelson*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of June 2016, a copy of Defendant Sheldon G.

Adelson's Motion to Dismiss along with copies of the accompanying Memorandum of Points

and Authorities, Declaration of Barry G. Felder and exhibits thereto, and Proposed Order, were

filed electronically with the Clerk of the Court using CM/ECF, which will send notification that

such filing is available for viewing and downloading to all counsel of record in this matter.

_____*/s/ Barry G. Felder*_____
BARRY G. FELDER

4826-9681-3619

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BASSEM AL-TAMIMI et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-445 (TSC) |
| | ) | |
| SHELDON ADELSON et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SHELDON G. ADELSON'S MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS

Barry G. Felder
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
Fax: (212) 867-2329
e-mail: bgfelder@foley.com

Michael J. Tuteur
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
e-mail: mtuteur@foley.com

*Attorneys for Sheldon G. Adelson*

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

FACTUAL BACKGROUND ............................................................................................... 1

ARGUMENT ....................................................................................................................... 2

PLAINTIFFS' COMPLAINT AGAINST MR. ADELSON SHOULD BE DISMISSED ............ 2

I.      Compliance With the Formalities of Service of Process Is Fundamental to the
        Federal Court System ............................................................................................... 2

II.     Plaintiffs' Transmittal of a Request to Waive Service, Without Return of the
        Waiver, Did Not Effect Service ................................................................................ 3

III.    Even If Plaintiffs' Mailing Could Have Effected Service – Which It Could Not –
        Plaintiffs Cannot Establish Service Upon Mr. Adelson by Certified Mail ........................ 5

IV.     The Court Should Not Extend Plaintiffs' Time to Serve Mr. Adelson .............................. 6

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Gates*,
  20 F. Supp. 3d 114 (D.D.C. 2013) .................................................................6, 7, 8

*Barot v. Embassy of Zambia*,
  785 F.3d 26 (D.C. Cir. 2015) .......................................................................8

*Colston v. First Guarantee Comm'l Mortg. Corp.*,
  665 F. Supp. 2d 5 (D.D.C. 2009) ..................................................................7, 8

*D.H. Overmeyer Co. v. Frick Co.*,
  405 U.S. 174 (1972) ................................................................................3

*Fairey v. Tucker*,
  132 S. Ct. 2218 (2012) ..............................................................................3

*Fuentes v. Shevin*,
  407 U.S. 67 (1972) ..................................................................................3

*Klayman v. Obama*,
  125 F. Supp. 3d 67 (D.D.C. 2015) ..............................................................7, 8

*Mann v. Castiel*,
  681 F.3d 368 (D.C. Cir. 2012) ..............................................................2, 3, 6, 8

*Novak v. World Bank*,
  703 F.2d 1305 (D.C. Cir. 1983) .....................................................................8

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987) ..................................................................................3

*Queen v. Feden*,
  No. 04-2607, 2005 U.S. Dist. LEXIS 17061 (D. Kan. Aug. 12, 2005) ....................................4

*Shaw v. District of Columbia*,
  No. 05-1284, 2006 U.S. Dist. LEXIS 29423 (D.D.C. May 15, 2006)......................................4

*Toms v. Hantman*,
  530 F. Supp. 2d 188 (D.D.C. 2008) .................................................................6

*Wilson-Greene v. Dep't of Youth Rehabilitation Servs.*,
  No. 06-cv-2262, 2007 WL 2007557 (D.D.C. July 9, 2007) ............................................6

**<u>Rules</u>**

D.C. Super. Ct. Rule 4 ...............................................................................................................5

Fed. R. Civ. P. 4.............................................................................................................. *passim*

Fed. R. Civ. P. 12(a) ......................................................................................................4

## INTRODUCTION

On March 16, 2016, Plaintiffs' counsel sent, by certified mail, return receipt requested, a package containing the summons and complaint, and a request to waive service of that summons and complaint, to Mr. Sheldon G. Adelson at the address of the Las Vegas Sands Corporation. Plaintiffs did not receive a signed waiver, and Plaintiffs' time to serve has now expired.

The request to waive service states that "[i]f you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you." Plaintiffs, however, took no action whatsoever "to have the summons and complaint served on" Mr. Adelson. Plaintiffs' now claim that the mailing was, simultaneously, a request to waive service *and* actual service. As shown below, this paradox, contradicted by both logic and law, cannot stand. Additionally, even if this "through the looking glass approach" had any viability – and it does not – the mailing fails to comply with the requirements for service by certified mail. Finally, in light of Plaintiffs' failure to exercise even minimal diligence in attempting to serve Mr. Adelson, Plaintiffs' time to serve the complaint should not be extended.

