LEAVE TO FILE GRANTED
6/29/2016



June 28, 2016

The Honorable Tanya S. Chutkan
United States District Court for the District of Columbia
333 Constitution Ave. N.W.
Washington, D.C. 20001

**FILED**

JUN 3 0 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re: **Service of Process in Al-Tamimi, et al. v. Adelson, et al., No. 1:16-cv-00445**

Dear Judge Chutkan:

I am Reid Horovitz, an attorney and Chief Operating Officer of the Children's Tumor Foundation ("CTF"), a nonprofit 501(c)(3) charitable foundation dedicated to improving the health and well-being of individuals, particularly children, and families affected by neurofibromatosis ("NF"). NF is a genetic disorder that affects 1 in every 3,000 people. It causes tumors to grow on nerves throughout the body and can lead to deafness, blindness, disfigurement, bone abnormalities, learning disabilities, disabling pain, and cancer. Although NF occurs in all populations equally, there is not yet a cure for this disorder. Founded in 1978, CTF began as the first grassroots organization solely dedicated to the goal of finding treatments for NF. Today, CTF is a highly recognized national nonprofit foundation and the leading force in the fight to end NF.

CTF is not a party to the above-entitled matter. In March 2016, CTF received a letter addressed to our office in New York City via certified mail from counsel to the plaintiffs in the above-captioned action. A copy of this letter is attached as Exhibit A. As you can see, the letter was addressed to CTF's New York office on Wall Street, but bore the name of one of our many outside board members, Mr. Daniel Gilbert. Pursuant to CTF's established processes and procedures manual, a designated administrative employee opens every piece of mail delivered to our offices. As Exhibit A shows, the letter was titled "Notice of a Lawsuit and Request to Waive Service of a Summons." In that letter, counsel to the plaintiffs explained that it was "not a summons, or an official notice from the court" and noted that if the recipient does "not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you."



Mr. Gilbert does not work at, is not an employee or officer of, and does not maintain any offices at CTF, and other than being one of over twenty outside board members, he has no affiliation with CTF. Moreover, to the best of our knowledge, he does not reside in New York. Mr. Gilbert was not present at CTF's offices to receive the Notice on the day it was delivered nor has he been present at any time thereafter, and he did not authorize CTF to accept the Notice on his behalf.

I am now writing to the Court because it has come to our attention that counsel to the plaintiffs in the above-captioned proceeding have represented to the Court that this letter constituted formal service of process on Mr. Gilbert. In support of that representation, it is my understanding that plaintiffs' counsel filed a receipt indicating that one of the Foundation's administrative staff signed for this letter when it was delivered to our front desk. See Dkt. 47-1, Page 126 of 210. While it is true that one of our administrative staff signed for this letter—as they sign for all packages delivered to the Foundation—neither that person nor the Foundation ever intended to accept formal service of process on behalf of Mr. Gilbert in this proceeding nor were we authorized to do so.

The Foundation is not an agent for any of its many board members and has never been authorized by Mr. Gilbert to accept service of process (or otherwise participate in litigation) on his behalf. Nor would the Foundation ever accept such authorization, because, as a 501(c)(3) organization, our mission is to battle the serious problem of neurofibromatosis—not to act either as a clearinghouse for litigation involving our many supporters and board members, or as an agent for any of them.

The Foundation is not named in plaintiffs' suit and thus has no intention of responding to the Complaint. That said, we thought it was important for the Court to understand these facts and the Foundation's lack of intent or authority to accept service of process on behalf of Mr. Gilbert. Should the Court desire additional information, we are happy to discuss this matter further at the convenience of the Court and the parties.

Sincerely,

Reid Horovitz, Esq.
Chief Operating Officer
646-738-8562

Rhorovitz@ctf.org