**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| **BASSEM AL-TAMIMI, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:16-cv-00445-TSC |
| v. | ) | |
| | ) | |
| **SHELDON ADELSON, et al.;** | ) | |
| | ) | |
| Defendants. | ) | |

_____ )

### PLAINTIFFS' OPPOSITION
### TO DEFENDANT ADELSON'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(5)

COME NOW the Plaintiffs herein and hereby file this memorandum in opposition to Defendant Adelson's Motion to Dismiss for failure to effectuate service of process under Fed. R. Civ. P. 12(b)(5). As detailed herein, Defendant Adelson has had ample notice of the filing of the lawsuit and the claims made against him. Moreover, his agent, Mr. Dan Segura,[1] signed for the package containing the waiver form and the summons and complaint. When asked who Dan Segura was, Defense counsel could not tell Plaintiffs' counsel who he was, nor whether he was Defendant Adelson's agent or whether he worked for Defendant Adelson in some capacity.

As federal courts have made clear, the days are long gone when a court is going to order a plaintiff to chase down a defendant and shove papers into their hands in order to satisfy due process requirements. *See Republic Credit Corp. v. Rance*, 172 F. Supp. 2d 1178, 1181 (S.D. Iowa 2001). ("This Court has no interest in forcing process servers to chase down defendants and jam court papers into their hands in order to effect personal service as depicted on television.")

_____

[1] It appears that the agent's name is Dan Segura, based upon a visual inspection of the return receipt. (*See* Ex. 1).

In addition, if the Defendant's reading of Rule 4 is sanctioned, that would frustrate the objective of the Rule 4 amendments, i.e., make the service of process work efficiently and expeditiously with little cost involved. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F. 2d. 685, 688 (9th Cir. 1988) ("Rule 4 is flexible and should be liberally construed when Plaintiff receives sufficient notice of the complaint."). *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F. 2d. 685, 688 (9th Cir. 1988).

## I.    DEFENDANT ADELSON DOES NOT DENY THAT HE HAS ACTUAL NOTICE OF THE CLAIMS MADE AGAINST HIM

The purpose of the service of process requirements is not simply to put up additional hurdles which the Plaintiffs must surmount. The purpose of these requirements is to ensure that the Defendants are given appropriate notice of the claims brought against them and afforded an opportunity to defend against those claims with all the due process rights that go along with that. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (to satisfy constitutional requirements, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."). Actual receipt of notice is constitutionally sufficient. *United Student Aid Funds v. Espinosa*, 130 S. Ct. 1367, 1378, 176 L. Ed. 2d 158 (2010).

Defendant Adelson is on actual notice of this lawsuit in any case. Not only has he received the complaint and summons and the waiver form, he has hired an attorney to represent him. Also, there were numerous articles about the filing of this lawsuit in many prominent newspapers in the United States and abroad, including CBS, Al Jazeera English, Haaretz, Courthouse News Service, Times of Israel, Electronic Intifada, Jewish Business News, Forward

News, and the Middle East Monitor. The combined readership of these print and online newspapers numbers in the hundreds of millions, and the subject matter of the lawsuit directly touches upon issues that matter to Defendant Adelson, i.e., settlement expansion and the expulsion of all non-Jews from the OPT. What is more, some of those media outlets directly contacted Defendant Adelson regarding the allegations in the lawsuit ("Al Jazeera contacted Adelson…but spokespeople were not immediately able to comment."[2]) And the caption itself gave him clear notice as well, i.e., "*Al-Tamimi et al. v. Adelson et al*."

## II.     PLAINTIFFS HAVE COMPLIED WITH THE REQUIREMENTS OF FED. R. CIV. P. 4, AND DEFENDANT ADELSON HAS NOT PROFFERED ANY CAUSE WHATSOEVER, LET ALONE GOOD CAUSE, FOR FAILING TO RETURN THE WAIVER FORM

Defendants err in relying upon *Shaw v. District of Columbia*, No. 05-1284, 2006 U.S. Dist. LEXIS 29423, *8 (D.D.C. May 15, 2006) and *Queen v. Feden*, No. 04-2607, 2005 U.S. Dist. LEXIS 17061, *58 (D. Kan. Aug. 12, 2005) for the proposition that concurrent mailing of the summons and complaint as well as a request for waiver of service somehow negates the validity of the service. *Queen* is inapposite because it is not based upon the rules of this jurisdiction. *Shaw*, a 2006 case, is inapposite because the most recent (2012) version of the Local Rules of the District of Columbia Superior Court, which are incorporated by reference through Fed R. Civ. P. 4(e)(1), specifically states that "Service of process pursuant to paragraphs (2) or (3) of this subdivision [i.e., service of process in person or by mail], or acknowledgment of service pursuant to paragraph (4), may, at the plaintiff's election, be attempted *either concurrently or successively*." D.C. Sup. Ct. R. Civ. P. 4(c)(5).

