IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

------------------------------------------------------------------- X

BASSEM AL-TAMIMI, *et al.*,

                Plaintiff,               Docket No: 16-cv-445

               -against-

SHELDON ADELSON, *et al.*,

                Defendants.

------------------------------------------------------------------- X

## OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION BY DEFENDANTS AHAVA – DEAD SEA LABORATORIES AND NORDSTROM, INC.

Defendants Ahava – Dead Sea Laboratories and Nordstrom, Inc. respectfully submit this memorandum in opposition to the plaintiffs' motion for reconsideration of the Court's July 6, 2016 minute order. That order provided as follows:

> MINUTE ORDER granting in part and denying in part 52Motion by Defendants Ahava Dead Sea Laboratories and Nordstrom, Inc. for Relief Under Local Rule 5.1(c)(1). Plaintiffs are hereby ORDERED to comply with Local Rule 5.1(c)(1) by filing an Amended Complaint that contains "in the caption the name and full residence address" of each Plaintiff by no later than August 8, 2016. Failure to comply with Local Rule 5.1(c)(1) by August 8, 2016 will result in the dismissal from this lawsuit of all Plaintiffs who have not so complied. The parties are also reminded to comply with Local Rule 7(c), which requires that "[e]ach motion and opposition shall be accompanied by a proposed order." Signed by Judge Tanya S. Chutkan on 7/6/16. (lctsc2) (Entered: 07/06/2016).

(Unnumbered docket entry of July 6, 2016).

**A.     The Plaintiffs Offer No Grounds for Reconsideration**

The order that the plaintiffs wish for this Court to reconsider granted an unopposed motion by these defendants. That motion was filed on June 15, 2016 [DE 52] and, pursuant to Loc. Civ. R. 7(b), the opposition was due 14 days later, on June 29, 2016. No opposition was submitted by the plaintiffs. Loc. Civ. R. 7(b) provides:

> Within 14 days of the date of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.

*Id.* (emphasis added). Thus, given the plaintiffs' failure to oppose the motion, the Court was and remains free to treat the motion as conceded.

Now the plaintiffs ask the Court to reconsider. The only explanation offered for not having submitted opposition to the motion is the mealy-mouthed excuse: "Due to lack of effective communication between Plaintiffs' counsel, no opposition was filed against the June 15, 2016 motion." (Plaintiff's motion for reconsideration, p. 1). Plaintiffs do not offer any details of this paltry excuse; they do not explain, for example, who did not communicate with whom and why, or what will be done in the future to avoid such problems. It should be noted that only two attorneys have appeared on the docket for the plaintiffs, Martin McMahon, Esq. and William Jameson Fox, Esq., and since they are both on the docket they both received the motion, and are both charged with monitoring the docket in any event, it is unclear what kind of "lack of effective communication between Plaintiffs' counsel" was involved here, or why the Court should alter an order already made. Plaintiffs' counsel does not even offer an apology.

Motions for reconsideration of non-final, interlocutory orders are governed by Fed. R. Civ. P. 54(b). *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C.2005). Rule 54(b) provides that:

any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). This rule has been explained as follows:

> This Court may permit revision "as justice requires." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C.2004). While the phrase, "as justice requires," is somewhat abstract, it is a shorthand for more concrete considerations. *Id*. Justice may require revision when the Court has "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Cobell*, 224 F.R.D. at 272 (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (internal quotes omitted)). Errors of apprehension may include a Court's failure to consider "controlling decisions or data. [*sic*] that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). "The district court's discretion to reconsider a non-final ruling is, however, limited by the law of the case doctrine and 'subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *In re Ski Train Fire in Kaprun, Austria, on November 11, 2004*, 224 F.R.D. 543, 546 (S.D.N.Y.2004) (quoting *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand,* 322 F.3d 147, 167 (2d Cir. 2003)). The sure and speedy administration of justice requires no less.

*Singh v. George Washington Univ.,* 383 F. Supp. 2d 99, 101-02 (D.D.C. 2005)

Here there is no claim of misapprehension by the Court. Nor have they asserted an intervening change in the law. Indeed, nothing in the plaintiffs' motion even hints at an argument that the Court made the wrong decision given the requirements of Loc. Civ. R. 5.1 (requiring addresses to be included in the caption) and Loc. Civ. R. 7(b) (requiring opposition to be submitted within 14 days).

