**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BASSEM AL-TAMIMI et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-445 (TSC) |
| | ) | |
| SHELDON ADELSON et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
SHELDON G. ADELSON'S MOTION TO DISMISS THE COMPLAINT
FOR INSUFFICIENT SERVICE OF PROCESS**

Barry G. Felder
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
Fax: (212) 867-2329
e-mail: bgfelder@foley.com

Michael J. Tuteur
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
e-mail: mtuteur@foley.com

*Attorneys for Sheldon G. Adelson*

## TABLE OF CONTENTS

**INTRODUCTION**.................................................................................................................... 1

**ARGUMENT**
      **PLAINTIFFS' COMPLAINT AGAINST MR. ADELSON**
      **SHOULD BE DISMISSED** ............................................................................... 1

**I.**     **The Rules Governing Service of Process Are Jurisdictional Prerequisites,
       Not Meaningless Formalities.**................................................................................ 1

**II.**    **A Request to Waive Service Cannot Simultaneously Constitute Service.**................... 3

**III.**   **Had the Mailing Only Contained the Summons and Complaint, Plaintiffs
       Would Still Not Have Met Their Burden of Establishing Proper Service.**................... 5

**IV.**   **Plaintiffs Have Offered No Reason to Justify an Extension.** ........................................ 7

**CONCLUSION** ............................................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Anderson v. Gates,*
  20 F. Supp. 3d 114 (D.D.C. 2013) .............................................................................5

*Clipper v. Frank,*
  704 F. Supp. 285 (D.D.C. 1989) ...............................................................................6

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,*
  840 F.2d 685 (9th Cir. 1988) ....................................................................................2

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries,*
  288 F.R.D. 230 (D.D.C.2013), *aff'd in relevant part,*
  766 F.3d 74 (D.C. Cir. 2014) ....................................................................................7

*Friedman v. Estate of Presser,*
  929 F.2d 1151 (6th Cir. 1991) ..................................................................................7

*In re Focus Media Inc.,*
  387 F.3d 1077 (9th Cir. 2004) ..................................................................................6

*Mann v. Castiel,*
  681 F.3d 368 (D.C. Cir. 2012) ...........................................................................1, 5, 7

*Mullane v. Cent. Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950) ..................................................................................................2

*Omni Capital Int'l v. Rudolf Wolff & Co.,*
  484 U.S. 97 (1987) ....................................................................................................1

*Republic Credit Corp. I v. Rance,*
  172 F. Supp. 2d 1178 (S.D. Iowa 2001) ...................................................................2

*Shaw v. District of Columbia,*
  No. 05-1284, 2006 U.S. Dist. LEXIS 29423 (D.D.C. May 15, 2006) ......................4

*Toms v. Hantman,*
  530 F. Supp. 2d 188 (D.D.C. 2008) ..........................................................................5

*United Student Aid Funds, Inc. v. Espinosa,*
  559 U.S. 260 (2010) ..................................................................................................2

*Whitehead v. CBS/Viacom, Inc.,*
  221 F.R.D. 1 (D.D.C. 2004) ......................................................................................6

*Wilen I.Y.M., L.C. v. Colter & Peterson, Inc.*,
   No. 98-CIV-2633 (WGB), 1998 WL 1093900 (D.N.J. Sept. 23, 1998)....................................6

*Williams v. GEICO Corp.*,
   792 F.Supp.2d 58 (D.D.C. 2011) ...........................................................................................7

*Wilson-Greene v. Dep't of Youth Rehabilitation Services*,
   No. 06-cv-2262 (RJL), 2007 WL 2007557 (D.D.C. July 9, 2007)............................................5

**Statutes and Rules**

D.C. Super Ct. Rule 4 ...............................................................................................................3, 4

D.C. Code § 14-506 ......................................................................................................................6

Fed. R. Civ. P. 4 ...........................................................................................................................4

Fed. R. Civ. P. 12 .........................................................................................................................4

## INTRODUCTION

The service on Mr. Adelson was insufficient. There is no statutory or logical basis to support plaintiffs' argument that their mailing was, simultaneously, *both* a request to waive service *and* actual service. And the mailing in all events failed to comply with the requirements for service by certified mail.

