IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BASSEM AL-TAMIMI,** *et al.,* | ) |
| Plaintiffs, | ) |
| | ) Case No. 1:16-cv-00445 |
| v. | ) |
| **SHELDON ADELSON,** *et al.,* | ) |
| Defendants. | ) |

### PLAINTIFFS' REPLY TO DEFENDANT ABRAM'S OPPOSITION

Come now the Plaintiffs herein and file this Reply Memorandum in further support of their instant motion re: propriety of legal representation by the Justice Department. The reply memorandum is not helpful because it raises more issues for this Court to examine even if Defendant Abrams deems the role of the Court to be that of a potted plant. First, to suggest as Abrams does that the only allegation made against him is talking with Israeli officials is ludicrous. As alleged in the Complaint this man violated at least seven federal criminal statutes, including America's Leiber Code, the Neutrality Act, money laundering, arms trafficking, and America's war crime statute. None of this criminal activity is even mentioned in the memorandum.

Second, it is clear that the Justice Department will not represent federal workers if that is not in the interest of the United States. This is clearly the case on our facts. As detailed herein, neither the opinion letter nor D.C. employment case law supports the Defendant's position. The opinion letter cited by Abrams actually supports the Plaintiffs position, as does the D.C.

1

employment case law. D.C case law regarding the scope of employment issue supports the Plaintiffs position because Defendant Abrams for the last 25 years was pursuing the interests of the settlement enterprise not that of President Bush or Secretary of State Powell.

Third, Defendant Abrams with the help of pro-Israel U.S. donors and 501(c)(3)s has provided political immunity for the atrocities committed by IDF personnel, for example, not a single congressional resolution has condemned IDF practice of extra judicial killings. U.N Security Council resolutions do so, but Defendant Abrams and AIPAC leadership have successfully lobbied against them. Fourth, while Abrams claims his criminal conviction is irrelevant that is not the case, i.e. he is still lying to Congress. He says that settlement expansion is fiction. In fact, settlements have grown exponentially because of the millions of dollars he has raised in order to forcefully expel all non-Jews from the OPT. Finally, the memorandum does not address the fact that Plaintiff Kateeb has no other remedy to pursue other than to petition this Court to redress her serious grievances as detailed in her attached affidavit.

**I. DURING THE LAST 25 YEARS DEFENDANT ABRAMS WAS CLEARLY ACTING OUTSIDE THE SCOPE OF HIS EMPLOYMENT BASED UPON THE JOB DUTIES RECITED IN HIS MEMORANDUM.**

    a. **D.C. Law on scope of employment issue is very clear and does not support Defendant Abrams position.**

As explained in numerous D.C case law authorities, in determining whether someone's conduct was in the scope of his employment it is proper to inquire whether he was at the time serving his principal. As recited in *Penn Central Trans. Co. v. Reddick*, "once the agent turns aside the business of the principal and commits an independent trespass, the principal is not liable" *Reddick*, 398 A.2d 27, 32 (D.C. App. Ct. 1979). The rationale as explained in that decision is that "the agent is not then acting within the scope of his authority in the business of the principal, but acting in the furtherance of his own ends" *Id.* It is difficult to conceive how

Abrams could have been acting within the scope of his employment while undercutting President Bush's major foreign policy objective in the Middle East.

The former Israeli Attorney General Michael Ben-Yair has succinctly explained what Defendant Abrams has accomplished in frustrating President Bush's two-state solution. He claims that "the West Bank has remained an occupied territory for over 47 years during this period; we have ignored international treaties; expropriated land; moved Israeli settlers from Israel to Occupied Territories; and engaged in acts of disinheritance and theft." Defendant Abrams made sure that this significant pronouncement received no press coverage in America. The conditions cited by Attorney General Ben-Yair, are precisely what Abrams has accomplished by: (a) lobbying for increased military and financial assistance for Israel and; (b) raising millions of dollars for the settlement enterprise. That activity goes far beyond just meeting with Israeli officials and insures that innocent Palestinian civilians will continue to be forcibly expelled from the OPT. Thus, the Justice Department by representing Defendant Abrams is promoting further ethnic cleansing in the OPT.

