IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM AL-TAMIMI, et al._<br><br>  Plaintiffs<br><br>v.<br><br>SHELDON ADELSON, et al.<br><br>  Defendants. | Civil Action No. 1:16-cv-00445-TSC |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO LOCAL RULE 5.1(c)(1)[1]**

On July 6, 2016 the Court ordered Plaintiffs to "comply with Local Rule 5.1(c)(1) by filing an Amended Complaint that contains 'in the caption the name and full residence address' of each Plaintiff by no later than August 8, 2016. Failure to comply with Local Rule 5.1(c)(1) by August 8, 2016 will result in the dismissal from this lawsuit of all Plaintiffs who have not so complied." Minute Order, July 6, 2016.

Plaintiffs' Amended Complaint filed on August 1, and re-filed on August 4, fails to comply with Local Rule 5.1(c)(1) and the Court's July 6 Order. Therefore, the Court should dismiss from the suit all Plaintiffs who have not provided their full residence address.

The Amended Complaint now identifies 80 separate Plaintiffs. Of this number, only two appear to have complied with Rule 5.1(c)(1): Ali Ali and Saad Malley. The remaining 78 have

---

[1] Defendant John Hagee brings this motion to pursue the motion originally filed by Defendants' Ahava-Dead Sea Laboratories and Nordstrom, Inc. Those parties were not named in the Amended Complaint and have since filed a motion to dismiss. Defendant Hagee reserves the right to file a motion to dismiss under Rule 12 in accordance with the schedule set forth by the Court, if necessary.

failed to provide full residence addresses or to explain why it is impossible to do so. Eleven Plaintiffs simply identify "Palestine" as their full residence address. Susan Abulhawa identifies "Pennsylvania, U.S.A." as her full residence address.[2] Linda Kateeb identifies "Ohio, U.S.A." Emann Toppazzini simply states "Canada." Abdur-Rahim Dudar lists his address as "U.S.A.," which is actually *less* information than he provided in the so-called "Errata Sheet" where he listed Atlanta, Georgia as a possible residence.

The vast majority of Plaintiffs fail to provide actual street names or addresses, and instead obliquely use landmarks such as "near Beit Hanoon Hospital" or "next to Abo Al-asjja Mosque." Plaintiff Ra'fat Baraka's address is listed as "near Bank of Palestine, the Main St." in Khan-Younis, Gaza. In fact, the Bank of Palestine website lists an actual street name (Al Hindi Street). See https://www.bankofpalestine.com/en/branches (accessed on August 11, 2016 at 9:00 a.m.). Defendants Ahava-Dead Sea Laboratories and Nordstrom, Inc. have fully addressed and refuted Plaintiffs' suggestion that they are unable to provide more specific residence addresses in their July 22 Opposition to Plaintiffs' Motion for Reconsideration (ECF No. 71), at 7-8. There is no explanation for Plaintiffs' continued failure to comply with Rule 5.1(c)(1).

The Court's July 6 Order requiring each Plaintiff to provide their full residence address is in full force and effect. Plaintiffs' July 15, 2016 Motion for Reconsideration (ECF 67) does not act to relieve Plaintiffs of the obligation to fully comply with Local Rule 5.1(c)(1) or the Court's July 6 Order. Indeed, by ignoring the Court's July 6 Order, Plaintiffs have presumptuously awarded themselves the relief sought in their pending motion for reconsideration. Further, the Court was crystal clear in providing specific notice to all parties in this case that failure to strictly

---

[2] Defendants Ahava-Dead Sea Laboratories and Nordstrom, Inc. pointed out that Ms. Abulhawa's residence address is a matter of public record in Yardley, Pennsylvania. Therefore, the Plaintiffs' supposed need to hide this information is illusory. *See* Defendants Opposition to Motion for Reconsideration, July 22, 2016, at 5 (ECF 71).

comply with all Federal and Local Rules "may result in dismissal of this case." Minute Order, August 3, 2016.

Persistent refusal to comply with Court orders must bear consequences, and here they should be what the Court warned over a month ago, the dismissal of all non-compliant plaintiffs. For the foregoing reasons all Plaintiffs' who have failed to provide full residence addresses in the caption of the Amended Complaint should be dismissed from the case.

This issue was settled after the Ahava-Dead Sea / Nordstrom Motion was filed on June 15 (ECF 52) and the Court issued its Order on July 6.  Plaintiffs' conduct in filing an unsupported motion for reconsideration, and then violating Local Rule 5.1(c)(1) and the Court's Order ***again*** during the pendency of the motion has caused Defendants to incur unnecessary legal fees.  The Court should award Defendant Hagee reasonable fees in preparing this motion based on Plaintiffs' contumacious disregard of the Local Rules and Court Order. *See* 28 U.S.C. § 1927 (attorney fee award authorized against any counsel who "multiplies the proceedings in any case unreasonably and vexatiously . . . .).

                                      Respectfully submitted,

Dated: August 11, 2016

/s/ *Lars H. Liebeler*
_____
Lars H. Liebeler
D.C. Bar No. 416666
Lars Liebeler PC
1828 L Street, N.W., Suite 705
Washington, D.C.  20036
Direct Telephone: (202) 587-4747
Main Telephone: (202) 466-4110
Email: LLiebeler@LHL-LawFirm.com
*Counsel for Defendant John Hagee*

## CERTIFICATE OF SERVICE

This is to certify that I have on August 11, 2016, served all the parties in this case with the foregoing instrument in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this court.

/s/ *Lars H. Liebeler*
_____
Lars H. Liebeler, Esq.