UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| BASSEM AL-TAMIMI, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 16-cv-445 (TSC) |
| SHELDON ADELSON, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the court are the following: Defendant Sheldon Adelson's Motion to Dismiss (ECF No. 59); Plaintiffs' Motion to Determine Propriety of Representation (ECF No. 64); Plaintiffs' Motion for Reconsideration (ECF No. 67); Defendants Ahava-Dead Sea Laboratories and Nordstrom, Inc.'s Motion to Dismiss (ECF No. 76); Defendant John Hagee's Motion to Dismiss (ECF No. 82); and Defendant Hanson Israel, Ltd.'s Motion to Dismiss (ECF No. 95). These motions are addressed individually below.

The court also ORDERS the following briefing schedule. In the interests of justice and efficient prosecution of this case, Defendants are ORDERED to jointly file ONE omnibus motion to dismiss pertaining only to Federal Rule 12(b)(1), and not to exceed 50 pages, by January 27, 2017. Plaintiffs' opposition is due by February 24, 2017 and may also not exceed 50 pages. Defendants' reply is due by March 10, 2017 and may not exceed 30 pages. After resolution of Defendants' omnibus motion, the court will issue another briefing schedule for resolution of Defendants' arguments on Federal Rule 12(b)(6), personal jurisdiction, and/or service of process.

1.     **Defendant Sheldon Adelson's Motion to Dismiss (ECF No. 59)**

Defendant Adelson moved that he be dismissed from this case due to insufficient service of process of Plaintiffs' initial Complaint. Plaintiffs mailed Defendant Adelson a request for waiver of service along with copies of the Complaint and summons via certified mail on March 16, 2016. Mr. Adelson did not execute the waiver form. No other attempt at service was made of the initial Complaint. However, Defendant Adelson's Motion has been mooted by the filing of two subsequent amended complaints (ECF Nos. 74, 77), and he has not re-filed his Motion. The court therefore determines that Defendant Adelson's motion is DENIED AS MOOT, and he may raise his arguments regarding insufficient service, as necessary, at a later time pursuant to this court's Order setting a briefing schedule.

2.     **Plaintiffs' Motion to Determine Propriety of Representation (ECF No. 64)**

Defendant Elliott Abrams, a former Deputy National Security Advisor, is sued in this case for his alleged actions during his tenure on the National Security Council. He is represented by the U.S. Department of Justice ("DOJ"), and Plaintiffs move the court to determine that such representation is improper. Federal regulations provide that the Attorney General, through a designee, may in her discretion provide representation for former federal employees in civil suits "when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States." 28 C.F.R. § 50.15(a).

Under the clear language of the regulation, the court finds that it is within the Attorney General's judgment and discretion, not this court's, to determine whether the allegations against Mr. Abrams "reasonably appear to have been performed within the scope of [his] employment"

and whether such representation is in the public interest.  *See Rodriguez v. Shulman*, 843 F. Supp. 2d 96, 100 (D.D.C. 2012) ("[T]he language of the regulations makes clear it is for the Government to determine whether federal employees should receive representation."); *see also Falkowski v. E.E.O.C.*, 783 F.2d 252, 253 (D.C. Cir. 1986) (declining to review Attorney General's decision not to provide representation as decision fell within discretionary authority).  Plaintiffs raise several arguments disputing whether the specific factual allegations would have taken place within or outside the scope of Mr. Abram's employment and assert that DOJ representation is not in the public interest because of the criminal nature of the allegations against him.  However, given that DOJ was aware of the nature of the claims when the Attorney General decided to provide representation, the court will defer to this exercise of her discretionary authority.  Therefore, Plaintiffs' Motion is DENIED, and DOJ may represent Defendant Abrams in this matter.

**3**.      **Defendants Ahava-Dead Sea Laboratories and Nordstrom's Motion to Dismiss (ECF No. 76)**

Defendants Ahava-Dead Sea Laboratories and Nordstrom, Inc. move that they be dismissed because they were not included in Plaintiffs' First Amended Complaint (ECF No. 74). That Amended Complaint was stricken by the court's August 3, 2016 Minute Order, thereby mooting Defendants' Motion.  However, the court notes that Plaintiffs' Second Amended Complaint (ECF No. 77) also does not include Defendants Ahava-Dead Sea Laboratories or Nordstrom, Inc., and Plaintiffs have not filed an opposition to this motion.  Therefore, Defendants' Motion is GRANTED, and Ahava-Dead Sea Laboratories and Nordstrom, Inc. are DISMISSED WITH PREJUDICE.

**4**.      **Plaintiffs' Motion for Reconsideration (ECF No. 67)**

On July 6, 2016, the court ordered Plaintiffs to comply with Local Rule 5.1(c)(1), which requires that the initial pleadings list each plaintiff's residence address, by August 8, 2016. Plaintiffs now request the court's reconsideration of that order. In their motion, Plaintiffs state that they have already experienced retaliation as a result of their participation in this lawsuit and anticipate or fear future retaliation. Further, Plaintiffs state that in some instances they lack individual or specific addresses because they reside in refugee camps or United Nations compounds "where there simply are no street addresses." Because the motion is only opposed by Defendants Ahava-Dead Sea Laboratories and Nordstrom, Inc., who are dismissed from this case in accordance with this Order, the court will consider this motion to be unopposed. Moreover, the court identifies no unfair prejudice to the remaining Defendants that will result from granting Plaintiffs' request. Therefore, Plaintiffs' Motion is GRANTED. Plaintiffs are hereby ORDERED to file a list of addresses, with as much specificity possible, under seal by December 31, 2016.

**5**.      **Defendant John Hagee's Motion to Dismiss (ECF No. 82)**

On August 11, 2016, Defendant John Hagee moved to dismiss the Complaint as to all Plaintiffs except for Ali Ali and Saad Malley, on the grounds that Plaintiffs failed to comply with Local Rule 5.1(c)(1) and this court's July 6, 2016 Minute Order requiring each Plaintiff to set forth their full residence address by August 8, 2016. The court's Order further specified that failure to comply would "result in the dismissal from this lawsuit of all Plaintiffs who have not so complied." Because the court will grant Plaintiff's unopposed motion for reconsideration and will waive the requirements of Local Rule 5.1(c)(1), Defendant Hagee's Motion is DENIED.

6.     **Defendant Hanson Israel, Ltd.'s Motion to Dismiss (ECF No. 95)**

Defendant Hanson Israel, Ltd. filed a consent motion to be dismissed from this case, as Plaintiffs did not include it in their Second Amended Complaint.  Because Plaintiffs do not bring any allegations or claims against Hanson Israel, Ltd., and do not oppose this motion, Defendant Hanson Israel, Ltd.'s motion is hereby GRANTED and Hanson Israel, Ltd. is DISMISSED WITH PREJUDICE.

Date:  December 15, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge