# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM AL-TAMIMI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELDON ADELSON, et al., <br><br> Defendants. | No. 1:16-cv-00445-TSC |

## UNITED STATES' STATEMENT OF INTEREST

Under 28 U.S.C. § 517, the United States of America, which is not currently a party to this suit, hereby notifies this Court of its interest in this litigation.[1] The United States has an interest in this suit because it intends to substitute itself as a defendant in place of current defendant Elliott Abrams, a former White House official, under the Westfall Act, Pub. L. No. 100-694, 102 Stat. 4563 (codified as amended in relevant part at 28 U.S.C. § 2679). Relevant to this interest, the United States notes the following:

1.  On March 7, 2016, Plaintiffs filed their complaint naming fifty-one individuals, corporations, and organizations as defendants. *See* Dkt. No. 1. at 1-3. Among the defendants is Elliott Abrams, a former Deputy National Security Advisor in the White House. *See id.* at 2; Dkt. No. 72, Opp'n to Mot. to Disqualify Dep't of Justice Rep. of Elliott Abrams, at 4-5. As Mr. Abrams explained in his opposition to Plaintiffs' motion to disqualify the United States Department of Justice from representing him in this litigation, Plaintiffs' allegations against Mr.

---

[1] 28 U.S.C. § 517 provides: "The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

Abrams involve actions he allegedly undertook while he was a White House official. *See* Dkt. No. 72, Opp'n to Mot. to Disqualify Dep't of Justice Rep. of Elliott Abrams, at 4-5.

2. On June 6, 2016, the Court held a scheduling conference, at which a briefing schedule for anticipated motions to dismiss was discussed. *See* June 6, 2016 Minute Order. At the scheduling conference, counsel for Mr. Abrams notified the Court of his intention to file a motion to dismiss separate from the other defendants, in light of the unique defenses available to Mr. Abrams as a former federal employee. *See* Ex. 1, June 6, 2016 Hrg. Tr., 36:16-37:1. On that date, the Court ordered the represented defendants to file a notice with the Court by September 15, 2016, "identifying all of the motions to dismiss that they intend to file and the specific Defendants who will join each motion to dismiss." Dkt. No. 45, June 6, 2016 Scheduling Order, at 1.

3. On September 15, 2016, the represented defendants filed a notice pursuant to the June 6 Scheduling Order. *See* Dkt. No. 93. That notice stated that the United States "intends to file a notice substituting itself under the Westfall Act" for Mr. Abrams "on the claims against Mr. Abrams." *Id.* at 2. The notice also stated that the United States "intends to file a motion to dismiss the claims against it under Rule[] 12(b)(1)," and that "[n]o other Defendants will join the United States' motion." *Id.* Additionally, the notice stated that Mr. Abrams would not be joining the other represented defendants' omnibus motion to dismiss. *Id.*

4. Mr. Abrams is the only defendant in this litigation for whom the United States intends to substitute itself as a defendant under the Westfall Act.

5. On December 15, 2016, the Court denied Plaintiffs' motion to disqualify the United States Department of Justice from representing Mr. Abrams in this litigation. *See* Dkt. No. 97, Dec. 15, 2016 Order, at 3. The Court also ordered that "Defendants . . . jointly file ONE

omnibus motion to dismiss pertaining only to Federal Rule 12(b)(1), and not to exceed 50 pages, by January 27, 2017." *Id.* at 1.

6. The United States, as a defendant, will have unique legal defenses, unavailable to the other defendants in this litigation regarding this Court's subject matter jurisdiction to hear claims against the United States, in addition to other defenses regarding subject matter jurisdiction that the other defendants may have.

7. For clarification and out of an abundance of caution, the United States hereby notifies this Court that, after substituting itself for Mr. Abrams as a defendant, the United States intends to file a motion to dismiss raising defenses under Federal Rule of Civil Procedure 12(b)(1). This motion would be separate from the motion to dismiss filed by the other represented defendants. Given the unique jurisdictional defenses available to the United States, such a procedure will promote "the interests of justice and efficient prosecution of this case." Dkt. No. 93, Dec. 15, 2016 Order, at 1. The United States anticipates that the memorandum in support of its motion to dismiss will not exceed twenty-five pages.

8. Counsel for the other represented defendants has informed the undersigned that the other represented defendants agree with the United States' position that it file a separate motion to dismiss.

Dated: January 4, 2017   Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division

KALI N. BRACEY
Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director, Torts Branch

MARY HAMPTON MASON
Senior Trial Counsel

  /s/  *Paul E. Werner*
PAUL E. WERNER
(MD Bar, under LCvR 83.2(e))
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Washington, D.C.  20044
(202) 616-4152 (phone)
(202) 616-4314 (fax)
E-mail: Paul.Werner@usdoj.gov

Attorneys for Defendant Elliott Abrams and the United States