**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BASSEM AL-TAMIMI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SHELDON ADELSON, et al., <br><br> Defendants. | No. 1:16-cv-00445-TSC |

**UNITED STATES' NOTICE OF SUBSTITUTION ON PLAINTIFFS' CIVIL CONSPIRACY; WAR CRIMES, CRIMES AGAINST HUMANITY, AND GENOCIDE; AND AIDING AND ABETTING THE COMMISSION OF WAR CRIMES CLAIMS, COUNTS I THROUGH III**

Please take notice that under the Westfall Act, Pub. L. No. 100-694, 102 Stat. 4563 (codified as amended in relevant part at 28 U.S.C. § 2679), the United States of America is substituted for Defendant Elliott Abrams with respect to Counts I through III of Plaintiffs' amended complaint. The grounds for this substitution are as follows:

1. Plaintiffs allege Mr. Abrams violated both state common law and the law of nations while he was employed by the United States and that Plaintiffs were damaged by his actions. *See, e.g.*, Am. Compl. ¶¶ 41, 125 (alleging interactions between Abrams and various Israeli government officials and citing as support, *inter alia*, John J. Mearsheimer & Stephen M. Walt, *The Israel Lobby and U.S. Foreign Policy* 217-18, 223-24, 228 (2007)); Mearsheimer & Walt, *supra*, at 217 (referring to Abrams as "the senior director for Near East and North African Affairs on the National Security Council (NSC)" and discussing alleged meeting between Abrams and former Israeli Prime Minister Ariel Sharon); *id.* at 223 (referring to Abrams as an individual "[i]nside the White House" and discussing his alleged relationships with aides to

former Israeli Prime Minister Ehud Olmert) *id.* at 228 (referring to "the NSC's Elliott Abrams" as a "government official[]").[1]

2. Plaintiffs' first claim for relief alleges civil conspiracy. *See* Am. Compl. ¶¶ 118-80. Their second claim for relief alleges war crimes, crimes against humanity, and genocide in violation of the law of nations. *Id.* ¶¶ 181-227. Their third claim for relief alleges aiding and abetting the commission of war crimes. *Id.* ¶¶ 228-233.

3. The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (FTCA), as amended by the Westfall Act, provides that where an individual claims that a federal employee damaged him or her through that employee's negligent or wrongful acts or omissions taken within the scope of the employee's office or employment, a suit against the United States shall be the exclusive remedy for that individual's claim. 28 U.S.C. § 2679(b)(1). There are two exceptions to this exclusivity provision. 28 U.S.C. § 2679(b)(2). Neither exception applies to civil conspiracy claims, claims for violations of the law of nations, or claims for aiding and abetting violations of the law of nations. Therefore, Plaintiffs' claims for such violations fall within this provision.

4. Under the Westfall Act, where the Attorney General of the United States certifies that a federal employee was acting within the scope of his or her office or employment at the time of the incident giving rise to the claim against the employee, that claim shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant for that claim. 28 U.S.C. § 2679(d)(1), (2). Certification authority has been delegated to directors of the Torts Branch of the Civil Division of the United States Department of Justice. 28 C.F.R. § 15.4.

---

[1] For convenience of the Court, copies of the above pages cited by Plaintiffs in their amended complaint are included in Exhibit 1. The preceding and the subsequent page have been provided as well to offer context. *See* Ex. 1.

5. C. Salvatore D'Alessio, Acting Director, Torts Branch, Civil Division, United States Department of Justice, has certified that at the time of the alleged conduct underlying the claims in Plaintiffs' complaint, Mr. Abrams was acting within the scope of his employment. *See* Ex. 2, Certification.

For these reasons, the United States has, by operation of law, been substituted as the sole defendant with respect to Plaintiffs' claims for civil conspiracy; war crimes, crimes against humanity, and genocide; and aiding and abetting the commission of war crimes. The Court is respectfully referred to the Certification filed along with this notice. Also, a proposed order is attached to this notice.

Dated: January 27, 2017                                    Respectfully submitted,

                                                                   /s/ *Paul E. Werner*
                                                             PAUL E. WERNER
                                                             (MD Bar, under LCvR 83.2(e))
                                                             Trial Attorney
                                                             United States Department of Justice
                                                             Torts Branch, Civil Division
                                                             P.O. Box 7146, Ben Franklin Station
                                                             Washington, D.C.  20044
                                                             (202) 616-4152 (phone)
                                                             (202) 616-4314 (fax)
                                                             E-mail: Paul.Werner@usdoj.gov