**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| BASSEM AL-TAMIMI, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16-cv-445 (TSC) |
| SHELDON ADELSON, et al., | ) ) ) | |
| Defendants. | ) ) | |

**UNDERSIGNED DEFENDANTS' MOTION FOR STATUS CONFERENCE**

The undersigned Defendants respectfully request that the Court schedule a status conference to establish a schedule for future proceedings and address certain case management issues. As detailed below, the undersigned Defendants believe that the case should be dismissed for multiple reasons, and believe that a status conference would be an efficient way of both setting a schedule and addressing multiple issues that have arisen since the parties were last before the Court.

Defense counsel have conferred with Plaintiffs' counsel but have been unable to reach agreement on any issue.

**STATEMENT OF THE CASE**

The Amended Complaint in this action purports to be brought on behalf of 80 named Plaintiffs against numerous defendants, of whom 28 have entered appearances. On September 15, 2016, Defendants filed a notice at the Court's request identifying the various Rule 12 motions they intended to file. *See* Doc. 93. The Court thereafter identified justiciability as a threshold issue and bifurcated the briefing on Rule 12 issues between subject matter jurisdiction and other grounds, directing the parties first to brief only those issues pertaining to lack of subject matter jurisdiction. *See* Doc. 97. All Defendants except Mr. Abrams then joined in a Memorandum of Law addressing the political question and act of state doctrines, *see* Doc. 107, and Defendant Abrams filed a separate motion presenting additional grounds for relief. *See* Doc. 104. Briefing was deferred on all other Rule 12(b) grounds pursuant to the Court's order.

On August 29, 2017, the Court entered a Memorandum Opinion and Order granting the motions to dismiss as to all Defendants based upon the political question doctrine. *See* Doc. 120. The Court declined "at this stage" to find that the Act of State doctrine required dismissal, *see id.* at 22, and also decided various issues presented by Defendant Abrams. The Court did not address or decide any other issues. Plaintiffs appealed, and on October 16, 2018, the Court of Appeals reversed and remanded for further proceedings. *Al-Tamimi v. Adelson*, 916 F.3d 1 (D.C. Cir. 2018). The Court of Appeals concluded that the question of "who has sovereignty over the disputed territory" presents a nonjusticiable political question, but "[f]rom what we can tell, the court **could** rule in the plaintiffs' favor" on their claims of genocide by Israeli settlers, without addressing that question. 916 F.3d at 13–14 (emphasis in original).

In reaching its decision, the Court of Appeals found that it did not have to consider the justiciability of claims based on the conduct of the Israeli military, because Plaintiffs in their

reply brief on appeal "expressly waiv[ed] any theory of liability premised on the conduct of Israeli soldiers." *Id.* at p. 9 n. 5; *see also* p. 13 ("[P]laintiffs have waived any theory of liability based on the conduct of the Israeli military.")

Further, while the case was pending in the Court of Appeals, the Supreme Court decided *Jesner v. Arab Bank,* 138 S.Ct. 1386 (2018), which Plaintiffs conceded "appears to be a legitimate basis for dismissal of foreign corporations named in this lawsuit." Reply Br. For Appellants at 19.

## ISSUES DEFENDANTS REQUEST BE CONSIDERED AT A RULE 16 CONFERENCE

Defendants respectfully request that the following issues be considered at a Rule 16 pretrial conference prior to the briefing of motions to dismiss:

1. **Threshold Dismissal of Multiple Plaintiffs and Defendants from the Amended Complaint.**

    A. **Dismissals Necessitated by the Waiver of Any Theory of Liability Based on the Conduct of the Israeli Military.**

As noted above, in reaching its decision on the appeal in this litigation, the Court of Appeals determined that Plaintiffs had "expressly waiv[ed] any theory of liability premised on the conduct of Israeli soldiers." That is the law of the case; having expressly waived any claim based on the conduct of the Israeli military in an effort to escape affirmance of this Court's decision on the political question doctrine, Plaintiffs no longer can rely on such claims to escape dismissal of their complaint on other grounds.

Plaintiffs' waiver of claims based on the conduct of the Israeli military means that those Plaintiffs who complain that they were injured by actions of the Israeli military must be dismissed from this lawsuit. That includes all of those (almost 60% of the total) who reside in Gaza, where since 2005 there have been no Israeli settlements and no Israeli settlers, and who

3

complain primarily about bombings by the Israeli air force. It also includes Plaintiffs who reside in areas where Israeli settlements exist, but who complain of injuries from conduct of the Israeli Defense Forces in whole or in part. Plaintiffs' waiver also requires the dismissal of the Friends of the Israel Defense Forces ("FIDF"), which is alleged to have provided financial support solely to the Israeli military, and those "donor" defendants who are alleged solely to have supported FIDF.

