UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BASSEM AL-TAMIMI, et al.,

    Plaintiffs,

v.

SHELDON ADELSON, et al.,

    Defendants.

No. 1:16-cv-00445-TSC

**DEFENDANT ELLIOTT ABRAMS'S NOTICE REGARDING
CO-DEFENDANTS' STATUS CONFERENCE REQUEST**

Defendant Elliott Abrams does not oppose his co-Defendants' request for a status conference, *see* ECF No. 135, Undersigned Defs.' Mot. for Status Conf., and is prepared to participate in any conference the Court determines is necessary.[1] Given this case's procedural history, it would also be reasonable for the Court simply to enter an order scheduling any motion by Plaintiffs to amend their complaint and Abrams's and other Defendants' motions to dismiss thereto.

**PROCEDURAL HISTORY**

Plaintiffs, who are comprised of Palestinians from East Jerusalem, the West Bank, and the Gaza Strip, and of a handful of village councils presumably located within those areas, seek $1 billion in damages against a wide range of corporations, organizations, and individuals, including Abrams, who formerly served as the Deputy National Security Advisor. *See* generally, ECF No. 77, First Am. Compl. In December 2016, this Court ordered the Defendants to file motions to dismiss the operative complaint pertaining only to Federal Rule of Civil Procedure

---

[1] Abrams was not a party to the motion for status conference.

12(b)(1). ECF No. 97 at 1. The Court reserved briefing on other grounds for dismissal under Rule 12 for after resolution of Defendants' Rule 12(b)(1) motions, if necessary. *Id.*

As to Defendant Abrams, in January 2017, the United States substituted itself as the sole defendant on the claims against him. *See* ECF No. 103, United States' Notice of Sub., at 1-2. It did so under the Westfall Act, Pub. L. No. 100-694, 102 Stat. 4563 (codified as amended in relevant part at 28 U.S.C. § 2679), because those claims were based on the alleged negligent or wrongful acts or omissions of Abrams while he acted as former Deputy National Security Advisor and they fell within the provisions of the Westfall Act. *Id.* The United States subsequently moved to dismiss those claims. *See* ECF No. 104, United States' Mot. to Dismiss Counts I though III of Plaintiffs' Amended Complaint. In its motion, the United States raised three categories of arguments: (1) sovereign immunity bars the claims against the United States; (2) the political question doctrine bars those claims; and (3) the statutes Plaintiffs invoked do not provide jurisdiction. *Id.* The United States reserved additional dispositive defenses under Rule 12(b)(6). *Id.* at 1 n.1. The other Defendants that had entered appearances filed concurrently a separate motion to dismiss raising the political question doctrine and the act of state doctrine as grounds for dismissal. ECF No. 107. Those Defendants raised, but did not brief, other grounds for dismissal under Rule 12. *Id.* at 2.

This Court granted the United States' substitution with respect to allegations directly regarding Abrams's eight-year tenure at the White House, but denied that substitution as to other allegations against him. *See Al-Tamimi v. Adelson*, 264 F. Supp. 3d 69, 82-83 (D.D.C. 2017). The Court then dismissed all Plaintiffs' claims because they raised non-justiciable political questions. *Id.* at 79 ("It is hard to conceive of an issue more quintessentially political in nature than the ongoing Israeli–Palestinian conflict, which has raged on the world stage with

devastation on both sides for decades." (quoting *Doe I v. State of Israel*, 400 F.Supp.2d 86, 111–12 (D.D.C. 2005))); *id.* at 81. Alternatively, the Court dismissed the claims against the United States because of jurisdictional bars the Federal Tort Claims Act presented. *Id.* at 83-86. The Court did not reach the United States' alternative argument that the statutes Plaintiffs invoke do not provide jurisdiction. *Id.* at 83 n.10.

Plaintiffs appealed this Court's ruling on the political question issue, but not its dismissal of the substituted claims. ECF No. 122, Notice of Appeal. On appeal, the D.C. Circuit affirmed that the political question doctrine barred Plaintiffs' claims to the extent they asked the court to determine who had sovereignty over East Jerusalem, the West Bank, and the Gaza Strip. *See Al-Tamimi v. Adelson*, 916 F.3d 1, 11 (D.C. Cir. 2019). The court did not decide whether allegations that Israeli officials committed war crimes presented a political question because, as the court noted, Plaintiffs had waived any claim based on the alleged actions of such officials. *See id.* at 9 & n.5. Lastly, the court held that Plaintiffs' claims that Israeli *settlers* committed war crimes was justiciable and could be extricated from the other political questions that Plaintiffs' amended complaint, on its face, presented. *Id.* at 13-14. The D.C. Circuit remanded to this Court for "further proceedings consistent with this opinion." *Id.* at 14.

## BRIEFING SCHEDULE

Other Defendants have now sought a status conference to set briefing for further motions to dismiss pursuant to this Court's December 2016 Order. ECF No. 135 at 5. Defendant Abrams does not object to the other Defendants' request for a status conference to discuss whether Plaintiffs will seek leave to amend their complaint, whether certain Defendants should be immediately dropped from the case, and to set a briefing schedule for the remaining Defendants' motions to dismiss Plaintiffs' claims, if the Court determines a status conference is appropriate.

Defendant Abrams is of the position that any conference should be limited to allowing the parties to be heard on what claims Plaintiffs intend to pursue, and to scheduling briefing on motions to dismiss (as opposed to other areas contemplated under Federal Rule of Civil Procedure 16 cited in co-Defendants' motion).

It would also be reasonable, in lieu of a status conference and consistent with this Court's December 2016 order and the remand of the D.C. Circuit, for the Court to simply establish a briefing schedule requiring that:

(1) Plaintiffs have thirty days to seek leave to file an amended complaint if they intend to do so;

(2) Any remaining Defendants have sixty days to file Rule 12 motions to dismiss, running from the earliest of:

   a. The filing of an amended complaint pursuant to the Court's granting a motion for leave to amend;

   b. A statement from Plaintiffs that they will not seek leave to amend; or

   c. The end of the thirty-day period for Plaintiffs to seek leave to amend if no motion for leave to amend is filed.

Dated: September 27, 2019						Respectfully submitted,

								JOSEPH H. HUNT
								Assistant Attorney General
								Civil Division

								C. SALVATORE D'ALESSIO, JR.
								Acting Director, Torts Branch

								MARY HAMPTON MASON
								Senior Trial Counsel

								   /s/  *Paul E. Werner*
								PAUL E. WERNER
								(Md. Bar, under LCvR 83.2(e))
								Senior Trial Attorney
								United States Department of Justice
								Torts Branch, Civil Division
								P.O. Box 7146
								Washington, D.C. 20044
								(202) 616-4152 (phone)
								E-mail: Paul.Werner@usdoj.gov

								Attorneys for the United States and Elliott Abrams