# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BASSEM AL-TAMIMI, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00445-TSC |
| | ) | |
| SHELDON ADELSON, et. al., | ) | |
| Defendants. | ) | |

## PLAINTIFFS' STATUS REPORT

Plaintiffs through undersigned Counsel hereby respond to the various submissions recently filed by the Justice Department and by various Defendants concerning scheduling a status conference and a briefing schedule for Motions to Dismiss.

Plaintiffs do not object to scheduling a status conference and submit this memorandum to educate the Court on their position re: various outstanding issues.

I. Plaintiffs' Position on Foreign Corporations

1. The Court should understand that Plaintiffs' attorneys and Attorney Lars Liebeler (Defendants' coordinating counsel) were continuing to have a dialogue with respect to the different issues that this Court would be addressing at the conference.

2. One of those issues is whether foreign corporations can be dismissed. Plaintiffs agree that foreign corporations should be dismissed if they are indeed foreign corporations. The allegations relied on by Defense counsel were made two and a half years ago and may not be correct today.

3. To resolve that issue, Plaintiffs' attorneys asked Attorney Liebeler for these Defendants to submit a one-page Affidavit stating: (a) where they are currently incorporated, (b)

when they became incorporated in that jurisdiction, and (c) a statement that they are not doing business in the U.S.

4. Plaintiffs' attorneys also requested the first page of last year's income tax file. Attorney Liebeler took the position that Plaintiffs were not entitled to that information.

5. Upon receipt of items requested in items 3 and 4, Plaintiffs then would join in on a Motion to Dismiss.

II. Defendants Who Filed Petitions for Rehearing in the D.C. Circuit

1. There are three Defendants who filed for petitions for rehearing with the D.C. Circuit. Their argument was simple–because they did not fund settlements, they only funded the Israeli Army, and, because of footnote 5 cited in the D.C. Circuit's opinion, the Court should allow these Defendants to be dismissed. The D.C. Circuit rejected Defendants' argument and did not invite them to renew their Motion to Dismiss upon remand.

2. As this Court may be aware, the Appellate Mandate Doctrine is akin to the Doctrine "The Law of the Case." It essentially provides that the lower Court on remand cannot deviate from the mandate issued by the D.C. Circuit.

3. It is the Plaintiffs' position that, at a minimum, these Defendants should seek leave of Court to deviate from the mandate, affording them an opportunity to renew their motions.

4. The problem is that although the case law is sparse, it appears this Court does not have authority to grant these Defendants leave to file the identical Motion on Remand. See Moore's Federal Practice - Civil § 134.23 (2019).

III. Defendants Who Desire to File Motions Based on Improper Service

1. Plaintiffs' counsel asked Attorney Liebeler for permission to dialogue directly with the attorneys of those clients in an effort to narrow the differences and/or cure the Service of Process issue.

2. Attorney Liebeler did not think that was appropriate, and that is where this matter stands.

IV. Defendants Who Desire to File a Motion to Dismiss Based on Failure to State a Claim

1. Plaintiffs' counsel suggested that attorneys coordinate and possibly narrow down the differences and possibly decide on a brief scheduling.

2. Attorney Liebeler did not think that it was necessary and instructed Plaintiffs' attorneys that he would simply file to secure a date for a scheduling conference.

V. Response to the Justice Department's Recent Filing

1. Plaintiffs' counsel sought to secure information from the Department of Justice on whether the Department would continue to be representing Defendant Elliott Abrams.

2. The reason Plaintiffs raised that issue is because, based upon this Court's holding, it no longer appears that Plaintiffs seek a recovery from Defendant Abrams as a result of conduct he engaged in while being a U.S. employee.

3. This Court had concluded that for twenty-two years, Plaintiffs allegation relate to Defendant Abrams activity as a private U.S. citizen. Therefore, the Plaintiffs could allege that Defendant Abrams was an appropriate Defendant since he was not a government employee during this timeframe. As a result, the Federal Tort Claims Act has no application.

3

4.   The Justice Department raises additional arguments and Plaintiffs' attorneys will be able

to address those issues at the scheduling conference.

5.   At this time, Plaintiffs have not decided whether they will move for leave to file an

Amended Complaint.

*/s/ Martin F. McMahon*

Martin F. McMahon, Esquire
D.C. Bar Number: 196642
Martin F. McMahon & Associates PLLC
1717 K. Street NW – Suite 900
Washington, DC 20006
202-862-4343
mm@martinmcmahonlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Plaintiff's Status Report has been made

through the Court's electronic transmission facilities on the 27th

day of September 2019.


Respectfully Submitted,
/ s /*Martin F. McMahon*
Martin F. McMahon, Esq.
D.C. Bar Number: 196642
Martin F. McMahon & Associates PLLC
1717 K Street N.W., Suite 900
Washington, D.C. 20006
(202) 862 - 4343