**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BASSEM AL-TAMIMI et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 16-cv-445 (TSC) |
| | ) |
| **SHELDON ADELSON et al.,** | ) Oral Argument Requested |
| | ) |
| **Defendants.** | ) |

**<u>SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS FRIENDS OF THE ISRAEL DEFENSE FORCES, LAWRENCE ELLISON, AND HAIM SABAN'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)</u>**

Defendants Friends of the Israel Defense Forces ("FIDF"), Lawrence Ellison, and Haim Saban (collectively, the "IDF Donor Defendants") join the omnibus Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (12)(b)(6). Defendants Ellison and Saban also join in the Omnibus Memorandum of Law in Support of Motions to Dismiss Pursuant to Federal Rule 12(b)(2) for Lack of Personal Jurisdiction. Defendants FIDF, Ellison, and Saban respectfully submit this separate memorandum of law to address a ground for complete dismissal of the Amended Complaint as to them that is not common to other Defendants—namely, Plaintiffs' waiver of claims based on conduct by the Israeli military.

## BACKGROUND

The Amended Complaint's allegations as to Defendant FIDF are limited to Count I (civil conspiracy) and Count II (war crimes). The Amended Complaint's allegations as to Defendants Ellison and Saban are limited to Count II (war crimes) and Count III (aiding and abetting). Essentially, Plaintiffs allege that FIDF is conspiring to expel non-Jewish individuals from the West Bank and Gaza and committing war crimes, both through contributions to the Israeli military. In turn, Plaintiffs allege that Defendants Ellison and Saban are committing or aiding and abetting war crimes by supporting the Israeli military through donations to FIDF. For example:

- Am. Compl. n. 37 – "Defendants . . . Saban[] and Ellison have not been named in the conspiracy described [in Count I], but are named as Defendants in Counts II and III for intentionally funding the commission of war crimes by making significant contributions to the Israeli army."

- Am. Compl. ¶ 35 – "[Ellison] and his wife enthusiastically support IDF criminal activities, and they have donated not less than $10 million to the IDF, based on a donation they made in 2014 alone . . . Defendant Ellison has openly advocated in defense of Israeli army activities in the [West Bank and Gaza]

1

- and he has also been named in Counts II and III (Aiding and Abetting the Commission of War Crimes)."

- Am. Compl. ¶ 40 – "Defendant Haim Saban has been named in Counts II and III . . . Through his various philanthropic entities, he has transferred approximately $10 million to the FIDF, which transferred those funds to the Israeli army."

- Am. Compl. ¶ 49 – "[FIDF] is a U.S. tax-exempt entity . . . whose sole purpose is to solicit and accept financial contributions destined to be transferred to the Israeli army (IDF) . . . furnishing money for a military entity engaged in conflict in the [West Bank and Gaza], whose inhabitants are at peace with the U.S." (internal citation omitted).

- Am. Compl. ¶ 145 – "[T]o further the goals of the conspiracy, all of the conspirators [named in Count I] have committed numerous and repeated overt acts for at least 30 years, e.g., the Defendant tax-exempt entities have transferred huge amounts of monies to the Israeli army and to the settlements."

- Am. Compl. ¶ 184 – "All donor Defendants named in [Count II] have made significant contributions to the Israeli army ($104 million in 2014), and as a result have violated the following statutes and conventions . . ."

- Am. Compl. Ex. C – Plaintiffs who list Defendants Ellison or Saban as "donors" and FIDF as the "transferring entity" who are allegedly liable for their injuries claim the injury was caused, in whole or in part, by actions of the Israeli Air Force, soldiers, or other IDF personnel.

## **RELEVANT PROCEDURAL HISTORY**

This Court previously granted the omnibus motion to dismiss Plaintiffs' claims against all Defendants for lack of subject-matter jurisdiction under the political-question doctrine. *See* ECF No. 121. Aside from the political question doctrine, the Court did not consider any other grounds for dismissal as to any defendant except Elliot Abrams. On appeal, the D.C. Circuit held that it did not need to consider whether Plaintiffs' claims based on the conduct of the Israeli military presented political questions because Plaintiffs, in their reply brief before that Court, had

2

"expressly waiv[ed] any theory of liability premised upon the conduct of Israeli soldiers." *Al-Tamimi v. Adelson*, 916 F.3d 1, 9 n.5 (D.C. Cir. 2019).  Taking Plaintiffs' waiver into account, the D.C. Circuit held that political question doctrine did not necessarily strip the Court of jurisdiction over Plaintiffs' remaining claims and remanded for further proceedings on February 19, 2019.  *See, e.g., id.* at 13-14.  The Circuit did not decide or address any other Rule 12 arguments.

