**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| BASSEM AL-TAMIMI et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SHELDON ADELSON et al.,<br><br>Defendants. | Case No. 16-cv-445 (TSC)<br><br><br>**Oral Argument Requested** |

**DEFENDANTS' RENEWED MOTION
TO DISMISS THE AMENDED COMPLAINT**

Defendants Sheldon Adelson*[+], Lawrence Ellison*, John Hagee*, Dr. Irving Moskowitz*[+], Haim Saban*, Norman Braman*[+], American Friends of Ariel*, American Friends of Bet El Yeshiva*[+], Christian Friends of Israeli Communities*, Efrat Development Foundation*, The Falic Family Foundation, Inc.*, Friends of the Israel Defense Forces, Gush Etzion Foundation*, Honenu National Legal Defense Organization*, The Hebron Fund*, Bank Leumi USA*,  RE/MAX, LLC*, Hewlett Packard Enterprise Co.*, Motorola Solutions, Inc.*,

and Jewish National Fund* (collectively "Defendants") hereby renew[1] their motion to dismiss

Plaintiffs' Amended Complaint (the "Complaint" or "AC").[2]

As detailed in the memoranda of law, appendices, and supporting papers filed herewith,

and as previewed in Defendants' Motion to Dismiss the Amended Complaint, dated January 27,

2017, ECF No. 107, and Defendants' Notice Regarding Forthcoming Motions to Dismiss, dated

September 15, 2016, ECF No. 93, all of the above Defendants move this Court for an order

dismissing the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) as

the Court lacks subject matter jurisdiction over the claims asserted in the Complaint, and the

Complaint also fails to state any valid claims for relief.  In addition, each Defendant above

whose name is designated with an asterisk ("*") also moves on the ground of lack of personal

jurisdiction pursuant to Rule 12(b)(2), and each Defendant whose name is designated with a plus

sign ("+") also moves on the ground of lack of proper service of process pursuant to Rule

12(b)(5).  Pursuant to the Court's Order dated December 15, 2016, ECF No. 97, Defendants

reserved these arguments until after the resolution of their earlier motion to dismiss pursuant to

Rule 12(b)(1).  A proposed order is filed herewith.

---

[1]      Because Defendant Norman Braman never was properly served, he had not yet entered an appearance when Defendants first moved to dismiss.  Defendant Braman now joins the renewed motion to dismiss on all grounds.

[2]      Plaintiffs' Notice of Voluntary Dismissal of Veolia North America, dated June 30, 2020, ECF No. 160, negates Defendant Veolia North America's need to renew its motion to dismiss.

Dated:  Washington, D.C.
July 3, 2020

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON
LLP

By: */s/ Alexis L. Collins*

Alexis L. Collins (D.C. Bar No. 474599)
2112 Pennsylvania Avenue, NW
Suite 1000
T: 202-974-1500
F: 202-974-1999
alcollins@cgsh.com

Jonathan I. Blackman (admitted *pro hac vice*)
One Liberty Plaza
New York, NY 20006
T: 212-225-2000
jblackman@cgsh.com

*Counsel for Defendant Bank Leumi USA*

COVINGTON & BURLING LLP

By: */s/ John E. Hall*
*/Signature with Permission*

John E. Hall (D.C. Bar No. 415364)
David M. Zionts (D.C. Bar No. 995170)
Carlton E. Forbes (D.C. Bar No. 1656612)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
jhall@cov.com
dzionts@cov.com

*Counsel for Defendant Hewlett Packard Enterprise Co.*

BAKER BOTTS L.L.P.

By: */s/ William H. Jeffress, Jr.*
*/Signature with Permission*

William H. Jeffress, Jr. (D.C. Bar No. 041152)
Adam Michael Dec (D.C. Bar No. 888187500)
Julie B. Rubenstein
700 K St. NW
Washington, DC 20001
Tel: (202) 639-7844
Fax: (202) 585-1004
william.jeffress@bakerbotts.com
adam.dec@bakerbotts.com
julie.rubenstein@bakerbotts.com

*Counsel for Defendants Lawrence Ellison and Haim Saban*

IFRAH PLLC

By: */s/ George R. Calhoun*
*/Signature with Permission*

George R. Calhoun (D.C. Bar No. 60641)
1717 Pennsylvania Ave., NW
Suite 650
Washington D.C., 20006
T: (202) 524-4140
F: (202) 524-4141
george@ifrahlaw.com

*Counsel for Defendant Motorola Solutions, Inc.*

MELAND RUSSIN & BUDWICK, P.A.

By: */s/ Gabriel Groisman*
*/Signature with Permission*

Gabriel Groisman, Esquire (admitted *pro hac vice*)
(Florida Bar No. 25644)
200 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Phone: (305) 358-6363
Fax: (305) 358-1221
E-mail: ggroisman@melandrussin.com

COFFEY BURLINGTON, PL

Andrew H. Marks (D.C. Bar No. 932269)
amarks@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261

*Counsel for Defendant The Falic Family*
*Foundation, Inc.*

FOLEY & LARDNER LLP

By: */s/ Barry G. Felder*
*/Signature with Permission*

Barry G. Felder (D.C. Bar No. 307736)
90 Park Avenue
New York, New York 10016
T: 212-338-3540
F: 212-687-2329
bgfelder@foley.com

Michael J. Tuteur (Bar No. D00202)
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
T: 617-342-4016
F: 617-341-4001
mtuteur@foley.com

*Counsel for Defendant Sheldon G. Adelson*

4

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By: */s/ Christopher M. Loveland*
*/Signature with Permission*

Christopher M. Loveland
(D.C. Bar No. 473969)
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1924
Facsimile: (202) 747-3832
cloveland@sheppardmullin.com

*Counsel for Defendant Dr. Irving Moskowitz*

PROSKAUER ROSE LLP

By: */s/ Mark D. Harris*
*Signature with Permission*

Mark D. Harris (D.C. Bar No. 445900)
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3530
Facsimile: (212) 969-2900
Email: mharris@proskauer.com

Jennifer E. Tarr (D.D.C. Bar No. IL0028)
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004-2533
Telephone: (202) 416-6846
Facsimile: (202) 416-6899
Email:  jtarr@proskauer.com

*Counsel for Defendant Friends of the
Israel Defense Forces*

ZELL, ARON & CO.

