IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM AL-TAMIMI et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 16-cv-445 (TSC) |
| SHELDON ADELSON et al., | ) |
| Defendants. | ) |

**DEFENDANT AMERICAN FRIENDS OF BET EL YESHIVA'S RESPONSE TO PLAINTIFFS' RULE 60 MOTION FOR RELIEF FROM ECF# 162[1] [ECF# 234]**

On December 23, 2022, certain purported Plaintiffs,[2] through attorney Samuel W. Jarjour, filed a motion styled, Motion for Relief From Order [ECF No. 162] Based on Error or Oversight, Pursuant to Fed. R. Civ. P. 60(a) and 60(b). [ECF# 234]. Defendant, American Friends of Bet El Yeshiva ("AFBEY"), by and through the undersigned, hereby files its response to that Motion. Defendants American Friends of Ariel, Inc., American Friends of Ulpana Ofra, Christian Friends of Israeli Communities, Inc., Gush Etzion Foundation, Inc., Honenu National League Defense Organization, and the Hebron Fund join fully in this response as well.

---

[1] The Motion is styled as seeking relief from "ECF No. 162;" but it appears that the numbers have been transposed and that the Motion actually relates to ECF# 216.

[2] The term "purported Plaintiffs" is used here because, as will be explained below, some of the parties Mr. Jarjour asserts that he represents have never been Plaintiffs in this action; others did not appeal the Court's Order dismissing the action in 2017. [ECF# 121].

1

## RELEVANT BACKGROUND

The moving purported Plaintiffs assert that through error or oversight by the Court, they were erroneously dismissed as Plaintiffs in this action by this Court's Order dated July 22, 2022 [ECF# 216].  They do not explain why they waited over five months to make this claim.

The fact of the matter is, these purported Plaintiffs actually were subject to dismissal by Order dated January 31, 2022, which unequivocally advised all counsel and purported Plaintiffs that their claims would be subject to dismissal, "without further notice," unless by June 1, 2022, they advised the Court whether they would be proceeding with identified counsel or *pro* se.  [ECF# 194 at 1 & 7].  None of these purported Plaintiffs, nor any counsel on their behalf responded to the Court's January 31, 2022, Order by June 1, 2022, and therefore, by the express terms of the January 31, 2022, their claims were all subject to dismissal automatically as of June 1, 2022.  [ECF# 194 at 1 & 7].

The Court's January 31, 2022, Order was necessitated by the fact that as of July 13, 2021, all counsel for Plaintiffs had either died, failed to show up after an initial appearance, or had been permitted to withdraw, notwithstanding the clear intent of LCvR 83.6 that withdrawal not be permitted if it means leaving parties wholly without counsel.  The unusual history of Plaintiffs' representation in this case is set out at some length in the Court's January 31, 2022 Order [ECF# 194 at 1-4].

Mr. Jarjour and his colleagues, clearly were aware of the January 31, 2022, Order and the June 1, 2022 deadline.  Indeed, on May 27, 2022, Mr. Jarjour filed three separate notices of appearance for three separate Plaintiffs.  [ECF## 200, 201, 202].[3]

---

[3] Contemporaneously with his own notices of appearance, Mr. Jarjour filed a motion for his colleague, Mr. Gupta, to appear *pro hac vice* on behalf of "Plaintiffs" [ECF# 203],

2

On June 6, 2022, past the deadline set by the Court for dismissal, Mr. Jarjour filed a fourth notice of appearance, this time listing some 53 purported Plaintiffs, that he asserted he would be representing. [ECF# 208].[4]  There is no indication anywhere in Mr. Jarjour's June 6, 2022, notice of appearance that he had in any way communicated with these purported Plaintiffs, let alone confirmed their desire to remain Plaintiffs or obtained their written consent to represent them.[5]

---

notwithstanding the Court's clear Order to identify which Plaintiffs counsel purported to represent.  On June 9, 2022, Mr. Gupta filed what purports to be an "errata" regarding his initial *pro hac* vice motion [ECF# 212, referring erroneously to ECF# 211, rather than ECF# 203]; but, of course, he did not even address the central deficiency – his failure to identify which Plaintiffs he claimed to represent. [ECF# 212].  Ultimately, Mr. Jarjour's motion for Mr. Gupta to appear *pro hac vice* was denied based on his failure to identify which, if any, Plaintiffs he actually purported to represent.   [Minute Order dated July 22, 2022].

[4] In the motion now before the Court, Mr. Jarjour refers to the "55" additional Plaintiffs he purports to represent [ECF# 234 at ¶ 8] and to the "56" additional Plaintiffs he purports to represent [ECF# 234 at ¶ 4].  The notice of appearance he filed after the June 1, 2022 deadline lists 53 additional Plaintiffs he purports to represent.  [ECF# 208].  Some of these 53 are not actually Plaintiffs, as will be explained.