Plaintiffs' attempt to play "fast and loose" with the rules governing service of process should not be countenanced. The so-called service on Mr. Adelson was legally insufficient, and Mr. Adelson should be dismissed from this lawsuit.

## FACTUAL BACKGROUND

Plaintiffs filed the complaint in this action on March 7, 2016. (Dkt. No. 1.) As set forth in their status reports to this Court dated June 3 and 10, 2016, and an addendum dated June 14, 2016,[1] Plaintiffs' sole effort to effect service on Mr. Adelson consisted of mailing, on March 16,

---

[1] Copies of Plaintiffs' status reports on service are attached as Exhibits A, B and C to the Declaration of Barry G. Felder (the "Felder Declaration") submitted herewith.

2016 (the "March Mailing"), a Notice of Lawsuit and Request for Waiver of Service form along

with copies of the summons and complaint, via certified mail, return receipt requested, to Mr.

Adelson at the address of the Las Vegas Sands Corporation: 3355 Las Vegas Boulevard South,

Las Vegas, Nevada.[2]  (Dkt. Nos. 42, 47, and 51.)  Plaintiffs' affidavit of service states that

Plaintiffs' counsel "received the receipt for the certified mail, No. 70141820000149803383 . . .,

indicating delivery of the summons and complaint was made upon said defendant [Mr. Adelson]

on the 18th day of March, 2016."  (Dkt. 47, Ex. 16.)  The attached return receipt, however, shows

that it was signed by a Mr. Dan Segura.[3]  *Id.*

Tellingly, the affidavit of service does not contend that Plaintiffs received an executed

waiver form from Mr. Adelson.  Nor does it describe any efforts at all – other than the March

Mailing – towards serving Mr. Adelson during the 90-day period between the filing of the

complaint in March and the deadline to complete service (June 6, 2016).

## ARGUMENT

### PLAINTIFFS' COMPLAINT AGAINST MR. ADELSON SHOULD BE DISMISSED

**I.**   **Compliance With the Formalities of Service of Process Is Fundamental to the Federal Court System**

In *Mann v. Castiel*, the D.C. Circuit restated that:

> Service of process, under longstanding tradition in our system of
> justice, is fundamental to any procedural imposition on a named
> defendant.  Under the federal rules enacted by Congress, federal
> courts lack the power to assert personal jurisdiction over a
> defendant unless the procedural requirements of effective service
> of process are satisfied.  Service is therefore not only a means of
> notifying a defendant of the commencement of an action against

---

[2] *See* Felder Decl., ¶ 6, Ex. E.

[3] A copy of the affidavit of service and certified mail return receipt are attached as Exhibit D to the Felder Declaration.

him, but a ritual that marks the court's assertion of jurisdiction over the lawsuit.

681 F.3d 368, 372 (D.C. Cir. 2012) (citations and quotations omitted).  Thus, there is a constitutional due process right to be properly served.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").  As detailed below, Plaintiffs' actions regarding service do not approach the threshold required to hale Mr. Adelson into this Court.

Moreover, the waiver of a right, and particularly a constitutional right, "is not to be lightly presumed; rather, a court must indulge every reasonable presumption against waiver . . . ." *Fairey v. Tucker*, 132 S. Ct. 2218, 2220 (2012) (citations omitted); *see also Fuentes v. Shevin*, 407 U.S. 67, 94 n.31 (1972).  Indeed, it is black letter law that the waiver of a constitutional right must be "knowing, intelligent, and voluntary." *Schriro v. Landrigan*, 550 U.S. 465, 484 (2007); *D.H. Overmeyer Co. v. Frick Co.*, 405 U.S. 174, 186 (1972).  Thus, under both the law and the facts, Mr. Adelson did not waive service.

## II.    Plaintiffs' Transmittal of a Request to Waive Service, Without Return of the Waiver, Did Not Effect Service

Plaintiffs' position – that the March Mailing constituted, simultaneously, (1) a request to waive service and (2) actual service – defies logic and contravenes the purpose of the rule.

Federal Rule of Civil Procedure 4(d) permits a plaintiff to request waiver of service of process *as an alternative* to actual service.  The language of the rule makes clear that it is the execution, return and filing of the waiver form – not the mere request to waive service – that effects service on, and properly joins, the defendant in a case.  The form reads:

3

> What happens next?
>
> If you return the signed waiver, I will file it with the court. The
> action will *then* proceed *as if* you had been served on the date the
> waiver is filed . . .