---

[2] http://www.aljazeera.com/news/2016/03/palestinians-sue-pro-israel-tycoons-345bn-160307191923877.html

The process outlined in paragraph (4) relating to acknowledgment of service, is substantially similar to the waiver process under the federal rules, i.e., "by mailing a copy of the Complaint and Summons by first-class mail, postage prepaid, to the Defendant, together with two copies of a Notice and Acknowledgment – Form 1-A and a return envelope, postage prepaid, addressed to the sender." Because the suit was brought in U.S. Federal District Court for the District of Columbia, Plaintiffs replaced Form 1-A with two copies of the appropriate Federal notice and waiver (form AO 398). The summons, complaint, and prepaid return envelope addressed to Plaintiffs' counsel were also included.

Since Defendant's attorney is licensed in this jurisdiction, he is constructively charged with knowing the local rules regarding service of process, and specifically that concurrent mailing of the summons, complaint, and waiver request is permitted. Thus this Court should not countenance Defendant's argument that he believed the language of the notice allowed him to somehow avoid service of process by simply not responding and "waiting out" the 90-day time period. That conduct, if sanctioned, would frustrate the objectives of the Rule 4 amendments, i.e., efficient and expeditious service with little cost involved. *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F. 2d. 685, 688 (9th Cir. 1988). Moreover, the fact that Defendant timely hired competent counsel who has now entered an appearance in the case belies Defendant's supposed good-faith belief.

Importantly, Defendant Adelson, being in possession of a request for waiver of service, has "a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). If "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court *must* impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses,

including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2) (emphasis added).

Defendant Adelson is in possession of the summons, complaint, waiver request, waiver form, and prepaid means of mailing the waiver form. He is, furthermore, fully apprised of the claims made against him, and his attorney has even appeared before this Court and commented regarding his views on the merits of those claims. Defendant Adelson has not offered any cause whatsoever, to say nothing of "good" cause, for refusing to waive service. Yet he still refuses to waive service of process, asking this Court to require that Plaintiffs serve another copy of the summons and complaint upon him. To the extent this Court requires Plaintiffs to take this repetitive step, Plaintiffs respectfully request that this Court award the costs and fees for mailing expenses, attorney fees, and collection fees pursuant to Fed. R. Civ. P. 4(d)(2).

### III.   PLAINTIFFS AND THIS COURT SHOULD BE ABLE TO RELY UPON THE REPRESENTATION OF DAN SEGURA THAT HE IS DEFENDANT ADELSON'S "AGENT"

Plaintiffs, and this Court, are entitled to rely upon the return receipt signed by Defendant Adelson's agent as evidence of effectuated service. "Return receipts for the delivery of certified mail which is utilized under any provision of law shall be received in the courts as prima facie evidence of delivery to the same extent as return receipts for registered mail." D.C. Code. § 14-506. Plaintiffs are, furthermore, entitled to rely upon the apparent authority of an individual who holds himself out as the Defendant's agent when "the process server had cause to believe that the party was authorized to receive service." *Whitehead v. CBS/Viacom*, 221 F.R.D. 1, 3 (D.D.C. 2004). Here, Dan Segura checked the "agent" box on the certified mail return receipt, indicating he is Defendant Adelson's agent. (*See* Exhibit 1). Plaintiffs respectfully submit that Mr. Segura's

holding himself out as the personal agent of Defendant Adelson distinguishes this case from those cited by Defendant relating to third-party recipients at business addresses. Dan Segura did not indicate that he was the agent for a corporation, indeed, he is not listed on the Nevada Secretary of State database as the registered agent for Las Vegas Sands, Defendant Adelson's corporation. Segura also did not indicate that the mailing was sent to him in error.