All plaintiffs have presented is an excuse for not submitting papers that amounts to nothing more than "we forgot," which is plainly insufficient to warrant this court revisiting the issue.

Accordingly the motion to reargue should be denied.

**B.      Plaintiffs Offer No Excuse For Failing to Comply with Loc. Civ. R. 5.1 in the First Place**

As this Court has already held in the order that plaintiffs seek to revisit, Loc. Civ. R. 5.1(c)(1) requires that addresses of the plaintiffs be included in the caption of the complaint. When plaintiffs filed their complaint, they did not comply with this rule. Nor did they file a motion together with the complaint seeking to be relieved of the requirement of this rule. They still did not file a motion seeking to be excused from the address requirement when the Clerk called them and told them their complaint was defective for lack of addresses. Instead, they invented their own procedure and filed an "errata" [DE 12] that satisfied the clerk because it superficially looked like it contained addresses, but as discussed in these defendants' motion to compel compliance with Loc. Civ. R. 5.1, it did not actually contain what Loc. Civ. R. 5.1(c)(1) requires—the "full residence address of the party"—for all but one party. The plaintiffs continued to disregard the requirements of Rule 5.1(c)(1) when these defendants filed a response to the errata [DE 13], pointing out the plaintiffs' continued failure to comply with Rule 5.1(c)(1). Plaintiffs then continued to ignore the issue when these defendants filed their motion for compliance with Loc. R. 5.1(c)(1). [DE 54].

Plaintiffs have offered neither excuse nor explanation for their conduct, but now expect to be rewarded with a chance to start again, even though they have ignored the rules since the inception of the case, despite multiple warnings and opportunities to cure. At some point enough must be enough.

**C.      The Application to Suppress the Addresses of Three Plaintiffs for Fear of Retaliation Is Meritless**

Plaintiffs argue in Point I of their memo that three of the plaintiffs, Bassem Al-Tamimi, Susan Abulhawa, and Linda Kateeb, fear that they may someone become the targets of retaliation if their addresses are included in the caption.

The issue regarding Linda Kateeb can easily be dispensed with. She is not a plaintiff in this action. The discussion about her can and should be ignored. It is just more sloppiness from plaintiffs' counsel.

Regarding Susan Abulhawa, her address is actually no secret. The Wikipedia biography of Ms. Abulhawa states that she lives in Yardley, Pennsylvania. https://en.wikipedia.org/wiki/Susan_Abulhawa. Anyone can search recorded deeds in Pennsylvania and find that she owns a house at 132 Pennsylvania Avenue, Yardley Pennsylvania 19067 (Ex. A). Since her address is no secret, Ms. Abulhawa has no grounds to claim that complying with the rules and listing her address in the caption will lead her to any form of retaliation. Moreover, plaintiffs' motion acknowledges that she is "a well-known figure in the Palestinian-literary world," and, as the Wikipedia biography shows, Ms. Abulhawa is a published author and political activist who speaks in public regularly. Thus she is a public figure who cannot claim that she requires any degree of anonymity.

Lastly, plaintiff Bassem al-Tamimi also cannot claim that he legitimately fears that he will be subject to "retaliation" if his address is included in the caption. His Wikipedia biography, https://en.wikipedia.org/wiki/Bassem_al-Tamimi, leaves no doubt that he is a very well-known, brash, aggressive protestor who regularly confronts the Israeli army with weekly protests. The biography states that he has been arrested by Israeli police 11 times, has been convicted multiple times, has served time in Israeli prison, and has had his home slated for demolition as a punishment for his actions. Thus, it is clear that the Israeli army already knows exactly who he is and where he lives, so including his address in the caption will not expose him to any additional risk of so-called "retaliation."

The plaintiffs have made no attempt to explain why any of the remaining plaintiffs might suffer injury by being compelled to follow the rules. In light of their measly explanation as to the

two plaintiffs they decided to highlight, it is very unlikely that any explanation exists as to the remaining plaintiffs.