Plaintiffs, in their answering papers, neither (1) offer reasoning, case law or other authorities sufficient to refute these conclusions, nor (2) offer any excuse for their lack of diligence in effecting service within the 90-day deadline of Rule 4(m) of the Rules of Civil Procedure. Additionally, Plaintiffs do not even attempt to distinguish the authorities in this Circuit finding that – under the circumstances present here – an extension of time to serve should not be granted.

## ARGUMENT

### PLAINTIFFS' COMPLAINT AGAINST MR. ADELSON SHOULD BE DISMISSED

**I.      The Rules Governing Service of Process Are Jurisdictional Prerequisites, Not Meaningless Formalities.**

Proper service of process is a constitutional due process right and a fundamental prerequisite to acquiring jurisdiction over a person. Moving Memorandum (ECF No. 59), at 2-3 (citing *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co. Ltd.*, 484 U.S. 97, 104 (1987)).

Plaintiffs argue that courts have taken an informal approach when reviewing service of process, with the key inquiry being whether the defendant had "actual notice" of the lawsuit. Opposition Memorandum (ECF No. 66), at 2. The approach Plaintiffs urge is not the law, and runs entirely counter to the holdings of *Mann* and *Omni Capital*.

None of the cases cited by Plaintiffs supports a casual approach to evaluating service of process.

In *Republic Credit Corp. I v. Rance*, 172 F. Supp. 2d 1178, 1181 (S.D. Iowa 2001), a process server spoke directly to the defendant at defendant's front door and stated that he had legal papers to serve.  When the defendant refused the papers, the process server left them on the defendant's porch.  Addressing those specific facts, the court wrote that it "has no interest in forcing process servers to chase down defendants and jam court papers into their hands . . . ." *Id.* That scenario is hardly the case here.

Plaintiffs point out that the Ninth Circuit, in *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988), wrote that "'Rule 4 is a flexible rule that should be liberally construed . . . .'"  Plaintiffs conveniently omit the next sentence, which is: "Nonetheless, without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" *Id.*

Plaintiffs' remaining cases are inapposite.

 In *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), the Court found that the statutory notice provision at issue (providing for notice to a settlement class via newspaper publication) was not sufficiently calculated to reach all class members. The issue in *Mullane*, therefore, was whether the statutory requirements for service themselves met the due process requirements of the Fourteenth Amendment, not whether the plaintiffs were free to ignore such statutory requirements.

 In *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), the Court found that, in a bankruptcy matter, a claimant who received a notice of discharge request in accordance with bankruptcy procedures is not constitutionally entitled to have the Bankruptcy Court hold an

adversary proceeding to determine that discharge.  Again, that principle has no application to this case.

Thus, Plaintiffs do not cite a single case supporting their position that, in the absence of compliance with the rules governing service of process, notice alone suffices to hale an individual into court.

## II.      A Request to Waive Service Cannot Simultaneously Constitute Service.

As stated in the Moving Memorandum, the language of the official request for waiver of service form makes clear that it is the execution, return and filing of the waiver form – not the mere request to waive service – that effects service on, and properly joins, the defendant in a case.  The form reads:

> What happens next?
> *If* you return the signed waiver, I will file it with the court. The action will *then* proceed *as if* you had been served on the date the waiver is filed . . .

U.S. Courts Form AO 398 (emphasis added).  The required notice provides further:

> *If* you do not return the signed waiver within the time indicated, I will *arrange to have the summons and complaint served on you.*

*Id.* (emphasis added).

This language would be unnecessary and meaningless if the request to waive service were, simultaneously, actual service.

Plaintiffs respond with the truism that the rules of the D.C. Superior Court allow various methods of service to proceed "concurrently." Opposition Memorandum at 3. However, nowhere do the rules allow those various methods to be combined.