He has almost single handedly insured the end of the two-state solution because he raised millions of dollars so that armed settlement militia members can illegally confiscate thousands of additional acres of private Palestinian property. Without such property, the two-state solution is dead in the water. Recently, in the Washington Post pg A10 July 29, 2016, State Department official John Kirby stated that "we strongly oppose settlement activity which is coercive to the cause of peace." This is the same settlement activity that Abrams has raised millions of dollars for during the past 25 years. Mr. Kirby also stated that funding and engaging in settlement activity "has systematically undermined the prospects for a two-state solution" As is obvious, Defendant Abrams has been pursuing the interests of the settlement enterprise not those of

President Bush, i.e. settlement expansion and expulsion of all non-Jews from the Occupied Territories. Defendant Abrams can put all of the lipstick he wants to on the pig known as the settlement enterprise, but in the final analysis it is still a pig. As pointed out in that Washington Post article more that 650 Palestinian structures have been demolished in 2016 more than in all of 2015. That is the direct result of Defendant Abrams encouraging, advancing, and advocating the interest of the settlement enterprise. Those interests are directly in conflict with 50 years of clearly articulated American anti-settlement public policy pronouncements.

## II. DEFENDANT ABRAMS ENGAGED IN SYSTEMATIC DISCRIMINATORY PRACTICES, WHICH WERE CLEARLY AT ODDS WITH HIS JOB DUTIES.

Consistent with his job requirements as recited in his reply memorandum, Abrams was required to promote democracy and human rights especially in the course of his Israeli-Palestinian dealings. It is sheer nonsense and an insult to this Court to suggest that is what he has been doing in the last 25 years, which is the relevant period under review here. He has violated thousands of Palestinian civilian human rights: (a) whose homes were confiscated or destroyed- 49,000 Palestinian homes in fact; (b) whose children or spouses were murdered by IDF soldiers financed by FIDF, a non-profit that Abrams encouraged to commit war crimes; (c) whose olive groves were destroyed and whose livestock and water wells were poisoned by violent settlers financed by Defendant Abrams coconspirators named herein; (d) whose children have been incarcerated and tortured by IDF and G4S personnel; (e) Gaza based individuals who now have to live in "open-air" prisons because Defendant Abrams nullified an agreement prepared by Mr. Wolfenson former World Bank President to afford the Gaza population maximum freedom of movement. Gaza is still in a strangle hold all because of Defendant Abrams and the millions of dollars he raised to support the settlement enterprise and; (f) the countless Palestinian citizens

4

who have been and are today the victims of a 50 year old campaign of violent subjugation by violent settlers and IDF soldiers all paid for with U.S. tax dollars made possible by Defendant Abrams and AIPAC lobbying efforts.

In terms of criminal offenses, Defendant Abrams has conspired with defendants named herein to violate a number of criminal statutes including the Neutrality Act 18 U.S.C. 924 (c)(3)(B). He violated that statute because as alleged in the suit he raised millions of dollars to advance the settlement enterprise and thus "engaged in activity against people with whom the U.S. is at peace." These people include Palestinian citizens like farmers and homeowners who have been forcibly expelled from the OPT- ethnic cleansing in its purest sense. Thus, he can be imprisoned for three years for violating the Neutrality Act, which as recognized by our courts is a serious crime. This crime "by its nature involves a substantial risk that physical force against the person and property against another may be used in a course of committing the offense" *Royer v. Wilson*, 68 F. Supp. 3d 571, 575 [ED VA 2014]. As recited in the complaint Defendant Abrams coconspirators knew and intended that violent armed settlers would use physical force to expel all non-Jews then living in the OPT.