### B. Dismissals Necessitated by the Supreme Court's Decision in *Jesner v. Arab Bank*.

In addition, while this case was pending on appeal, the Supreme Court issued its decision in *Jesner v. Arab Bank*, 138 S. Ct. 1386 (2018). In *Jesner*, The Supreme Court held that foreign corporations are not subject to suit under the Alien Tort Statute, 28 U.S.C. §1350, which is the only potential basis for claims against the foreign corporate defendants in this action.[1] Several of the Defendants named in the Amended Complaint are foreign corporations,[2] and Plaintiffs conceded before the D.C. Circuit that the *Jesner* decision "appears to be a legitimate basis for dismissal of foreign corporations named in this lawsuit." Reply Br. For Appellants at 19.

*  *  *

It would be inefficient and unfair for this case to proceed to briefing of the remaining motions to dismiss, when the case can be readily narrowed, and numerous parties can be dropped entirely, based on concessions and waivers Plaintiffs already have made and based on

---

[1] The respondent in *Jesner* was a foreign corporation, but the Court's reasoning applies with full force to domestic corporations as well. *See Doe v. Exxon Mobil Corp.,* 391 F.Supp.3d 76 (D.D.C. 2019). Those Defendants that are domestic corporations will argue this issue in their Rule 12(b)(6) motions.

[2] The foreign corporate defendants who have appeared in this litigation are Bank Leumi Le-Israel B.M., Bank Hapoalim B.M., Hewlett Packard (Israel) Ltd., Motorola Solutions Israel Ltd., and Veolia Environnement S.A. At least eleven other foreign entities are named as defendants but have not appeared in the litigation.

intervening law (*Jesner*). Plaintiffs should advise the Court whether they will voluntarily dismiss Plaintiffs and Defendants in the foregoing categories and, if not, on what basis they refuse to do so.

### 2. Inquiry into Plaintiffs' Intent (or Lack Thereof) to File a Second Amended Complaint.

Plaintiffs have amended their complaint once as a matter of right, but could seek the Court's leave to file a second amendment. If that is Plaintiffs' intention, Defendants respectfully submit that the Court require Plaintiffs to make that request by a date prior to further briefing on motions to dismiss, in order to avoid the waste and futility of two rounds of motions, if leave for a second amendment were granted.

### 3. Setting a Schedule for Briefing of Rule 12 Motions.

All Defendants have filed motions under Rule 12(b)(6) to dismiss for failure to state a claim. Many Defendants have also moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, and some have moved under Rule 12(b)(5) for insufficient service of process. The Defendants in these latter categories are identified in Defendants' Motion to Dismiss the Amended Complaint filed January 27, 2017. *See* Doc. 107. Pursuant to the Court's order, briefing on these motions has been deferred. *See* Doc. 97. Defendants respectfully request that, once issues relating Plaintiffs' waivers and concessions on appeal are addressed as noted above, the Court set a briefing schedule for the remaining issues in the pending motions to dismiss. Defendants respectfully propose that the Court set a deadline for briefing these motions 60 days after the Court enters a scheduling order, or 60 days after the filing of a second amended complaint (should the Court permit such a filing), whichever is later.

### 4. Need for Separate Briefing on Certain Issues.

In 2017, the Court required that all Defendants except Mr. Abrams join in a single motion presenting the issue of subject matter jurisdiction.  A single joint brief by all defendants is not practicable at this stage, because there are differences in the posture of Defendants and in the grounds for dismissal available to each.  Defendants (other than Mr. Abrams) propose to coordinate their filings to avoid duplications of argument as much as possible.  By necessity, however, those Defendants moving to dismiss for lack of personal jurisdiction and insufficient service of process will file separate briefs addressing the particular facts applicable to each Defendant, as will Defendants urging Rule 12(b)(6) grounds particular to themselves.  Because the briefing on the motions may depend on how the case is narrowed on the basis of the Plaintiffs' waiver and concessions, Defendants respectfully propose that further questions concerning briefing, including page limitations, be deferred until after resolution of that issue.

Respectfully submitted,

*/s/ Jonathan I. Blackman /signature with permission*
Jonathan I. Blackman
(Admitted *pro hac vice*)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, NY  10006
Tel: (212) 225-2490/Fax: (212) 225-3999
jblackman@cgsh.com
Alexis L. Collins
(D.C. Bar No. 474599)
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
2112 Pennsylvania Ave., NW
Washington, DC  20037
Tel: (202) 974-1519/Fax: (202) 974-1999
alcollins@cgsh.com
*Counsel for Defendants Bank Leumi Le-Israel B.M. and Bank Leumi USA*

*/s/ John E. Hall /signature with permission*
John E. Hall
(D.C. Bar No. 415364)
David M. Zionts
(D.C. Bar No. 995170)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001
Tel: (202) 662-6000
jhall@cov.com
dzionts@cov.com
*Counsel for Defendants Hewlett-Packard Enterprise Co. and Hewlett-Packard (Israel) Ltd.*

*/s/ William H. Jeffress, Jr.*
William H. Jeffress, Jr.
(D.C. Bar No. 041152)
Aaron Stein Rabinowitz
(D.C. Bar No. 1017165)
BAKER BOTTS LLP
The Warner
1299 Pennsylvania Ave., NW
Washington, DC  20004
Tel: (202) 639-7844/Fax: (202) 585-1004
william.jeffress@bakerbotts.com
aaron.rabinowitz@bakerbotts.com
*Counsel for Defendants Laurence Ellison and Haim Saban*