In the "Background" section of its opinion, the D.C. Circuit, in passing, inaccurately summarized some of Plaintiffs' general allegations.  The panel stated that the Amended Complaint alleged that "the individual defendants … funneled millions of dollars through the defendant tax-exempt entities … to Israeli villages called 'settlements.'"  *Id.* at 4.  That statement was overbroad, because the IDF Donor Defendants were alleged to have supported only the Israeli military, not the settlers.  Accordingly, the IDF Donor Defendants filed a petition for panel rehearing, seeking a correction of that misstatement, and asking the panel to amend its ruling to dismiss the appeal or affirm the judgment as to them in light of the panel's holding that all claims concerning the military were waived.  *See* Appeal ECF No. 1778328 at 8.  Plaintiffs did not respond.  In a per curiam order, the panel denied the petition without analysis or comment.  *See* Appeal ECF No. 1779320.

On September 25, 2019, certain Defendants requested a status conference to establish a schedule for future briefing on Rule 12 motions and to address case-management issues, including whether dismissal of some parties was necessitated by Plaintiffs' waiver of claims.  *See* ECF No. 135.  As part of their response, Plaintiffs claimed that the "mandate rule" precluded the IDF Donor Defendants from arguing that they were entitled to dismissal based on Plaintiffs' waiver, because the appellate panel had denied the petition.  *See* ECF No. 150 at 6–7.  In lieu of a status conference, this Court ordered briefing on Defendants' motions to dismiss by minute order.

**ARGUMENT**

I. **Plaintiffs Fail to State a Claim Against the IDF Donor Defendants Because They Have Abandoned All Claims Based on the Conduct of the Israeli Military.**

   a. **The Only Specific Allegations as to the IDF Donor Defendants Are That They Made Donations to the Israeli Military, Not to Israeli Settlers.**

It is incontestable that all of the Amended Complaint's allegations against the IDF Donor Defendants are based solely on their alleged financial donations (direct and indirect) to the Israeli military. The Amended Complaint alleges that FIDF's "*sole purpose* is to solicit and accept financial contributions destined to be transferred to the Israeli army (IDF)." Am. Compl. ¶ 49 (emphasis added) (citation omitted). In turn, the only allegations of wrongdoing against Defendants Ellison and Saban are based on the claim that they made "tax-deductible donations to the FIDF." *Id*. ¶ 183.[1] Because Plaintiffs expressly abandoned all claims based on conduct of the Israeli military—both before the D.C. Circuit (*Al-Tamimi*, 916 F.3d at 9 n.5, 13) and here (ECF No. 150 at 2)—all their claims against the IDF Donor Defendants must be dismissed.

In their recent response to the motion for a status conference, Plaintiffs maintained that their case against FIDF (and presumably Ellison and Saban) was *not* based solely on allegations about support for the military, because they supposedly pleaded that "FIDF also funds the Israeli settlers and settler militias." ECF No. 150 at 2. That contention is flatly contradicted by the Amended Complaint itself, which alleged that FIDF's "sole purpose" is to donate to the Israeli

---

[1] The preceding paragraph describes another "category" of war criminals—"donors/entities, armed settlers, settlement security coordinators, and G4S personnel"—whose conduct "was detailed in Count I." Am. Compl. ¶ 182. Defendants Ellison and Saban are expressly not included in Count I, though Defendant FIDF is included in that Count.

army. Am. Compl. ¶ 49. More pointedly, it is not accompanied by any citation to a supporting paragraph from Plaintiffs' Amended Complaint—because there is none.[2,3]

Plaintiffs' inclusion of several group-pled allegations does not change this fact. *See* Am. Compl. ¶ 127 (Count I) (alleging that "all" U.S. donors conspired to raise money for settlements); ¶ 218 (Count II) ("all" defendants engaged in war crimes); ¶ 231 (Count III) ("all" defendants raised money for the army and settlers). Vague, conclusory group pleading cannot survive a motion to dismiss. This Court has held that "shotgun" pleadings, like those rampant in the Amended Complaint—"in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'"—do not comply with the pleading standards of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 417 (D.D.C. 2017) (quoting *Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014)), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C.