By: */s/ Lawrence Marc Zell*
*/Signature with Permission*

Lawrence Marc Zell
(D.C. Bar No. 959437)
34 Ben Yehuda Street
15th Floor
City Tower Building
Jerusalem 9423001 Israel
Direct Phone: 011-972-2-633-6301
Main Telephone: 011-972-2-633-6300
Cell Phone: 011-972-52-869-9000
Email: mzell@fandz.com

*Counsel for Defendants American Friends of Ariel, Inc., Gush Etzion Foundation, The Hebron Fund, Christian Friends of Israeli Communities, Honenu National Legal Defense Organization*

LARS LIEBELER PC


By: */s/ Lars H. Liebeler*
*/Signature with Permission*

Lars H. Liebeler (D.C. Bar No. 416666)
900 7th Street, N.W., Suite 725
Washington, D.C. 20001
Direct Telephone: (202) 774-1510
Email: LLiebeler@LHL-LawFirm.com

*Counsel for Defendant John Hagee*

O'HAGAN MEYER

By: */s/ Michael E. Barnsback*
*/Signature with Permission*

Michael E. Barnsback (USDC Bar No. VA015)
411 E. Franklin Street, Suite 500
Richmond, VA 23219
PH 804-403-7100
FX 804-403-7110
mbarnsback@ohaganmeyer.com

KELLY LAW PARTNERS, LLC

By: */s/ William J. Kelly III*
*/Signature with Permission*

William J. Kelly III (admitted *pro hac vice*)
501 South Cherry Street, Suite 1100
Denver, CO 80246
Telephone:  (720) 236-1801
Facsimile:   (720) 236-1799
Email: wkelly@kellylawpartners.com

*Counsel for Defendant RE/MAX, LLC*

RIFKIN WEINER LIVINGSTON LLC

By: */s/ Charles S. Fax*
*/Signature with Permission*

Charles S. Fax (D.C. Bar No. 198002)
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Facsimile: (301) 951-0172
Email: cfax@rwlls.com

*Counsel for Defendant Jewish National Fund*

DAVID ABRAMS, ATTORNEY AT LAW

By: */s/ David Abrams*
*/Signature with Permission*

David Abrams (Bar No. NY0201)
305 Broadway, Suite 601
New York, NY 10007
212-897-5821
dnabrams@gmail.com

*Counsel for Defendant Efrat Foundation USA*

JONES DAY

By: */s/ Eric Snyder*
*/Signature with Permission*

Eric Snyder (D.C. Bar No. 1001610)
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3435
esnyder@jonesday.com

*Counsel for Defendant Norman Braman*

DAVID I. SCHOEN

By: */s/ David I. Schoen*
*/Signature with Permission*

David I. Schoen (D.C. Bar No. 391408)
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: dschoen593@aol.com

*Counsel for Defendant American Friends of Bet El Yeshiva*

THE AMERICAN CENTER FOR LAW AND JUSTICE

By: */s/ Jay Alan Sekulow*
*/Signature with Permission*

Jay Alan Sekulow (D.C. Bar No. 496335)
Benjamin P. Sisney (D.C. Bar No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Email: sekulow@aclj.org
Email : bsisney@aclj.org
Telephone: (202) 546-8890
Facsimile: (202) 546-9309

*Co-Counsel for Defendant Gush Etzion Foundation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| **BASSEM AL-TAMIMI, et al.** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Civil Action No. 1:16-cv-00445-TSC** |
| **v.** | ) | |
| | ) | |
| **SHELDON ADELSON, et al.** | ) | **Oral Argument Requested** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____ | ) | |

**OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FEDERAL RULE 12(B)(2) FOR LACK OF PERSONAL
JURISDICTION AND 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO
      ALLEGE ANY FACTS SUPPORTING PERSONAL JURISDICTION
      OVER THE MOVING DEFENDANTS .......................................................................... 2

      A.    There Is No Basis for General Jurisdiction ............................................................. 3

      B.    The Complaint Fails to Allege Specific Personal Jurisdiction ............................... 3

            1.    The Court Cannot Assert Personal Jurisdiction Under
                  Rule 4(k)(1)(A) ........................................................................... 4

            2.    The Court Cannot Assert Personal Jurisdiction Under Rule
                  4(k)(1)(C) ..................................................................................... 8

II.   THE COMPLAINT SHOULD BE DISMISSED AS TO THE MOVING
      DEFENDANTS BECAUSE PLAINTIFFS HAVE FAILED TO PROVIDE
      SUFFICIENT SERVICE OF PROCESS ........................................................................ 10

      A.    Plaintiffs Cannot Request a Waiver of Service and Effectuate Service
            at The Same Time ................................................................................................ 13

      B.    The Court Should Not Extend Plaintiffs' Time to Serve Defendants ................... 17

CONCLUSION ........................................................................................................................ 18

# TABLE OF AUTHORITIES[*]

**Page(s)**

**Cases**

*Al-Tamimi v. Adelson*,
916 F.3d 1 (D.C. Cir. 2019) ...................................................................7

*Anderson v. Gates*,
20 F. Supp. 3d 114 (D.D.C. 2013) ........................................................18

*Atlantigas Corp. v. Nisource, Inc.*,
290 F. Supp. 2d 34 (D.D.C. 2003) .......................................................2, 7

*Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*,
489 F.3d 1356 (D.C. Cir. 2007) ...........................................................14

*Collingsworth v. Drummond Co. Inc.*,
No. CV 19-1263 (ABJ), 2020 WL 2800612 (D.D.C. May 29, 2020) ..................3, 7

*Colston v. First Guarantee Commercial Mortg. Corp.*,
665 F. Supp. 2d 5 (D.D.C. 2009) .................................................... 17-18

*Crane v. N.Y. Zoological Soc'y*,
894 F.2d 454 (D.C. Cir. 1990) ...............................................................2

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*,
840 F.2d 685 (9th Cir. 1988) ...............................................................17

*Duarte v. Nolan*,
190 F. Supp. 3d 8 (D.D.C. 2016) ...........................................................3

*Eagle Energy, Inc. v. Dist. 17, UMW*,
177 F.R.D. 357 (S.D. W.Va. 1998) .......................................................15

*Eggink v. Trump*,
257 F. Supp. 3d 27 (D.D.C. 2017) .......................................................3, 5

*Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*,
693 F. Supp. 2d 4 (D.D.C. 2010) ...........................................................5

---

[*] Asterisks identify the authorities on which Defendants chiefly rely.

*FC Inv. Grp. LC v. IFX Markets, Ltd.*,
　　529 F.3d 1087 (D.C. Cir. 2008) .................................................................3, 7

*\*First Chicago Int'l v. United Exch. Co., Ltd.*,
　　836 F.2d 1375 (D.C. Cir. 1988) ....................................................................2

*Forras v. Rauf*,
　　812 F.3d 1102 (D.C. Cir. 2016) ....................................................................2

*Gonzalez v. Thomas Built Buses, Inc.*,
　　268 F.R.D. 521 (M.D. Pa. 2010) .................................................................14

*GTE New Media Servs., Inc. v. BellSouth Corp.*,
　　199 F.3d 1343 (D.C. Cir. 2000) .................................................................5, 6

*In re Papst Licensing GMBH & Co. KG Litig.*,
　　590 F. Supp. 2d 94 (D.D.C. 2008) ............................................................ 2-3

*Jacobsen v. Oliver*,
　　201 F. Supp. 2d 93 (D.D.C. 2002) ...............................................................8

*Kaempe v. Myers*,
　　367 F.3d 958 (D.C. Cir. 2004) ......................................................................6

*Kissi v. U.S. Dep't of Justice*,
　　793 F. Supp. 2d 233 (D.D.C. 2011) ...........................................................10

*Klayman v. Obama*,
　　125 F. Supp. 3d 67 (D.D.C. 2015) .....................................................6, 11, 12

*Leeke v. Timmerman*,
　　454 U.S. 83 (1981).....................................................................................10

*Linda R.S. v. Richard D.*,
　　410 U.S. 614 (1973)...................................................................................10

*\*Mann v. Castiel*,
　　681 F.3d 368 (D.C. Cir. 2012) ....................................................................11