[5] This is relevant because the subsequent Minute Order on which he now claims to rely for an extension of time past the June 1, 2022, deadline to notify the Court about representation, expressly provides the following: **"Counsel may identify individuals as their clients only if they have communicated with those individuals and confirmed that those individuals desire to remain parties in this case."**  [June 29, 2022, Minute Order] (emphasis added).

In the motion now before the Court, Mr. Jarjour, for the first time, represents that he "communicated with and obtained the written consent of each Plaintiff on whose behalf he entered an appearance." [ECF# 234 at ¶ 9].  As will be set out below, at least three of the parties Mr. Jarjour lists as Plaintiffs on whose behalf he entered his appearance are not actually listed as Plaintiffs anywhere, nor were they appellants for the appeal of this Court's original Order of dismissal in 2017.  Accordingly, American Friends of Bet El Yeshiva respectfully asks the Court to require Mr. Jarjour to produce for the public record the "written consent" he received from each purported Plaintiff.

There is no other way for the Court to independently confirm the purported Plaintiffs' wishes, since no meaningful addresses ever have been provided for most Plaintiffs, notwithstanding LCvR 5.1(c)(1) and this Court's Order directing Plaintiffs' counsel to file all Plaintiffs addresses under seal [ECF# 98].  Plaintiffs' counsel never meaningfully complied with this Order or the Local Rule.  [See ECF# 194 at 4-6].

3

### **DEFENDANT AFBEY'S POSITION ON THE PENDING MOTION**

Defendant American Friends of Bet El Yeshiva and the Defendants that have joined this response have no independent interest in the determination of who Mr. Jarjour represents in this case or who remains as a Plaintiff. The arguments raised in the pending motions to dismiss and, specifically, the lack of personal and subject matter jurisdiction attending the claims in this case, apply with equal force no matter which of the purported Plaintiffs remains in the case. However, Defendants have an interest in consistency and in compliance with the Court's Orders and Defendants should not have to risk a waiver claim by consenting to a motion to "reinstate" as Plaintiffs in this case, parties who either did not comply with the Court's Orders, parties who never appealed the Court's earlier dismissal Order, or parties who never were Plaintiffs in this case. Accordingly, Defendant AFBEY will set out below issues that appear to undermine the relief Mr. Jarjour seeks, in addition to his clear violation of the Court's January 31, 2022, Order, which led to the result he now seeks to attribute to a purported clerical error over five months ago.

**Errors in the Listing of Purported Plaintiffs:**

In the motion now before the Court Mr. Jarjour lists the "56" purported Plaintiffs he purports to represent and who he asserts were erroneously dismissed from the case. [ECF# 234 at ¶ 4]. The following are errors with Mr. Jarjour's assertions:

1. At least three of the parties identified in Mr. Jarjour's Motion for Relief are not listed anywhere as Plaintiffs in this case.

As the Court's January 31, 2022, Order recounts, on August 8, 2016, Plaintiffs filed an Amended Complaint, adding sixty-one Plaintiffs to the nineteen Plaintiffs listed in the original Complaint. [See ECF# 194 at 5, referring to ECF# 77]. Nowhere in the list of 80 Plaintiffs

4

reflected in the Amended Complaint do the three parties identified here appear.  These are "Husni Abdelfattah Hassan Sabatin,[6]" "Kholoud Al-Qara,[7]" and "Osama Ali. [8]" [ECF# 234 at ¶ 4].

For the appeal of the Court's Original 2017 Order dismissing the case, all Appellants are listed on an October 6, 2017, filing in the United States Court of Appeals for the D.C. Circuit, styled "Certificate as to Parties, Rulings and Related Cases."  [Doc. # 1697691].  That document lists all Appellants at Pages 1-5. Nowhere does it list Husni Abdelfattah Hassan Sabatin, Kholoud Al-Qara, Ossama Ali, or Ahmed Abo Hassan as parties who appealed the Order of dismissal and they should not be counted as Plaintiffs herein.  The Order of dismissal is consistent [ECF# 216].

2.   The Amended Complaint and the Appeals Court Certificate referred to above and this Court's dismissal Order list as a single Plaintiff, "Village Council of the Villages of Abu Al-'Asja, Abu Al-Ghazlan, Abu Al-'Arqan, Karza, Raboud."  [ECF# 77 at 2; Court of Appeals Doc. # 1697691 at 2, No. 20; ECF# 216].  Mr. Jarjour lists and counts this single party in his Motion for Relief as four separate parties to arrive at his count of "56."  [ECF# 234 at ¶ 4].