U.S. Courts Form AO 398 (emphasis added).  The required notice provides further:

> If you do not return the signed waiver within the time indicated, I
> will arrange to have the summons and complaint served on you.

*Id.*

This language would be unnecessary and meaningless if a request to waive service was, simultaneously, actual service. The case law is in accord.  *See Shaw v. District of Columbia*, No. 05-1284, 2006 U.S. Dist. LEXIS 29423, *8 (D.D.C. May 15, 2006) (holding service ineffective under Fed. R. Civ. P. 4 and District of Columbia law where plaintiffs sent request for waiver of service along with pleadings to individual defendant via certified mail because the mailing "was potentially valid as service only if the recipients acknowledged receipt of the Complaint and thereby waived formal service pursuant to [Fed. R. Civ. P. 4(d)]."); *accord Queen v. Feden*, No. 04-2607, 2005 U.S. Dist. LEXIS 17061, *58 (D. Kan. Aug. 12, 2005) (holding that certified mailing of notice and waiver request with pleadings to an individual defendant was insufficient, despite Kansas law permitting service by certified mail, and noting that "the mere mailing of the notice and request by a plaintiff does not effectuate service. The defendant must return the waiver of service to the plaintiff, who must then file the waiver with the court. If the defendant fails to return the waiver, then the plaintiff must effectuate service in a manner provided in subdivision (e), (f), or (h) of Rule 4.").[4]

---

[4] Deeming a request for waiver to be actual service is also inconsistent with the time frames set forth in the Federal Rules.  Rule 4(d)(1)(F) provides that a plaintiff must give a defendant "at least 30 days" to return the waiver.  But Rule 12(a) requires that a defendant serve an answer to

Thus, as a matter of logic and law, the request to waive service, which went unanswered, did not constitute service.  The complaint against Mr. Adelson must be dismissed on this ground alone.

**III.   Even If Plaintiffs' Mailing Could Have Effected Service – Which It Could Not – Plaintiffs Cannot Establish Service Upon Mr. Adelson by Certified Mail**

Even if the March Mailing were somehow viewed as only containing the summons and complaint,[5] Plaintiffs still could not meet their burden to establish proper service on Mr. Adelson.

District of Columbia law permits service by certified or registered mail, return receipt requested.  D.C. Super. Ct. Rule 4(c).  To establish service under this provision, however, a plaintiff must prove either that the defendant himself signed the return receipt or that the receipt "meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule."  D.C. Super. Ct. Rule 4(l)(2).  Subdivision (e), titled "Service upon individuals in the United States," describes the persons who "meet[] the appropriate qualifications."  In particular, service on an individual may be made on "the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."  D.C. Super. Ct. Rule 4(l)(2).

Here, Mr. Adelson did not sign the receipt. Nor have Plaintiffs alleged that the person who did sign was authorized to accept service of process for Mr. Adelson.  And, because the March Mailing was sent to a business address, there is no issue as to whether a person of suitable age and discretion at Mr. Adelson's residence signed the return receipt.

---

the complaint 21 days after being served.  Thus, under Plaintiffs' scenario, a defendant could find itself in default of the complaint *before* the time to waive service had expired.

[5] Counsel is aware of no basis justifying an approach that would ignore certain contents of the March Mailing while considering others.

District of Columbia law makes clear that, under these circumstances, service is insufficient. *See Anderson v. Gates*, 20 F. Supp. 3d 114, 122-23 (D.D.C. 2013) (holding service on individual via certified mail to a business address insufficient where plaintiff offered no proof that the defendant himself signed the return receipt); *Toms v. Hantman*, 530 F. Supp. 2d 188, 191 (D.D.C. 2008) (holding certified mail to defendant's business address insufficient where the return receipt was signed by someone other than the individual defendant); *Wilson-Greene v. Dep't of Youth Rehabilitation Servs.*, No. 06-cv-2262, 2007 WL 2007557, at *2 (D.D.C. July 9, 2007) (holding certified mail service insufficient where mailing was directed to defendant's business address, and plaintiff offered no evidence that the individual defendants signed for the mailings or that the return receipt signatories were authorized to accept service).

Thus, even if Plaintiffs had elected to deliver only a summons and complaint (and no Request to Waive Service) by certified mail, return receipt requested – which they did not – service would still have been insufficient.

## IV.   The Court Should Not Extend Plaintiffs' Time to Serve Mr. Adelson

Plaintiffs' failure to make any effort outside of the March Mailing to attempt service on Mr. Adelson should not be excused.