If, as Defense counsel seems to insinuate, Dan Segura is some unrelated third party, what could have possibly caused him to have checked the "agent" box, and why did he acknowledge receipt of the package? If the package had been sent to him in error, one of two scenarios would have unfolded. Either he would have noticed the incorrect labeling and rejected the package, or he would have signed for it without checking the "agent" box, only to find out that the package had been addressed in error to him upon closer inspection. The only reasonable understanding of Dan Segura's decision to check the "agent" box is that he indeed believed himself to be Defendant Adelson's agent. And if an individual at the Defendant's correct address holds himself out as such, who are the Plaintiffs to second-guess the reason why Adelson appointed him as an agent to receive important documents mailed to him, including summonses, complaints, waiver forms, and official notices from the Nevada Gaming Control Board?

In a good-faith attempt to head off the filing of this motion, undersigned counsel asked Defense counsel in a telephone conversation who this Dan Segura was, whether he worked for Adelson, and in what capacity he was employed. Defense counsel responded that he did not know who Dan Segura was, or if he indeed had some relationship with Adelson. More importantly, Defense counsel said that he had no obligation to inquire of his client as to Dan Segura's status, and why he referred to himself on the form as an "agent." He basically told undersigned counsel that it was his problem. Plaintiffs' counsel tried to ascertain what the facts

were, because that could assist the Court in disposing of this motion.

      White pages searches indicate that there are four individuals by the name of Dan Segura in the Las Vegas metropolitan area, and at least one of them is an attorney barred in California. Plaintiffs hesitate to draw specific conclusions from this spotty information, but it is a reasonable conclusion that the Dan Segura who signed as "agent" for Defendant Adelson is either an employee or attorney of Defendant Adelson who is specifically tasked with receiving mail, including service of process, on his behalf. Whether Dan Segura had the specific authorization from Defendant Adelson to accept service of process or not, Plaintiffs reasonably relied on his representation of being Defendant Adelson's agent. *See Clipper v. Frank*, 704 F. Supp. 285, 287 (D.D.C. 1989) ("Plaintiff should not be penalized for the purportedly inaccurate representation by one of defendant's employees") *and Wilen I.Y.M. L.C. v. Colter & Peterson, Inc.*, 1998 U.S. Dist. LEXIS 20927, at *4 (D.N.J. Sept. 24, 1998) (finding service of process sufficient when secretary inaccurately stated she was authorized to accept service on defendant's behalf. *See also* Moore's Federal Practice, 3d Ed. Vol. 1 § 4.53(2)(c) (stating that service may be made upon an "agent authorized by express or implied appointment to receive service of process") *and Rubin v. Pringle (In re Focus Media Inc.)*, 387 F. 3d 1077, *1086; 2004 U.S. App. LEXIS 22713, **21 ("An agent of [a] defendant authorized by appointment to receive service of process can include an agent impliedly authorized to accept service of process on a client's behalf" where "the totality of the surrounding circumstances demonstrates the intent of the client to convey such authority.") (internal citations removed).

      It is rather astonishing that the Court has not been afforded an affidavit executed by Dan Segura explaining the circumstances of service. As detailed herein, this is not a question of a Defendant who did not know he was being sued and did not know the claims that were alleged in

the lawsuit against him. For some reason, he apparently has an agent named Dan Segura who accepted service, and that should enable this Court to deny the instant motion in and of itself. It is rather reckless to authorize someone, whether an employee, agent, or attorney, to check a box on a certified mail receipt form, and by doing so state for the record that he is Adelson's agent. Sanctioning this type of conduct will not promote the laudable goals of the Federal Rules governing service of process. These rules governing the service of process have been simplified and streamlined consistent with the purposes outlined in Fed. R. Civ. P. 1, i.e., they should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant Adelson's motion.

Respectfully Submitted,

*/s/ Martin F. McMahon*
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Martin F. McMahon & Associates
1150 Connecticut Avenue, N.W., Suite 900
Washington, D.C. 20036
(202) 862 - 4343
mm@martinmcmahonlaw.com
*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

 This is to certify that I have on July 13, 2016, served all the parties in this case with this

**PLAINTIFFS' OPPOSITION TO DEFENDANT ADELSON'S MOTION TO DISMISS**

**UNDER FED. R. CIV. P. 12(b)(5)** in accordance with the notice of electronic filing ("ECF"),

which was generated as a result of electronic filing in this court.


       /s/ Martin F. McMahon

       _____

       Martin F. McMahon, Esq.