### D. Plaintiffs' Discussion of the Standard for Filing Pseudonymously Should Be Disregarded

Point II of plaintiffs' motion contains a bizarre discussion of the standard for bringing a lawsuit under a pseudonym. That discussion should be disregarded, as the plaintiffs have not sought to file under a pseudonym.

### E. Plaintiffs' Effort to Re-Write Rule 5.1(c)(1) Into a Need-Based Requirement Should be Rejected

In Point III of their motion, plaintiffs argue that the defendants do not need the plaintiffs' addresses and the plaintiffs should therefore not be required to provide their addresses. But Rule 5.1(c)(1) is not a discovery demand that is subject to arguments of balancing need and burden, relevance, and other familiar discovery factors. Rule 5.1(c)(1) is a plain and simple rule, that applies to every case. It does not exempt every a plaintiff that feels his address is not needed or that compliance would in his view serve no purpose.

Moreover, the defendants are prejudiced by not having the plaintiffs' addresses, since (as discussed in our original motion to compel the addresses) in the absence of so basic a fact about as plaintiff as the address, it is difficult to investigate the plaintiffs and their wild allegations or present a defense. The plaintiff's complaint conspicuously fails to identify the plaintiffs with specificity, or to identify their specific injuries and interests in the case, as complaints nearly universally do. Indeed, one is hard-pressed to discern from the complaint what specific injury—and therefore what standing—any one of these plaintiffs may have. A person who identifies as "Palestinian," without any further differentiation, does not automatically have the right to maintain an action against defendants associated with Israel just because she perceives that Israel has wronged

Palestinians. A plaintiff must have suffered an actual injury proximately caused by the actions of a particular defendant to have standing, since otherwise there is no case in controversy and the court lacks subject matter jurisdiction.[1]

Here, not only has the plaintiffs' vacuous pleading—devoid of any information about the plaintiffs, their supposed claims, or the basis upon which they assert standing—deprived the defendants of the ability to investigate the claims, the plaintiffs have not even set forth the most basic biographical fact about each plaintiff—the plaintiff's *address*—which is required to be provided by Loc. Civ. R. 5.1(c)(1).

### F.     Plaintiffs Greatly Exaggerate the Difficulties of Giving Addresses

Point IV of the plaintiffs' motion and the affidavits attached devote much effort to establishing the point that in some small villages, refugee camps, or rural areas people sometimes do not have full addresses. Perhaps that is so, but that does not absolve the plaintiffs from providing the most accurate residential address that they can for each plaintiff, as required by Loc. Civ. R. 5.1(c)(1). For 14 of the 23 plaintiffs the plaintiffs' errata listed lawyers' offices or activist groups' offices as the residential addresses. Plainly that is not even an effort to comply with the rule. Five of these plaintiffs are village councils of five different villages. Plainly there is no reason why the village councils cannot give their office addresses. Another plaintiff has given his address as a plot

---

[1] Each of the plaintiffs, as the parties invoking federal jurisdiction, bears the burden of establishing that they have standing to bring this action. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Osbourn v. Visa, Inc.*, 797 F.3d 1057, 1063 (D.C. Cir. 2015). To satisfy "the irreducible constitutional minimum of standing," a plaintiff must satisfy three elements. *Lujan*, 504 U.S. at 560. *First*, a plaintiff must show an injury-in-fact—"an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id*. Second, a plaintiff must show "a causal connection between the injury" and the challenged action. *Id*. "Third, it must be likely, as opposed to merely speculative, that the [plaintiff's] injury will be redressed by a favorable decision." *Id*. at 561.

of farm land. None of the plaintiffs using addresses in the West Bank or Gaza has even attempted to give the semblance of an address, for example the name of the street or a house number. In short, if it is true that for some plaintiffs one cannot give a complete address, that does not absolve the plaintiffs from giving the rest and from making their best effort to provide addresses even where full standard addresses cannot be given.

Dated:   Brooklyn, New York
         July 22, 2016

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff*

by: _____
    Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below a true copy of the foregoing was served via ECF on all counsel of record herein:

Dated:   Brooklyn, New York
         July 22, 2016

_____
Robert J. Tolchin