More particularly, D.C. Rule 4 sets forth three *separate* approaches to service of process: 1) personal service (D.C. Super Ct. Rule 4(e)); 2) service by certified mail (*id.* 4(c)(3); and (3) acknowledgment of service by waiver (*id.* 4(c)(4)). The Comment to D.C. Rule 4 states that

3

4(c)(5), which permits the foregoing service methods to proceed either "concurrently or successively," was added "to retain the provision of former SCR-Civil 4(c) allowing the plaintiff to attempt service through *alternative* means, either concurrently or successively." (Emphasis added).[1]  By definition, service that is an "alternative" or that is performed "concurrently" requires that there be at least two separate efforts at service, even if performed at the same time. There is nothing in the comment suggesting that any of these "alternative means" can be combined.

Plaintiffs' insistence that they can combine two separate means of approaching service – service by certified mail and a request to waive service – has no case law support. Indeed, plaintiffs do not cite a single case or commentary in support of their position.

Additionally, the approach Plaintiffs urge would place defendants in an untenable and unfair position. As pointed out in the Moving Memorandum, Fed. R. Civ. P. (4)(d)(1)(F) provides that a plaintiff must give a defendant "at least 30 days" to return the waiver.  But Fed. R. Civ. P. 12(a)(1)(A)(i) requires that a defendant serve an answer to the complaint within 21 days after being served.

Thus, under Plaintiffs' scenario, a defendant receiving a single mailing that was simultaneously a request to waive service and also actual service could find itself in default of the complaint *before* the time to waive service had expired.  This result would occur even though the request for waiver *advised the defendant that no action was necessary.*

---

[1] Further, contrary to Plaintiffs' assertion, D.C. Super. Ct. Rule 4 was most recently amended in 2003. Thus, Plaintiffs' attempt to distinguish *Shaw v. District of Columbia*, No. 05-1284, 2006 U.S. Dist. LEXIS 29423 (D.D.C. May 15, 2006), on the ground that it purportedly pre-dated the addition of Rule 4(c)(5) to the D.C. Rule is wrong.

Endorsing this approach amounts to approving a misleading, if not deceptive, notice to defendants. Surely that approach falls short of the procedural due process to which a litigant is entitled.  *See Mann*, 681 F.3d at 372 and cases cited therein.

### III. Had the Mailing Only Contained the Summons and Complaint, Plaintiffs Would Still Not Have Met Their Burden of Establishing Proper Service.

The Moving Memorandum explains that, to establish service by certified mail under D.C. Rule 4(c), if a mailing is made to a person's business address, a plaintiff must prove either that the defendant himself signed the return receipt or that the receipt was signed by someone authorized to accept service. *See Anderson v. Gates*, 20 F. Supp. 3d 114, 122-23 (D.D.C. 2013); *Toms v. Hantman*, 530 F. Supp. 2d 188, 191 (D.D.C. 2008); *Wilson-Greene v. Dep't of Youth Rehab. Servs.*, No. 06-cv-2262 (RJL), 2007 WL 2007557, at *2 (D.D.C. July 9, 2007).

Plaintiffs' response is to argue that, because the "Agent" box was checked on the U.S. Postal Service return receipt form, as opposed to the only other choice, the "Addressee" box, plaintiffs have established receipt by an agent authorized to accept service for Mr. Adelson. That is not the law. Even assuming Mr. Segura had authority to accept mail for the business that the mailing was sent to, that in no way renders Mr. Segura an agent authorized to accept service of process for Mr. Adelson individually.

In *Wilson-Greene*, the plaintiff made two service attempts by certified mailings to the defendants' business addresses. In both cases it was undisputed that the person signing for the mail was authorized to do so. *Wilson-Greene v. Dep't of Youth Rehabilitation Services*, No. 06-cv-2262 (RJL) (D.D.C. 2007) (ECF No. 9 (Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl.) at 2; ECF No. 9-1 (Decls. of Monika Wilson-Green and Linda Cruz-Packer) at 2, 5). Nonetheless, the court held that the mailings did not effect proper service because, *inter alia*, plaintiff offered no

evidence that the people authorized *to receive the mail* were authorized to *accept service of process*.[2]

Once again, Plaintiffs' authorities do not support their position. In *Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004), the court held that a corporate defendant was *not* properly served where the entity served had never been a designated agent for the defendant in that jurisdiction, even though it was a designated agent for the defendant in other jurisdictions.