In the case of Plaintiff Kateeb, that is exactly what happened. See attached Affidavit. Violent armed settlers financed by Abrams coconspirators were able to threaten violent criminal assault and forcibly confiscate at least two of Plaintiff Kateeb's six parcels of private property located in the OPT. That is the reason why Plaintiff Kateeb is totally shocked by the Justice Department's decision to represent this war criminal. Apart from the Neutrality Act Defendant has violated at least seven federal criminal statutes and at least five Treasury tax-exempt regulations. This is obvious serious criminal activity, which goes far behind talking to Israeli officials.

**III. THE OPINION LETTER OFFERED BY DEFENDANT ABRAMS CANNOT SERVE AS BINDING LEGAL PRECEDENT.**

There are a number of issues raised by Defendant Abrams argument that this court should accept the opinion letter cited in the brief as binding precedent for the proposition that Department can if you will wear two hats i.e. represent a government employee in a civil action who is concurrently being prosecuted in a criminal case. First, the client in question was the FBI Director L. Patrick Gray. Defendant Abrams situation does not compare in any manner to defending an FBI Director. As noted in the opinion letter "Of course, a substantial legitimate interest of the U.S. is also served when the Department enforces the criminal laws even-handedly against federal employees and non-employees alike." Again this is an individual who it is alleged in the lawsuit has aided and abetted money laundering, arms trafficking, ethnic cleansing, and theft of private property by violent, armed settlers. He has encouraged wealthy Americans to fund this criminal activity and their agenda is very clear- rid the Occupied Territories of all non-Jews. The Department is not enforcing the laws even handedly, but basically giving Defendant Abrams a free get out of jail card.

Third, the opinion letter raises the precise argument that is dismissed as being irrelevant in Defendant Abrams memorandum. "It might be argued if the civil division receives incriminating information from an indicted employee it is obligated to disclose that information to the criminal division" While Defendant Abrams is not currently an indicted employee, he certainly was subject of a serious criminal prosecution which is also dismissed as being irrelevant as discussed in Defendant's memorandum. One of the allegations among many pled against Defendant Abrams is that he is in the habit of lying to Congress. He has repeatedly testified before congress that unarmed Palestinian homeowners and farmers are responsible for the violence in the Middle East, which is a complete fabrication. It is also observed in that

6

memorandum that "it would be an unfair exercise of prosecutorial discretion for the DOJ to bring criminal charges based upon information based solely as result of the Department's representation of the employee." That of course is the precise argument that the Plaintiffs advanced in the instant motion. Thus, it should not be viewed by this Court as an irrelevant consideration.

## CONCLUSION

Defendant Abrams does not address in his reply memorandum a number of points including Plaintiff Kateeb's contention that she is entitled to petition her government, re: theft of her private property located overseas. She is one of three American citizens named herein who has had their property confiscated by violent settlers. If this court accepts the Justice Department's contention that the Court has no oversight role to play, the obvious question is where does Kateeb go to secure justice? In her affidavit she poses a relevant issue- why isn't the Justice Department pursing a war criminal like Defendant Abrams? As recited in the opinion letter "a substantial legitimate interest is also served when the Justice Department enforces the criminal laws even handedly against federal employees and non employees alike" For whatever reason, which the court will never know, criminal laws like money laundering, America's war crime statute, the Leiber Code, the Neutrality Act, and the arms trafficking statute will not be enforced against Defendant Abrams. Although referenced in the context of the Sherman Act, one U.S. Supreme Court Justice [Justice Douglass] emphasized the importance of American citizen's "right to petition his government- it is one of the freedoms protected by the Bill of Rights" *Missouri v. National Organization for Women*, 620 F.2d 1301, 1318 (8th Cir. 1980). Apparently,

when it comes to defending Defendant Abrams, the Justice Department has no concern for America's Bill of Rights.

                Respectfully Submitted,

                */s/ Martin F. McMahon*
                Martin F. McMahon, Esq.
                D.C. Bar Number: 196642
                Martin F. McMahon & Associates
                1150 Connecticut Avenue, N.W., Suite 900
                Washington, D.C. 20036
                (202) 862 - 4343
                mm@martinmcmahonlaw.com
                *Counsel for Plaintiffs*