*/s/ Abbe David Lowell /signature with permission*
Abbe David Lowell
(D.C. Bar No. 358651)
Christopher D. Man
(D.C. Bar No. 453553)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC  20006
Tel: (202) 282-5000/Fax: (202) 282-5100
adlowell@winston.com
cman@winston.com
*Counsel for Defendant Bank Hapoalim B.M.*

*/s/ A. Jeff Ifrah /signature with permission*
A. Jeff Ifrah
(D.C. Bar No. 45661)
George R. Calhoun
(D.C. Bar No. 60641)
IFRAH PLLC
1717 Pennsylvania Ave., NW, Suite 650
Washington, DC  20006
Tel: (202) 524-4140/Fax: (202) 524-4141
george@ifrahlaw.com
*Counsel for Defendants Motorola Solutions, Inc. and Motorola Solutions Israel Ltd.*

*/s/ Barry G. Felder /signature with permission*
Barry G. Felder
(D.C. Bar No. 307736)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY  10016
Tel: (212) 338-3540/Fax: (212) 687-2329
bgfelder@foley.com
Michael J. Tuteur
(Bar No. D00202)
FOLEY & LARDNER LLP
111 Huntington Ave., Suite 2500
Boston, MA  02199
Tel: (617) 342-4016/Fax: (617) 341-4001
mtuteur@foley.com
*Counsel for Defendant Sheldon G. Adelson*

*/s/ Gabriel Groisman /signature with permission*
Gabriel Groisman
(Admitted *pro hac vice*)
(Florida Bar No. 25644)
GROISMAN, PLLC
3323 NE 163rd St., Suite 508
North Miami Beach, FL  33160
Tel: (305) 930-7979
gabriel@groismanlaw.com
*Counsel for Defendant The Falic Family Foundation, Inc.*

*/s/ Christopher M. Loveland /signature with permission*
Christopher M. Loveland
(D.C. Bar No. 473969)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
2099 Pennsylvania Ave., NW, Suite 100
Washington, DC  20006
Tel: (202) 747-1924/Fax: (202) 747-3832
cloveland@sheppardmullin.com
*Counsel for Defendant Irving Moskowitz*

*/s/ Douglas W. Baruch /signature with permission*
Douglas W. Baruch
(D.C. Bar No. 414354)
Jennifer M. Wollenberg
(D.C. Bar No. 494895)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., NW
Washington, DC  20004
Tel: (202) 739-3000/Fax: (202) 739-3001
*Counsel for Defendants Veolia North America, LLC and Veolia Environnement S.A.*

*/s/ William J. Kelly, III /signature with permission*
William J. Kelly, III
(Admitted *pro hac vice*)
(D.C. Cir. Bar No. 48026)
KELLY & WALKER LLC
1512 Larimer St., Suite 200
Denver, CO  80202
Tel: (720) 236-1800/Fax: (720) 236-1799
wkelly@kellywalkerlaw.com
*Counsel for Defendant RE/MAX, LLC*

*/s/ Lars H. Liebeler /signature with permission*
Lars H. Liebeler
(D.C. Bar No. 416666)
LARS LIEBELER PC
1828 L Street, NW, Suite 705
Washington, DC  20036
Tel: (202) 774-1510
lliebeler@LHL-LawFirm.com
*Counsel for Defendant John Hagee*

/s/ David Abrams */signature with permission*
David Abrams
(DDC Bar No. NY0201)
DAVID ABRAMS, ATTORNEY AT LAW
305 Broadway, Suite 601
New York, NY  10007
Tel: (212) 897-5821
dnabrams@gmail.com
*Counsel for Defendant Efrat Development Corporation*

/s/ *Mark D. Harris /signature with permission*
Mark D. Harris
(D.C. Bar No. 445900)
Jennifer E. Tarr
(DDC Bar No. IL0028)
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY  10036
Tel: (212) 969-3000/Fax: (212) 969-2900
mharris@proskauer.com
jtarr@proskauer.com
*Counsel for Defendant Friends of the Israel Defense Forces*

*/s/ Charles S. Fax /signature with permission*
Charles S. Fax
(D.C. Bar No. 198002)
RIFKIN WEINER LIVINGSTON LLC
7979 Old Georgetown Rd., Suite 400
Bethesda, MD  20814
Tel: (301) 951-0150/Fax: (301) 951-0172
cfax@rwlls.com
*Counsel for Defendant Jewish National Fund (Keren Kayemeth Le Israel) Inc.*

*/s/ David I. Schoen /signature with permission*
David I. Schoen
(D.C. Bar No. 391408)
DAVID I. SCHOEN
2800 Zelda Rd., Suite 100-6
Montgomery, AL  36106
Tel: (334) 395-6611/Fax: (917) 591-7586
dschoen593@aol.com
*Counsel for Defendant American Friends of Bet El Yeshiva*