---

[2] There is only one sentence in the entire Amended Complaint that even mentions any of the IDF Donor Defendants in the same sentence as settlers: "Defendant FIDF's senior officials and FFF members have intentionally assisted and cooperated with settlement security coordinators (paid by settlement officials with funds originating in America) and armed settlers by providing the necessary funding to promote settlement expansion." Am. Compl. ¶ 203. That solitary example does not save Plaintiffs' claims. First, the allegation refers to unnamed FIDF "senior officials," not FIDF itself. Second, it is a conclusory allegation without evidentiary support. Third, it is contradicted by the allegation in the same Amended Complaint that FIDF's "*sole purpose* is to solicit and accept financial contributions destined to be transferred *to the Israeli army*," *see id*. ¶ 49 (emphasis added). Finally, FIDF's mission statement—available on FIDF's website, which Plaintiffs themselves cite, Am. Compl. ¶ 49 n.116—notes that FIDF is "a non-political, non-military organization" that provides "educational, cultural, recreational, and social services programs" for IDF soldiers, veterans, and family members. *See* FIDF, "Mission" and "About Us," *available at* https://www.fidf.org/about-fidf. Because Plaintiffs themselves cite it, the website is incorporated by reference. *See, e.g.*, *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015).

[3] Moreover, in light of FIDF's mission and actual activities (providing educational, cultural, recreational, and social services programs and facilities to soldiers, veterans, and their families), it is not reasonable to assume the donations alleged in the Amended Complaint (donations to fund military actions) actually occurred. As explained in footnote 2, the Court may take notice of FIDF's true purpose and activities because Plaintiffs have incorporated documents into their Amended Complaint that demonstrate them.

Cir. Nov. 1, 2017). Rule 8(a) requires that a complaint against multiple defendants plainly delineate which claims and allegations apply to which defendant, so each party is placed on fair notice of the specific claims against it and the grounds on which they rest. *Brett v. Attorney Gen. of U.S.*, Civ. A. No. 08-1436, 2008 WL 3851555, at *1 (D.D.C. Aug. 19, 2008) (dismissing complaint where factual allegations did not allow the court to "discern what claim or claims [plaintiff] brings against each defendant"). "[A] plaintiff cannot satisfy the minimum pleading requirements under Rule 8 of the Federal Rules of Civil Procedure by 'lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct.'" *Toumazou v. Turkish Republic of N. Cyprus*, 71 F. Supp. 3d 7, 21 (D.D.C. 2014)) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)); *Bates v. Nw. Human Servs., Inc.*, 466 F. Supp. 2d 69, 85 (D.D.C. 2006) (dismissing RICO claims where plaintiffs "generally neglect to distinguish between the defendants when describing the factual underpinnings of the complaint").

Simply put, Plaintiffs cannot rely on conclusory allegations that "all Defendants" supported the settlers, when the specific allegations against the IDF Donor Defendants are plainly otherwise. Here, Plaintiffs have alleged only that IDF Donor Defendants made donations to the Israeli military. All claims based on conduct of the military were waived. The Amended Complaint alleges that the IDF Donor Defendants supported the military and only the military.[4]

### b. The Mandate Rule Does Not Apply Here.

Contrary to Plaintiffs' assertions, the "mandate rule" does not save their claims against the IDF Donor Defendants. Neither the fact that the D.C. Circuit's opinion stated in one place generically that "individual defendants" gave money to "defendant tax-exempt entities" to support

---

[4] Additionally—should this Court find that the claims somehow survived the D.C. Circuit's waiver holding—this Court should consider whether it even has subject-matter jurisdiction over these claims, since the D.C. Circuit's political question decision did not consider them.