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
　　339 U.S. 306 (1950)...................................................................................17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
　　526 U.S. 344 (1999)...................................................................................11

*Mwani v. Bin Laden*,
    417 F.3d 1 (D.C. Cir. 2005) .................................................................................9

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*,
    484 U.S. 97 (1987) ......................................................................................2, 11

*Prunte v. Univ. Music Grp.*,
    484 F.Supp.2d 32, 42 (D.D.C. 2007) ...............................................................10

*Queen v. Feden*,
    No. 04-2607, 2005 U.S. Dist. LEXIS 17061 (D. Kan. Aug. 12, 2005) ...................................15

*Reshard v. Stevenson*,
    No. 18-7184, 2020 U.S. App. LEXIS 8960 (D.C. Cir. Mar. 20, 2020) ...................................18

*Richards v. Duke Univ.*,
    480 F. Supp. 2d 222 (D.D.C. 2007) .....................................................................8

*Rockefeller v. Rehnquist*,
    No. 03-5282, 2004 WL 210649 (D.C. Cir. 2004) .................................................10

*Shaw v. District of Columbia*,
    No. 05-1284, 2006 U.S. Dist. LEXIS 29423 (D.D.C. May 15, 2006) ....................15, 16, 17

*Sosa v. Alvarez-Machain*,
    542 U.S. 692 (2004) ........................................................................................9

*Taylor v. Howard Univ.*,
    200 F. Supp. 3d 196 (D.D.C. 2016) ..............................................................11, 18

*Teamsters Local 639 Employers, Health Trust v. Hileman*,
    988 F. Supp. 2d 18 (D.D.C. 2013) .....................................................................17

*\*Thompson Hine, LLP v. Taieb*,
    734 F.3d 1187 (D.C. Cir. 2013) .......................................................................5, 6

*Umbenhauer v. Woog*,
    969 F.2d 25 (3d Cir. 1992) ..............................................................................14

*United States v. 8 Gilcrease Lane, Quincy Florida 32351*,
    641 F. Supp. 2d 1 (D.D.C. 2009) .....................................................................10

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010) ......................................................................................17

**Statutes and Rules**

18 U.S.C. § 981 ........................................................................................................... 9-10

Advisory Comm. Notes to Fed. R. Civ. P. 4(d) ........................................................14

D.C. Code Ann. § 13-422 ............................................................................................3

D.C. Code Ann. § 13-423 .........................................................................................4, 5

Fed. R. Civ. P. 4 .................................................................................................. *passim*

Defendants Sheldon Adelson, Dr. Irving Moskowitz, Norman Braman, Lawrence Ellison, Haim Saban, John Hagee, Bank Leumi USA, Hewlett Packard Enterprise Co. ("HPE"), American Friends of Bet El Yeshiva, American Friends of Ariel, Inc. ("AFA"), Gush Etzion Foundation ("GEF"), The Hebron Fund, Christian Friends of Israeli Communities ("CFOIC"), Honenu National Legal Defense Organization ("Honenu"), Efrat Development Foundation, Jewish National Fund ("JNF-USA"), Motorola Solutions, Inc. ("Motorola"), The Falic Family Foundation, Inc. ("FFF"), and RE/MAX, LLC ("RML") respectfully submit this omnibus memorandum of law in support of their motions to dismiss Plaintiffs' Amended Complaint (the "Complaint" or "AC") for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[1]  In addition, Defendants Sheldon Adelson, Dr. Irving Moskowitz, Norman Braman, and American Friends of Bet El Yeshiva respectfully submit this omnibus memorandum of law in support of their motions to dismiss the Complaint for failure to provide lawful service of process under Federal Rule of Civil Procedure 12(b)(5).[2]

## INTRODUCTION

The Due Process Clause of the Fifth Amendment requires, at a minimum, that actions cannot be maintained against defendants unless they have been properly served with the

---

[1] All Defendants except Friends of the Israel Defense Forces ("FIDF") have moved to dismiss for lack of personal jurisdiction.  Defendants FIDF, Ellison, and Saban argue in a separate memorandum of law that Plaintiffs' waiver of claims based on the conduct of the Israeli military requires dismissal of the Complaint in its entirety as to them because Plaintiffs allege they are liable only because they made contributions to the Israeli military.  Granting this motion to dismiss for lack of personal jurisdiction would therefore dispose of the case in its entirety.

[2] The moving Defendants preserved these defenses in their initial September 15, 2016 notice regarding their planned motions to dismiss, ECF 93, but did not previously brief them in light of the Court's December 15, 2016 Order, ECF 97, which instructed Defendants to jointly file an omnibus motion to dismiss pertaining only to Federal Rule of Civil Procedure 12(b)(1) and to reserve any personal jurisdiction and service of process arguments until after the resolution of the 12(b)(1) motion.

complaint and the court can exercise personal jurisdiction over them. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). These are interrelated concepts because a court cannot exercise personal jurisdiction over a defendant who has not been properly served. *See id.*; Fed. R. Civ. P. 4(k). Here, Plaintiffs have failed to identify any cognizable basis under which this Court can exercise personal jurisdiction over the moving Defendants, nor have certain Defendants ever been properly served.

## I.   THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO ALLEGE ANY FACTS SUPPORTING PERSONAL JURISDICTION OVER THE MOVING DEFENDANTS

Plaintiffs bear the burden of establishing personal jurisdiction over each Defendant. *Crane v. N.Y. Zoological Soc'y*, 894 F.2d 454, 456 (D.C. Cir. 1990). Where a court lacks jurisdiction, it "cannot proceed at all." *Forras v. Rauf*, 812 F.3d 1102, 1105 (D.C. Cir. 2016) (en banc) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

In order to survive a motion to dismiss for lack of personal jurisdiction, the "plaintiff must make a prima facie showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co., Ltd.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988). To show that personal jurisdiction exists, the plaintiff "must allege specific acts connecting each defendant with the forum." *Id.* A plaintiff "cannot rely on conclusory allegations" to establish personal jurisdiction. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). A plaintiff also "cannot aggregate factual allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant." *Id.* And "the 'bare allegation' of conspiracy or agency is insufficient." *In re Papst Licensing GMBH & Co. KG Litig.*, 590 F. Supp. 2d 94, 97-98 (D.D.C. 2008) (quoting *First Chi. Int'l*, 836 F.2d at 1378-79). Further, "the Court need not treat all of the plaintiff's jurisdictional allegations as true," and "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts."

*Collingsworth v. Drummond Co. Inc.*, No. CV 19-1263 (ABJ), 2020 WL 2800612, at *5 (D.D.C. May 29, 2020) (internal quotation marks and citations omitted).

Here, as explained below, every basis for personal jurisdiction asserted in the Complaint is insufficient.  Not only do the Complaint's assertions fail to establish a factual basis supporting the exercise of personal jurisdiction over any moving Defendant, they also fail to give either the Defendants or "the district court fair notice" of a proper theory of jurisdiction.  *FC Inv. Grp. LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1095-96 (D.C. Cir. 2008).  The Complaint should therefore be dismissed in its entirety as to the moving Defendants.