## **CONCLUSION**

The dismissal over five months ago of the purported Plaintiffs listed in Mr. Jarjour's Motion for Relief would not appear to be a function of a clerical error, oversight or omission on

---

[6] In the Motion now before the Court, Mr. Jarjour purports to represent "Husni AbdelFattah Hassan Sabatin" and "Tariq Hussni Abed Al-Fateh Sabatin" and he counts them as two separate Plaintiffs.  [ECF# 234 at ¶ 4].  The Amended Complaint lists a "Tariq Hussni Abed Al-Fateh Sabatin."  [ECF# 77 at 8].  But there is no separate Plaintiff listed in the Amended Complaint by the name "Husni AbdelFattah Hassan Sabatin."

[7] There is no person named "Kholoud Al-Qara" listed in the Amended Complaint.

[8] In his late-filed notice of appearance, Mr. Jarjour lists a party as "Ossama Ali Ahmed Abo Hassan" [ECF# 208 at 2] and the Amended Complaint lists a Plaintiff by that name [ECF# 77 at 7]. But in his Motion, Mr. Jarjour lists (and counts) this person as two separate people:  "Ossama Ali" and "Ahmed Abo Hassan."  [ECF# 234 at ¶ 4].

the part of the Court; rather it would appear to be directly a function of the failure by Mr. Jarjour and his colleagues to obey the Court's January 31, 2022 Order and their failure to heed the Court's express warning of the consequence, "without further notice," for failing to comply with the Court's directive by June 1, 2022. The record does not reflect that he sought or obtained any extension of time of the June 1, 2022, deadline established by the Court on January 31, 2022. Rather he just unilaterally gave himself license to ignore the Court's deadline and filed late.

It is further a function of Mr. Gupta's failure to identify any specific Plaintiffs in his (denied) motion to appear *pro hac vice* and of Mr. Jarjour's errors in listing parties who do not exist and mixing up other parties as described herein. This kind of conduct by these same lawyers, unfortunately, is consistent with their conduct in the related *Peled* case pending before Judge Walton. [See e.g. ECF# 112 in *Peled et al. v. Netanyahu, et al.*, 1:17-cv-260 (RBW)].

These maneuverings that prolong the pendency of outrageous, meritless claims against the Defendants should not be tolerated. The arguments for dismissal raised by Defendants in the motions to dismiss, fully briefed for years, apply in full force no matter who the Plaintiffs are in this case and AFBEY and the Defendants who have joined this response respectfully beg the Court to grant those motions to dismiss as soon as possible.

Again, these Defendants have no independent interest in who the Court determines should remain as Plaintiffs in the case; but they respectfully assert that Plaintiffs' counsel must be required to properly identify their clients and to file on the public docket, or at least provide to the Court, the written consent Mr. Jarjour has represented that he obtained from each Plaintiff who he purports to represent, [ECF# 234 at ¶ 9], consistent with the Court's June 29, 2022, Minute Order.[9]

---

[9] In the *Peled* case, one of the attorneys, Mr. Barfield (who appeared in the instant case as well), filed his notice of appearance on behalf of all Plaintiffs (some of whom are also Plaintiffs in this

AFBEY also must not be deemed to waive any claim that a purported Plaintiff not identified in the Amended Complaint or who did not appeal the earlier Order of dismissal is not properly a Plaintiff at this stage of the case.

Dated: December 29, 2022

>Respectfully submitted,
>
>   /s/ David I. Schoen
>David I. Schoen (D.C. Bar No. 391408)
>David I. Schoen, Attorney at Law
>2800 Zelda Road, Suite 100-6
>Montgomery, Alabama 36106
>Telephone: (334) 395-6611
>Facsimile: (917) 591-7586
>Email:DSchoen593@aol.com;
>
>*Counsel for Defendant American Friends of Bet El Yeshiva And on Behalf of Defendants American Friends of Ariel, Inc., American Friends of Ulpana Ofra, Christian Friends of Israeli Communities, Inc., Gush Etzion Foundation, Inc., Honenu National Legal Defense Organization, and the Hebron Fund*

### CERTIFICATE OF SERVICE

This is to certify that I have on December 29, 2022, served all the parties in this case with a true and correct copy of the foregoing through the ECF system and by mailing the same to any *pro se* party, via the U.S. mail, proper postage prepaid.

>/s/ David I. Schoen
>David I. Schoen

---

case). But when he wanted to withdraw, he represented to the Court that he never had met or spoken to a single Plaintiff and that they never wanted him to represent them. [ECF# 81 in *Peled et al. v. Netanyahu, et al.*, 1:17-cv-260 (RBW). We must not have that happen here.