Under Federal Rule of Civil Procedure 4(m), if a plaintiff demonstrates good cause for its delay in service, the court must grant an extension of time to serve. *Mann*, 681 F.3d at 374. "Good cause exists when some outside factor . . . rather than inadvertence or negligence, prevented service, . . . for example, a defendant's intentional evasion of service . . . or the plaintiff proceeds in forma pauperis and was entitled to rely on the United States marshal (or deputy marshal) to effect service . . . ." *Id.* at 374. Here, Plaintiffs' own insufficient efforts, and not some "outside factor," prevented timely service. Thus, Plaintiffs cannot show good cause for their delay.

Absent a showing of good cause, a court has discretion to grant an extension of time to serve process.  Yet that discretion is not unlimited.  In *Mann*, the D.C. Circuit stated that "dismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff in the same position as if the action had never been filed."  *Mann*, 681 F.3d at 376 (citations omitted).  In upholding the district court's refusal to exercise its discretion to grant an extension of time to serve, the D.C. Circuit wrote: "[t]he district court found that plaintiffs had not shown that there was 'some cause' for an extension of time on the grounds that the statute of limitations would bar refiling the complaint, their service deficiencies existed for only a limited period of time, or they were unsophisticated *pro se* litigants as to whom latitude should be given to correct their mistakes."  *Id.*  Similarly, here, dismissal would not bar Plaintiffs from refiling, and Plaintiffs are not unsophisticated *pro se* litigants.

In *Colston v. First Guarantee Commercial Mortgage Corp.,* 665 F. Supp. 2d 5, 8 (D.D.C. 2009),  plaintiff made an unsuccessful attempt to serve by certified mail. Seeking an extension of time, plaintiff explained that she did not expect the defendant to contest service and that defendant had no registered agent in the District of Columbia.  The court dismissed the action, noting that plaintiff was represented by counsel, defendant was not evading service, and the failure to effect service lay "squarely with counsel for plaintiff."  *Colston*, 665 F. Supp. 2d at 9; *see also Anderson*, 20 F. Supp. 3d at 122 (declining to extend plaintiff's time to serve where his sole effort at service had been a certified mailing to defendant's business address and where he "did not attempt to perfect service on defendant by any other means").[6]

---

[6] *But see Klayman v. Obama*, 125 F. Supp. 3d 67, 91 (D.D.C. 2015) (granting discretionary extension based on finding that "there exists a reasonable prospect that Plaintiff could accomplish service").  *Klayman* is distinguishable. There, plaintiff made several attempts to

Here, Plaintiffs, represented by sophisticated counsel, had to be aware by mid-March that Mr. Adelson did not sign the March Mailing's return receipt. By mid-April – 30 days after the mailing of the waiver request – Plaintiffs had to be aware that they had not received an executed waiver of service from Mr. Adelson. Yet Plaintiffs "did not attempt to perfect service on defendant by any other means." *Anderson*, 20 F. Supp. 3d at 122.    Under these circumstances, no extension is warranted, and Mr. Adelson should be dismissed from this lawsuit.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed as against Sheldon G. Adelson based on insufficient service of process.

Dated:  June 30, 2016

<div style="margin-left: 40%;">

Respectfully submitted,


/s/ Barry G. Felder
Barry G. Felder, Bar No. 307736
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
Fax: (212) 867-2329
e-mail: bgfelder@foley.com

</div>

---

serve defendant Malik Obama personally. Here, in contrast, Plaintiffs' only action was the March Mailing. Moreover, *Klayman*'s suggestion that the standard for a Rule 4(m) extension is whether there is a "reasonable prospect" of accomplishing service relies upon a line of decisions that *did not involve extensions of time under Rule 4(m)*. *See Barot v. Embassy of Zambia*, 785 F.3d 26, 29 (D.C. Cir. 2015) (reversing dismissal for insufficient service under the procedures of the Foreign Sovereign Immunities Act where plaintiff's failure to serve was caused by a mistake of the U.S. Marshal's office); *Novak v. World Bank*, 703 F.2d 1305, 1310 (D.C. Cir. 1983) (same). Where, as here, the issue is whether to grant a discretionary extension of time under Rule 4(m), the standards described by the D.C. Circuit in *Mann v. Castiel*, 681 F.3d at 376, applies. *See also Colston*, 665 F. Supp. 2d at 9.

Michael J. Tuteur, Bar No. D00202
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
e-mail: mtuteur@foley.com

*Attorneys for Sheldon G. Adelson*

9

4834-7887-3907