In *Clipper v. Frank*, 704 F. Supp. 285, 287 (D.D.C. 1989), a secretary was actually shown the summons and complaint "and responded by saying that she was authorized to accept the documents." Here, there is not, nor could there be, an allegation that Mr. Segura knowingly accepted legal papers after a process server showed him the papers. *Wilen I.Y.M., L.C. v. Colter & Peterson, Inc.*, No. 98-CIV-2633 (WGB), 1998 WL 1093900, at *2 (D.N.J. Sept. 23, 1998), also involved service on a corporation by personally serving a secretary whom the process server confirmed verbally was authorized to accept service, and is therefore also inapplicable here.

Another case cited by Plaintiffs, *In re Focus Media Inc.*, 387 F.3d 1077, 1083 (9th Cir. 2004), is entirely irrelevant. *Focus Media* involves a specific bankruptcy rule and circumstances in which an attorney in an adversary bankruptcy proceeding may be implicitly authorized to accept service of process on a client's behalf. *Id.*

---

[2] Plaintiffs cite D.C. Code § 14-506 as suggesting that the Court is entitled to rely on the return receipt as evidence of effectuated service. That is a non-sequitur. Section 14-506 states merely that, under D.C. law, a *registered* mail receipt will be deemed prima facie evidence of delivery to the same extent as a *certified* mail receipt. This provision neither contradicts nor otherwise affects the requirements in Fed. R. Civ. P. 4, D.C. Super. Ct. Rule 4, or the case law establishing that any delivery of the summons and complaint be made *to the defendant* or his *authorized agent for service*.

Plaintiffs' counsel complains that counsel for the instant defendant did not investigate and report back the details surrounding the mailing. However, the well-settled law is that it is *plaintiff's* burden to establish its compliance with the requirements for service of process:

> When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff has the burden of establishing the validity of service of process; "'to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.'" *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) (citation omitted).

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries,* 288 F.R.D. 230, 231 (D.D.C.2013), *aff'd in relevant part*, 766 F.3d 74 (D.C. Cir. 2014).   "Proper service of process 'is not some mindless technicality.'" *Williams v. GEICO Corp.*, 792 F.Supp.2d 58, 65 (D.D.C. 2011) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)).   As shown in the Moving Memorandum, Plaintiffs have failed to meet this burden.

## IV.     Plaintiffs Have Offered No Reason to Justify an Extension.

Nothing in Plaintiffs' answering papers shows any reason to deviate from the D.C. Circuit's holding that, when a "plaintiff's failure to effect proper service is the result of inadvertence, oversight, or neglect," an extension of time to serve should not be granted, and dismissal of the complaint is appropriate.  *Mann*, 681 F.3d at 376.

Here, Plaintiffs' sole effort towards service was to serve a request for a waiver.  When confronted with their failure to take any further actions to serve Mr. Adelson, Plaintiffs concocted their unsupported legal theory that a request for waiver of service is simultaneously the service itself. And, as shown above, even if that were the case – which it is not – the mailing still would not have effected service.

In sum, Plaintiffs' actions epitomize the kind of "inadvertence, oversight or neglect" described in *Mann* that should lead to a denial of their request to extend the time to serve the summons and complaint.

## CONCLUSION

For the foregoing reasons and those explained in the Moving Memorandum, the complaint should be dismissed as against Sheldon G. Adelson based on insufficient service of process.


Dated:  July 28, 2016

Respectfully submitted,


/s/ Barry G. Felder
Barry G. Felder, Bar No. 307736
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3540
Fax: (212) 867-2329
e-mail: bgfelder@foley.com

Michael J. Tuteur, Bar No. D00202
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
Tel: (617) 342-4016
Fax: (617) 342-4001
e-mail: mtuteur@foley.com

*Attorneys for Sheldon G. Adelson*

**CERTIFICATE OF SERVICE**

BARRY G. FELDER hereby certifies that he has this 28th day of July, 2016, caused the

foregoing reply memorandum of law to be served on all counsel of record through the Court's

CM/ECF system.

_____*/s/Barry G. Felder*_____
Barry G. Felder