6

Israeli settlements, nor the fact that the appellate panel denied the petition for rehearing, binds this Court.

First, the mandate rule applies only to matters necessary to support the judgment—not dicta, misstatements of fact, or matters assumed to be true for purposes of the opinion. *See, e.g.*, Law of the Case—Mandate Rule, 18B Fed. Prac. & Proc. Juris. § 4478.3 (2d ed.); *City of Cleveland v. Fed. Power Comm'n*, 561 F.2d 344, 348 (D.C. Cir. 1977) (explaining that mandate rule is a specific application of the law-of-the-case doctrine). Misstatements of fact in the introductory section of the opinion are typically not necessary to support the judgment and therefore do not bind the district court on remand. *Adams v. United States*, 255 F.3d 787, 796–97 (9th Cir. 2001). Moreover, clearly erroneous matters also fall outside the mandate rule. *United States v. Talero*, 287 F. App'x 369, 370–71 (5th Cir. 2008). Here, the panel's one-off statement about Defendants as a group was both erroneous for the reasons explained above (the Amended Complaint alleges only that the IDF Donor Defendants supported the Israeli military) and was unrelated to that court's ultimate decision on the political-question doctrine. As such, it is not part of the mandate and Plaintiffs may not rely upon it to avoid the clear consequences of their waiver.

Second, the panel's denial of the petition for rehearing is also not part of the mandate. A "summary denial of a petition for rehearing" in a one-sentence order is not a consideration of the merits. *Estate of Parsons v. Palestinian Auth.*, 952 F. Supp. 2d 61, 69 n.6 (D.D.C. 2013) (citing Fifth, Seventh, and Ninth Circuit cases determining that "summary denial has no binding effect on the arguments raised therein"); *see also In re Grand Jury Investigation*, 542 F.2d 166, 173 (3d Cir. 1976) ("The failure of a petition to achieve the necessary votes for rehearing does not … imply any judgment on the merits and has no jurisprudential significance."). There are any number of reasons why the panel may have decided not to rehear the case—from concern about judicial

resources to the conclusion that it would be better for the district court to decide the sufficiency of the complaint against particular defendants on remand.

## **CONCLUSION**

For all of the foregoing reasons, the Court should dismiss the Complaint, as against Defendants FIDF, Lawrence Ellison, and Haim Saban, in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against these Defendants.

Respectfully submitted,

| | |
|---|---|
| */s/ William H. Jeffress, Jr.* | /s/ *Mark D. Harris /signature with permission* |
| William H. Jeffress, Jr. (D.C. Bar No. 041152) | |
| Adam Michael Dec (D.C. Bar No. 888187500) | Mark D. Harris (D.C. Bar No. 445900) |
| Julie B. Rubenstein | PROSKAUER ROSE LLP |
| BAKER BOTTS LLP | Eleven Times Square |
| 700 K St. NW | New York, NY 10036 |
| Washington, DC 20001 | Tel: (212) 969-3000 |
| Tel: (202) 639-7844 | Fax: (212) 969-2900 |
| Fax: (202) 585-1004 | mharris@proskauer.com |
| william.jeffress@bakerbotts.com | |
| adam.dec@bakerbotts.com | Jennifer E. Tarr (D.D.C. Bar No. IL0028) |
| julie.rubenstein@bakerbotts.com | 1001 Pennsylvania Ave., NW |
| | Suite 600 South |
| *Counsel for Defendants Lawrence Ellison and Haim Saban* | Washington, DC 20004-2533 |
| | Tel: (202) 416-6846 |
| | Fax: (202) 416-6899 |
| | jtarr@proskauer.com |
| | |
| | *Counsel for Defendant Friends of the Israel Defense Forces* |

## **CERTIFICATE OF SERVICE**

This is to certify that I have on July 3, 2020 served all the parties in this case with this Supplemental Memorandum In Support of Defendants Friends of the Israel Defense Forces, Lawrence Ellison, and Haim Saban's Motion to Dismiss Pursuant to Rule 12(b)(6) in accordance with the notice of electronic filing ("ECF"), which was generated as a result of electronic filing in this Court.

*/s/ William H. Jeffress, Jr.*

William H. Jeffress, Jr., Esq