Courts must possess either general or specific jurisdiction over a defendant.  *Eggink v. Trump*, 257 F. Supp. 3d 27, 29 (D.D.C. 2017) (Chutkan, J.) (plaintiff failed to meet the burden of establishing general or specific personal jurisdiction over defendants where complaint contained no "specific factual allegations connecting [d]efendants' conduct with the District of Columbia").  Plaintiffs fail to establish either.  The Complaint therefore should be dismissed in its entirety as to the moving Defendants.

### A.      There Is No Basis for General Jurisdiction

For this Court to have general jurisdiction, Defendants must (a) meet the requirements of D.C. Code § 13-422 that they are domiciled, incorporated, or maintain their principal place of business in the District; and (b) have contacts with the District that "are so constant and pervasive as to render [it] essentially at home in the forum state."  *Duarte v. Nolan*, 190 F. Supp. 3d 8, 12 (D.D.C. 2016) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014)).  Here, as set forth in Appendix 1, filed herewith, these requirements are not satisfied.

### B.      The Complaint Fails to Allege Specific Personal Jurisdiction

As set forth in Federal Rule of Civil Procedure 4(k), a federal court may exercise specific

personal jurisdiction over non-resident defendants in four situations, only two of which potentially are relevant here.[3]  It may apply the forum state's jurisdictional statute.  *See* Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant … who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").  Or, it may exercise personal jurisdiction as specifically "authorized by a federal statute."  *See* Fed. R. Civ. P. 4(k)(1)(C). However, neither basis for specific jurisdiction exists here.[4]

### 1.     The Court Cannot Assert Personal Jurisdiction Under Rule 4(k)(1)(A)

Rule 4(k)(1)(A) allows a federal court to exercise personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).  The District of Columbia's long-arm statute (D.C. Code Ann. § 13-423) permits courts in the District to exercise specific jurisdiction "over a person, who acts directly or by an agent, as to a claim for relief arising from the person's … transacting any business in the District of Columbia."[5]  D.C. Code § 13-423(a)(1).  "Importantly,

---

[3] Rule 4(k)(1)(B) regarding joinder of parties under Rule 14 or 19 has no relevance to this case. Nor does Rule 4(k)(2), which the Complaint references as a potential source of personal jurisdiction over international defendants.  AC ¶ 11.  That Rule is applicable only when "the defendant is *not* subject to jurisdiction in any state's court of general jurisdiction."  Fed. R. Civ. P. 4(k)(2)(A) (emphasis added).  Now that all foreign Defendants have been dismissed from the case, the remaining Defendants are subject to the jurisdiction of some state, meaning that Rule 4(k)(2) does not apply to any Defendant.  *See* Plaintiffs' Notice of Voluntary Dismissal of Certain Defendants (May 4, 2020), ECF 157.

[4] Of course, both conditions also require proper service of process.  Plaintiffs' failure to effect such service on certain Defendants is addressed in Section II, *infra*.

[5] The D.C. long-arm statute also permits jurisdiction over claims arising from a series of other circumstances, including contracting to supply services in the District and possessing real property in the District, none of which have been alleged in the Complaint.  *See* D.C. Code Ann. § 13-423(a)(2)-(7).

where jurisdiction is based solely on the D.C. long-arm statute, only a claim for relief *arising from acts enumerated in this section* may be asserted against the defendants." *Eggink*, 257 F. Supp. 3d at 29 (internal quotation marks and citation omitted).  This means that the claims must "bear some relationship" to the defendant's acts in the forum.  *Estate of Manook v. Research Triangle Inst., Int'l & Unity Res. Grp., L.L.C.*, 693 F. Supp. 2d 4, 13 (D.D.C. 2010) (quoting *Jackson v. Loews Washington Cinemas, Inc.*, 944 A.2d 1088, 1092 (D.C. 2008)).  In *Estate of Manook*, for example, the court concluded that the claims at issue failed to satisfy the D.C long-arm statute because the tortious acts alleged occurred in Iraq and "[p]laintiffs have alleged no legitimate and substantial connection between the acts that occurred in Iraq and this District to form a basis for jurisdiction."  *Id.*

Even if the D.C. long-arm statute is satisfied, this Court must analyze whether the exercise of such jurisdiction comports with the Due Process Clause.  *GTE New Media Servs., Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).  This in turn requires a showing that "there are 'minimum contacts' between the defendant and the forum 'such that he should reasonably anticipate being haled into court'" in the forum.  *Thompson Hine, LLP v. Taieb*, 734 F.3d 1187, 1189 (D.C. Cir. 2013) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Constitutionally sufficient contacts therefore exist only where a defendant "has engaged in significant activities within a State or has created 'continuing obligations' between himself and residents of the forum."  *Thompson Hine*, 734 F.3d at 1190 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76 (1985)).  These limits ensure that the maintenance of a particular suit "does not offend traditional notions of fair play and substantial justice."  *GTE New Media Services*, 199 F.3d at 1347 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

The Complaint here fails to allege that Plaintiffs' claims arise from any specific business that Defendants transacted in the District.  Instead, the Complaint alleges, and in conclusory fashion that Defendants all attended meetings within the district, without providing any details of such meetings or their frequency or in many cases linking them to the alleged claims.  For example, the Complaint states that certain Defendants "held meetings with settlement leaders, IDF representatives, and international conglomerate representatives in this judicial district and elsewhere within the United States."  AC ¶ 1(h).  Although it cites a secondary source for this information, that source states nothing of the sort.  *See* Ex. A[6] (John J. Mearsheimer & Stephen M. Walt, *The Israel Lobby* 204-28 (2007)); *see also Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004) (declining to "accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint"); *Klayman v. Obama*, 125 F. Supp. 3d 67, 74 n.7 (D.D.C. 2015) (Chutkan, J.) (same).  Similarly, the Complaint claims that "[a]ll of the Defendants attend AIPAC's annual policy conference, where IDF senior officers and Defendant Abrams have been featured speakers."  AC ¶ 17.  The Complaint cites the same secondary source, which again does not support Plaintiffs' assertion, since the source actually does not identify any moving Defendants as having attended any such meeting.  The Complaint's assertion that certain Defendants "attend various dinner galas held in the greater Washington D.C. metropolitan area" similarly is conclusory and irrelevant to this Court's analysis of whether Defendants transacted any business in the District from which Plaintiffs' claims arose.  *Id*. ¶ 28.  In any event, Plaintiffs come nowhere close to alleging facts showing that their claims of injuries in the West Bank or Gaza arise from Defendants' alleged attendance at galas in Washington, D.C.

---

[6] All exhibits to this Omnibus Memorandum are attached to the Declaration of Alexis L. Collins in Support of Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5), filed herewith.

These types of conclusory statements are insufficient to establish personal jurisdiction over Defendants. *See Atlantigas Corp*, 290 F. Supp. 2d at 42. And, to the extent the Complaint purports to rely on a so-called conspiracy theory of personal jurisdiction, AC ¶ 1, the allegations "fall short of the requirement that the plaintiff plead with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy." *FC Inv. Grp. LC*, 529 F.3d at 1098 (internal quotation marks and citation omitted); *see also Collingsworth*, 2020 WL 2800612, at *11 (no basis for conspiracy jurisdiction where plaintiff failed to allege any conspirator committed an act in furtherance of conspiracy sufficient to establish jurisdiction under long-arm statute). Moreover, even if allegations that Defendants interacted with members of the Israeli military and Israeli government in the District were sufficient to establish jurisdiction (they are not), Plaintiffs can no longer assert that their claims arise from such contacts in light of their waiver on appeal of "any theory of liability premised upon the conduct of Israeli soldiers." *Al-Tamimi v. Adelson*, 916 F.3d 1, 9 (D.C. Cir. 2019).[7] These interactions would support specific jurisdiction only if Defendants agreed with the Israeli military to engage in some kind of unlawful conduct. But Plaintiffs expressly have disavowed any such claim. Allegations that certain Defendants participated in fundraising events for the Israeli army, AC ¶ 1(h), have no bearing on the Complaint's remaining theory that Defendants are liable for their alleged assistance to Israeli settlers.

Plaintiffs also attempt to rely on alleged lobbying activities in the District of Columbia. *See, e.g.*, AC ¶¶ 17-19, 26-27, 132. With respect to some of the Defendants, this lobbying is in fact the only alleged contact with the District. *See id.* ¶ 69 (HPE); ¶ 132 (Bank Leumi USA);

---

[7] *See also* Omnibus Mem. of Law in Supp. of Defs' Mot. to Dismiss the Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Section I ("Rule 12(b)(1) and (b)(6) Omnibus Memorandum"), filed herewith.

¶¶ 17, 28 (Adelson); ¶¶ 17, 19 n.63 (Motorola); ¶ 17 (Dr. Irving Moskowitz); ¶ 19 n.63 (RML).

It is well-settled, however, that "[u]nder the so-called 'government contacts exception' to the

long-arm statute, defendants' lobbying activities do not amount to the transaction of any business

in the District of Columbia." *Jacobsen v. Oliver*, 201 F. Supp. 2d 93, 105 n.8 (D.D.C. 2002); *see

also Richards v. Duke Univ.*, 480 F. Supp. 2d 222, 230 (D.D.C. 2007) ("[The defendant's]

government relations and lobbying connections to the District of Columbia also do not form a

basis for asserting personal jurisdiction because of a long-recognized 'government contacts'

exception to the 'transacting business' provision of a long-arm statute to allow for petitioning the

government and the redress of grievances.").  In any event, Plaintiffs do not show any legally

sufficient connection between such lobbying and their injuries.  Accordingly, any allegations of

lobbying activity fail to establish personal jurisdiction over Defendants in the District of

Columbia.

### 2.      The Court Cannot Assert Personal Jurisdiction Under Rule 4(k)(1)(C)

The Complaint also fails to articulate any legal basis for this Court's jurisdiction over any

of the Defendants under Rule 4(k)(1)(C), which applies where jurisdiction is authorized by a

federal statute.  *See* AC ¶¶ 1-14.

### a. Plaintiffs Abandoned Their Previously-Alleged RICO Claim, and the ATS Does Not Provide a Basis for Personal Jurisdiction

Although Plaintiffs initially asserted a claim under the Racketeering Influenced and

Corrupt Organizations Act, 18 U.S.C. § 1962(c), they dropped that claim in the Amended

Complaint.  *Compare* ECF 1 ¶¶ 260-80, *with* ECF 77.  As a result, Plaintiffs no longer assert any

claims for which personal jurisdiction is "authorized by a federal statute."  Fed. R. Civ. P.

4(k)(1)(C).

In particular, the D.C. Circuit squarely has held that the Alien Tort Statute ("ATS") does not create a basis for personal jurisdiction under Rule 4(k)(1)(C).  The ATS can be a basis for federal *subject matter* jurisdiction, for a narrow set of claims arising under international law and federal common law.  *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 721 (2004) ("[T]he ATS was meant to underwrite litigation of a narrow set of common law actions derived from the law of nations.").  However, it "contains no long-arm provision of its own" and as such does not authorize service of process that would support personal jurisdiction under Rule 4(k)(1)(C).  *See Mwani v. Bin Laden*, 417 F.3d 1, 9 (D.C. Cir. 2005).

Finally, as described immediately below, none of the other sources cited in the Complaint – a series of inapplicable criminal statutes and the recommendations of a non-governmental organization – presents a cognizable basis for personal jurisdiction.

### b. The Criminal Statutes Invoked by Plaintiffs Provide No Basis for Personal Jurisdiction

The Complaint cites three federal criminal statutes as supposed bases for this Court to assert personal jurisdiction over Defendants: (a) the Money Laundering Control Act, 18 U.S.C. § 1956(b)(2); (b) the civil asset forfeiture statute, 18 U.S.C. § 981; and (c) the conspiracy to defraud the United States statute, 18 U.S.C. § 371.  *See AC* ¶¶ 5-9.  Plaintiffs, however, do not assert any claims against Defendants on the basis of these statutes, nor could they.  Private citizens do not have standing to prosecute violations of criminal laws.  *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Prunte v. Univ. Music Grp.*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[T]he Supreme Court has refused to imply a private right of action in a bare criminal statute.") (quotations omitted).  Unsurprisingly, therefore, courts have held that these specific statutes provide no private causes of action.  *See Kissi v. U.S. Dep't of Justice*, 793 F. Supp. 2d 233, 235 (D.D.C. 2011) (holding that 18 U.S.C. §

1956 provides no private cause of action); *United States v. 8 Gilcrease Lane, Quincy Florida 32351*, 641 F. Supp. 2d 1, 6 (D.D.C. 2009) (noting that crime victims do not have "the right to litigate their claims in forfeiture proceedings" under 18 U.S.C. § 981); *Rockefeller v. Rehnquist*, No. 03-5282, 2004 WL 210649, at *1 (D.C. Cir. 2004) (per curiam) (affirming the district court's dismissal for lack of a private cause of action under 18 U.S.C. §§ 242 and 371).  Because these criminal statutes cannot serve as the basis for private claims, even if Plaintiffs had asserted them, they cannot provide a basis for this Court to assert personal jurisdiction over Defendants.[8]

* * *

In short, no legally cognizable basis for personal jurisdiction has been asserted with respect to any moving Defendant in this action, and the Complaint should be dismissed on this basis alone under Rule 12(b)(2).  Additional reasons for why the Complaint fails to allege any basis for establishing personal jurisdiction over the individual moving Defendants are set forth in Appendix 1, filed herewith.

## II.     THE COMPLAINT SHOULD BE DISMISSED AS TO THE MOVING DEFENDANTS BECAUSE PLAINTIFFS HAVE FAILED TO PROVIDE SUFFICIENT SERVICE OF PROCESS[9]

Defendants have a constitutional right under the due process clause to be properly served.  According to the Supreme Court, "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  Federal courts cannot exercise

---

[8] Nor can "Amnesty International's 14 Principles on the Effective Exercise of Universal Jurisdiction," AC ¶¶ 12-14, somehow provide a basis for personal jurisdiction.  These principles are not a federal statute and are irrelevant to this Court's analysis of personal jurisdiction.

[9] Defendants Sheldon Adelson, Dr. Irving Moskowitz, Norman Braman, and American Friends of Bet El Yeshiva move to dismiss for failure to provide sufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

"personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (citations and quotations omitted).  In order for there to be personal jurisdiction, "there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum.  There also must be a basis for the defendant's amenability to service of summons.  Absent consent, this means there must be authorization for service of summons on the defendant." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Plaintiffs must accomplish service on each defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m).  If Plaintiffs fail to do so, dismissal of the action is appropriate with respect to defendants who were not properly served.  *See Taylor v. Howard Univ.*, 200 F. Supp. 3d 196, 203 (D.D.C. 2016).  Plaintiffs bear the burden of showing proper service or good cause that would justify extending the service time.  *Klayman v. Obama*, 125 F. Supp. 3d 67, 77 (D.D.C. 2015) (citing *Light v. Wolf*, 816 F.2d 746, 751 (D.C. Cir. 1987) and *Mann*, 681 F.3d at 375).  Good cause exists when external factors outside the plaintiffs' control prevent service, where a plaintiff's *pro se* status justifies leniency, or when a statute of limitations would bar the refiling of the claims.  *Id.*  "Conversely, circumstances such as negligence, attorney mistake, ignorance of the rules governing service, or evidence of a plaintiff's 'inadvertence, oversight, or neglect' do not establish the requisite good cause." *Id.* (quoting *Mann*, 681 F.3d at 376).

Here, as detailed below and in Appendix 2, Plaintiffs failed to effect service within the required time and made no effort to cure the defects.  Plaintiffs filed their original complaint on March 7, 2016, ECF 1.  As set forth in their status report to this Court dated June 3, 2016, ECF 42, Plaintiffs purported to have served the moving Defendants by mail in March 2016.  *Id.*  At a conference with the Court on June 6, 2016, counsel for Plaintiffs confirmed that the package

delivered to each Defendant contained a summons, complaint, and Form AO 398 (the "Notice of

Lawsuit and Request For Waiver of Service of Summons").  *See* Ex. B (June 6, 2016 Hr'g. Tr.

10).  At that conference, Defendants noted that Plaintiffs' mere transmission of the waiver form

by mail along with the pleadings did not effect lawful service.  *Id.* at 13-14.  Nevertheless,

although one month still remained for Plaintiffs to attempt to cure their service defects, they took

no further action to serve any of the moving Defendants.  On June 30, 2016, Defendant Sheldon

Adelson moved to dismiss for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5), again

raising the deficiencies in Plaintiffs' attempted service.  ECF 59.  Plaintiffs opposed the motion

on July 13, 2016, ECF 66, but did not request, even in the alternative, that their deadline to serve

the Complaint be extended.[10]

Plaintiffs filed the Amended Complaint on August 4, 2016.  ECF 77.  On September 16,

2016, Defendants notified the Court of their intent to move to dismiss the Amended Complaint

on various grounds, including insufficient service of process.  ECF 93 at 3.  And on January 27,

2017, certain defendants formally moved to dismiss based on insufficient service of process.

ECF 107.[11]  In the ten months between the filing of Plaintiffs' original Complaint in March 2016

and Defendants' motion to dismiss in January 2017, Plaintiffs never re-served the Defendants,

nor moved to extend their time to do so.  (Neither have they done so in the ensuing four years).

Under these circumstances, there was insufficient service on those Defendants moving on

that ground, and their motion to dismiss must be granted.

---

[10] In light of Plaintiffs' filing of the Amended Complaint and the setting of a briefing schedule
for further motions, the Court denied Mr. Adelson's motion as moot, and without prejudice to
renewal upon further briefing, on December 15, 2016.  ECF 97.

[11] Briefing on the motions was held in abeyance pursuant to the Court's December 15, 2016
Order.  ECF 97.

Because Defendants Braman and Moskowitz were never properly served, they had not

yet entered an appearance when Defendant Adelson first moved to dismiss for insufficient

service.  ECF 59.  These Defendants have never waived service, have never been served, and

now move to dismiss for lack of proper service.

A.    **Plaintiffs Cannot Request a Waiver of Service and Effectuate Service at the Same Time**

The requirements of Federal Rule 4 are clear on how to effectuate service.  Plaintiffs may

choose one of two paths.  First, they may serve Defendants directly with a complaint and

summons.  Fed. R. Civ. P. 4(c).  If Plaintiffs choose this path, Defendants have 21 days from the

date of service to respond to the complaint.  *Id*. at 12(a)(1)(A)(i).  Second, Plaintiffs may request

that Defendants waive formal service of the complaint by properly sending to the Defendants

two waiver forms, a copy of the complaint, and a prepaid means for returning one of the waiver

forms.  *Id*. at 4(d).  If Plaintiffs choose this path, Defendants have either 30 or 60 days to return

the waiver form (depending on whether the Defendant is located within the United States) and

either 60 or 90 days to respond to the Complaint (again, depending on the Defendant's location).

*Id*. at 4(d)(1); *id*. at 12(a)(1)(A)(ii).  If a Defendant does not agree to waive service within the

required time, then Plaintiffs must serve that Defendant pursuant to Rule 4(c) within the 90 days,

and the Court must impose the costs of that service on the Defendant.  *Id*. at 4(d)(2), 4(m).

Plaintiffs claim to have taken both of these service paths at the same time.  As Plaintiffs'

counsel represented to the Court at a scheduling hearing held on June 6, 2016, Plaintiffs

requested that each Defendant waive service under Rule 4(d) by sending two copies of the

waiver form and a copy of the Complaint.  *See* Ex. B (June 6, 2016 Hr'g. Tr. 11:18-23).

However, Plaintiffs also included a summons along with the waiver request and the Complaint,

and they now claim that this effectuated service pursuant to Rule 4(c), even if Defendants refused to waive service. *Id*. 15:9-16:4.

A plaintiff cannot, however, effect service by mail under the Federal Rules "without the affirmative cooperation of the defendant." *See* Advisory Comm. Notes to Fed. R. Civ. P. 4(d). The case law is clear that, when a plaintiff chooses to request a waiver, service is only effective when the defendant returns a signed waiver form. The federal courts have uniformly rejected attempts to claim that service can be effected simultaneously with the mailing of a request for waiver of service. *See Cambridge Holdings Group, Inc. v. Fed. Ins. Co.*, 489 F.3d 1356, 1362 (D.C. Cir. 2007) (noting that service cannot be effected merely by mailing a waiver form but, rather, requires a further effort at service if the waiver is not returned); *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992) (affirming district court's holding that attempted service by mail "which included [a waiver of service form] – but which did not result in an acknowledgment by the defendants" was insufficient to effect service); *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 525 (M.D. Pa. 2010) ("[P]laintiffs have sought a waiver of service from the defendant, and can not retroactively assert service via the state law provision—which, in this instance, would have allowed for service by certified mail."); *Shaw v. District of Columbia*, No. 05-1284, 2006 U.S. Dist. LEXIS 29423, at *8 (D.D.C. May 15, 2006) (holding service ineffective under Rule 4 and D.C. law where plaintiffs sent waiver request along with pleadings to defendant because it "was potentially valid as service only if the recipients acknowledged receipt of the Complaint and thereby waived formal service pursuant to" Rule 4(d)); *accord Queen v. Feden*, No. 04-2607, 2005 U.S. Dist. LEXIS 17061, *58 (D. Kan. Aug. 12, 2005) (holding that sending waiver request and pleadings to a defendant was insufficient because "the mere mailing of the notice and request by a plaintiff does not effectuate service. The defendant

14

must return the waiver of service to the plaintiff, who must then file the waiver with the court.  If the defendant fails to return the waiver, then the plaintiff must effectuate service in a manner provided in subdivision (e), (f), or (h) of Rule 4."); *Eagle Energy, Inc. v. Dist. 17, UMW*, 177 F.R.D. 357, 359, n.5 (S.D. W.Va. 1998) (holding that the waiver of service procedure "is a two-step process and a plaintiff may not recharacterize the first step as service pursuant to a state rule. If a state rule for service has the same requirements as [the Federal Rule], such coincidence cannot by hindsight be converted to a valid service – and a 'gotcha' for the unsuspecting defendant.") (citation omitted).

Plaintiffs' approach to service specifically contradicts the terms of the waiver form approved for use in U.S. district courts, which tracks the language of Rule 4(d) and the case law. According to U.S. Courts Form AO398,

> This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver . . . .

> **What happens next?**

> If you return the signed waiver, I will file it with the court.  The action will *then* proceed *as if* you had been served on the date the waiver is filed . . . .

Ex. C (emphasis added).  The required notice provides further that "[i]f you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you."  *Id.*  By including the summons along with the waiver request, Plaintiffs make meaningless the form's language that "[t]his is not a summons, or an official notice from the court."  *Id.*  Because Plaintiffs already sent the summons and Complaint along with the waiver form, Plaintiffs claim that they would not need to "arrange to have the summons and complaint served on" Defendants.  *Id.*  Plaintiffs' approach, however, negates the language regarding the consequences if defendants fail to return a signed waiver.

In short, Plaintiffs are attempting to use their inability to follow the rules – for which this Court has already warned Plaintiffs[12] – to gain an advantage that was not contemplated in the Federal Rules.  Plaintiffs' approach to service would also make Rule 4's waiver protocol nonsensical.

In response to Defendant Sheldon Adelson's motion to dismiss for lack of proper service, ECF 59, Plaintiffs argued that the Court can take a casual approach when reviewing service of process, determining primarily whether the defendant had "actual notice" of the lawsuit.  *See* ECF 66, at 2-3.  That approach, however, runs directly counter to the relevant case law.  *See Shaw*, 2006 U.S. Dist. LEXIS 29423, at *18 ("It is well-established that a named defendant's actual knowledge of a lawsuit is no substitute for proper service of process under Federal Rule of Civil Procedure 4."); *Teamsters Local 639 Employers, Health Trust v. Hileman*, 988 F. Supp. 2d 18, 24 (D.D.C. 2013) ("Although proper service can be waived, actual notice of a lawsuit is insufficient to constitute waiver and establish personal jurisdiction.").  As this Court already has held, a package including a waiver form and the pleadings does not satisfy Rule 4 service of process requirements unless the "recipients acknowledged receipt of the Complaint and thereby waived formal service."  *Shaw*, 2006 U.S. Dist. LEXIS 29423, at *8.  Plaintiffs do not cite a single case supporting their position that notice alone suffices to hale an individual into court.[13]

---

[12] *See* Aug. 3, 2016 Minute Order ("The court also notes that this is not the first time that Plaintiffs have failed to fully comply with an order of this court and/or Local or Federal Rule. Accordingly, Plaintiffs are hereby advised that their continued failure to abide by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, or the rules or orders of this court may result in the dismissal of this case."); *see also* ECF 52 (motion to dismiss based on Plaintiffs' failure to follow Local Rule 5.1); ECF 82 (motion to dismiss based on Plaintiffs' failure to follow Local Rule 5.1 and Court's July 6, 2016 Order).

[13] *See* ECF 66 at 1-2 (citing *Republic Credit Corp. I v. Rance*, 172 F. Supp. 2d 1178, 1181 (S.D. Iowa 2001) (holding that service was effectuated when process server spoke directly to defendant at his front door, told defendant that he had legal papers to serve, and left them on

**B.      The Court Should Not Extend Plaintiffs' Time to Serve Defendants**

Plaintiffs can show no good cause for their failure to make proper service on Defendants, so this Court should not excuse their negligence.  They have had ample time to serve Defendants, but they have not done so, nor even moved for an extension of time to do so. Plaintiffs have no one to blame but themselves for their failure to follow the rules.

In *Colston v. First Guarantee Commercial Mortg. Corp.*, 665 F. Supp. 2d 5, 8 (D.D.C. 2009), plaintiff requested an extension of time after unsuccessfully attempting to serve the defendant by certified mail, claiming that she did not expect the defendant to contest service. The court dismissed the action, noting that plaintiff was represented by counsel, defendant was not evading service, and the failure to effect service lay "squarely with counsel for [ ] [p]laintiff." 665 F. Supp. 2d at 9; *see also Anderson v. Gates*, 20 F. Supp. 3d 114, 122 (D.D.C. 2013) (declining to extend plaintiff's time to serve where his sole effort at service had been a certified mailing to defendant's business address and where he "did not attempt to perfect service on defendants by any other means").

Plaintiffs have made no efforts to perfect service on Defendants beyond their initial, ineffective attempt to secure waivers of service.  Further, even faced with challenges by multiple defendants to the sufficiency of service (including arguments at a June 6, 2016 status conference and a motion by defendant Adelson in June 2016, ECF 59, both raised prior to the expiration of Plaintiffs' deadline to complete service, as well as a motion by multiple defendants in January

---

defendant's porch when defendant refused the papers); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("[W]ithout substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.") (quotations omitted); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950) (holding that notice to a settlement class via newspaper publication did not meet due process); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (bankruptcy matter regarding notice of discharge request under bankruptcy procedures).

2017, ECF 107, Plaintiffs have made no known service attempts nor have they moved for an extension of time to complete service.[14]  That failure alone demonstrates a lack of "good cause" for their undue delay.  *See Reshard v. Stevenson*, No. 18-7184, 2020 U.S. App. LEXIS 8960, at *5 (D.C. Cir. Mar. 20, 2020) (finding plaintiff's failure to seek an extension of time to complete service could be "construed as an absence of good cause"); *Taylor,* 200 F. Supp. 3d at 203 (dismissing complaint where plaintiff failed to cure its deficient service attempts despite receiving and responding to defendant's motion to dismiss for insufficient service).

Although they claim to have mailed a waiver of service package to each Defendant, Plaintiffs have made no effort to serve Defendants from whom they did not receive a signed waiver of service form, as required by Rule 4.  Under these circumstances, no extension is warranted, and Defendants should be dismissed from this lawsuit.  Additional reasons for why Plaintiffs have failed to serve the individual moving Defendants are set forth in Appendix 2, filed herewith.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Complaint as against the moving Defendants in its entirety with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5).

---

[14] In a June 10, 2016 status report on service, ECF 46, Plaintiffs included a generalized request for "a reasonable extension of time to correct any defects in service upon the Defendants."  But this request was never asserted by motion, and Plaintiffs never subsequently asked the Court for a ruling on this informal request.

Dated:  Washington, D.C.
July 3, 2020

                                        Respectfully submitted,


CLEARY GOTTLIEB STEEN & HAMILTON          COVINGTON & BURLING LLP
LLP

By: */s/ Alexis L. Collins*                By: */s/ John E. Hall*
                                           */Signature with Permission*

Alexis L. Collins (D.C. Bar No. 474599)    John E. Hall (D.C. Bar No. 415364)
2112 Pennsylvania Avenue, NW               David M. Zionts (D.C. Bar No. 995170)
Suite 1000                                 Carlton E. Forbes (D.C. Bar No. 1656612)
T: 202-974-1500                            One CityCenter
F: 202-974-1999                            850 Tenth Street, NW
alcollins@cgsh.com                         Washington, DC 20001-4956
                                           (202) 662-6000
Jonathan I. Blackman (admitted *pro hac vice*)   jhall@cov.com
One Liberty Plaza                          dzionts@cov.com
New York, NY 10006
T: 212-225-2000                            *Counsel for Defendant Hewlett Packard*
jblackman@cgsh.com                         *Enterprise Co.*

*Counsel for Defendant Bank Leumi USA*

                                        19

BAKER BOTTS L.L.P.

By:  */s/ William H. Jeffress, Jr.*
*/Signature with Permission*

William H. Jeffress, Jr. (D.C. Bar No. 041152)
Adam Michael Dec (D.C. Bar No. 888187500)
Julie B. Rubenstein
700 K St. NW
Washington, DC 20001
Tel: (202) 639-7844
Fax: (202) 585-1004
william.jeffress@bakerbotts.com
adam.dec@bakerbotts.com
julie.rubenstein@bakerbotts.com

*Counsel for Defendants Lawrence Ellison and
Haim Saban*


MELAND RUSSIN & BUDWICK, P.A.

By:  */s/ Gabriel Groisman*
*/Signature with Permission*

Gabriel Groisman, Esquire (admitted *pro hac vice*)
(Florida Bar No. 25644)
200 South Biscayne Blvd., Suite 3200
Miami, Florida 33131
Phone: (305) 358-6363
Fax: (305) 358-1221
E-mail: ggroisman@melandrussin.com

COFFEY BURLINGTON, PL

Andrew H. Marks (D.C. Bar No. 932269)
amarks@coffeyburlington.com
yvb@coffeyburlington.com
service@coffeyburlington.com
2601 South Bayshore Drive, Penthouse One
Miami, Florida  33133
Telephone: (305) 858-2900
Facsimile:  (305) 858-5261


*Counsel for Defendant The Falic Family
Foundation, Inc.*

IFRAH PLLC

By:  */s/ George R. Calhoun*
*/Signature with Permission*

George R. Calhoun (D.C. Bar No. 60641)
1717 Pennsylvania Ave., NW
Suite 650
Washington D.C., 20006
T: (202) 524-4140
F: (202) 524-4141
george@ifrahlaw.com

*Counsel for Defendant Motorola Solutions,
Inc.*


FOLEY & LARDNER LLP

By:  */s/ Barry G. Felder*
*/Signature with Permission*

Barry G. Felder (D.C. Bar No. 307736)
90 Park Avenue
New York, New York 10016
T: 212-338-3540
F: 212-687-2329
bgfelder@foley.com

Michael J. Tuteur (Bar No. D00202)
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
T: 617-342-4016
F: 617-341-4001
mtuteur@foley.com

*Counsel for Defendant Sheldon G. Adelson*

SHEPPARD MULLIN RICHTER &
HAMPTON LLP

By: */s/ Christopher M. Loveland*
*/Signature with Permission*

Christopher M. Loveland
(D.C. Bar No. 473969)
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006-6801
Telephone: (202) 747-1924
Facsimile: (202) 747-3832
cloveland@sheppardmullin.com

*Counsel for Defendant Dr. Irving Moskowitz*

O'HAGAN MEYER, PLLC

By: */s/ Michael E. Barnsback*
*/Signature with Permission*

Michael E. Barnsback (USDC Bar No.
VA015)
2560 Huntington Avenue
Suite 204
Alexandria, VA 22303
PH (703) 775-8603
FX (804) 403-
7110mbarnsback@ohaganmeyer.com

KELLY LAW PARTNERS, LLC

By: */s/ William J. Kelly III*
*/Signature with Permission*

William J. Kelly III (admitted *pro hac vice*)
501 South Cherry Street, Suite 1100
 Denver, CO 80246
 Telephone:  (720) 236-1801
 Facsimile:   (720) 236-1799
 Email: wkelly@kellylawpartners.com

*Counsel for Defendant RE/MAX, LLC*

ZELL, ARON & CO.

By:  */s/ Lawrence Marc Zell*
*/Signature with Permission*

Lawrence Marc Zell
(D.C. Bar No. 959437)
34 Ben Yehuda Street
15th Floor
City Tower Building
Jerusalem 9423001 Israel
Direct Phone: 011-972-2-633-6301
Main Telephone: 011-972-2-633-6300
Cell Phone: 011-972-52-869-9000
Email: mzell@fandz.com

*Counsel for Defendants American Friends of
Ariel, Inc., Gush Etzion Foundation, The
Hebron Fund, Christian Friends of Israeli
Communities, Honenu National Legal Defense
Organization*

RIFKIN WEINER LIVINGSTON LLC

By:  */s/ Charles S. Fax*
*/Signature with Permission*

Charles S. Fax (D.C. Bar No. 198002)
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Facsimile: (301) 951-0172
Email: cfax@rwlls.com

*Counsel for Defendant Jewish National
Fund*

LARS LIEBELER PC

By:  */s/ Lars H. Liebeler*
*/Signature with Permission*

Lars H. Liebeler (D.C. Bar No. 416666)
900 7th Street, N.W., Suite 725
Washington, D.C. 20001
Direct Telephone: (202) 774-1510
Email: LLiebeler@LHL-LawFirm.com

*Counsel for Defendant John Hagee*

DAVID I. SCHOEN

By:  */s/ David I. Schoen*
*/Signature with Permission*

David I. Schoen (D.C. Bar No. 391408)
2800 Zelda Road, Suite 100-6
Montgomery, Alabama 36106
Telephone: (334) 395-6611
Facsimile: (917) 591-7586
Email: dschoen593@aol.com

*Counsel for Defendant American Friends of
Bet El Yeshiva*

DAVID ABRAMS, ATTORNEY AT LAW

By:  /s/ David Abrams
/Signature with Permission

David Abrams (Bar No. NY0201)
305 Broadway, Suite 601
New York, NY 10007
212-897-5821
dnabrams@gmail.com

Counsel for Defendant Efrat Foundation USA


THE AMERICAN CENTER FOR LAW AND
JUSTICE

By:  /s/ Jay Alan Sekulow
/Signature with Permission

Jay Alan Sekulow (D.C. Bar No. 496335)
Benjamin P. Sisney (D.C. Bar No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C. 20002
Email: sekulow@aclj.org
Email: bsisney@aclj.org
Telephone: (202) 546-8890
Facsimile: (202) 546-9309

Co-Counsel for Defendant Gush Etzion
Foundation

JONES DAY

By:  /s/ Eric Snyder
/Signature with Permission

Eric Snyder (D.C. Bar No. 1001610)
250 Vesey Street
New York, NY 10281
Telephone: (212) 326-3435
esnyder@jonesday.com

Counsel for Defendant Norman Braman

23