IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      )
**BASSEM AL-TAMIMI, et al.**          )
                                      )
         Plaintiffs,                  )
                                      )        **Case No. 1:16-cv-00445 (TSC)**
         v.                           )
                                      )
**SHELDON ADELSON, et al.**           )
                                      )
         Defendants.                  )
_____)

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR RULE 60 MOTION [ECF 234] FOR RELIEF FROM ORDER DISMISSING ALL BUT FIVE PLAINTIFFS [ECF 216][1]

### I.    INTRODUCTION

On December 23, 2022, Plaintiffs filed a Rule 60 Motion for Relief from the Court's July 22, 2022 Order dismissing all but five (5) Plaintiffs from this case. [ECF 234].  On December 29, 2022, Defendant John Hagee, joined by all Defendants except for Defendant Elliot Abrams, filed a Response (hereinafter "Hagee Response") [ECF 236] taking no position on Plaintiffs' requested relief, but claiming that the record does not support the basis on which Plaintiffs seek such relief and also noting inconsistencies in the names of Plaintiffs.  On the same day, Defendant American Friends of Bet El Yeshiva (AFBEY), joined by Defendants American

---

[1] Plaintiffs' Motion for Relief [ECF 234] contains a typographical error in the heading, listing the ECF number from which Plaintiffs seek relief as 162, instead of 216.  The order from which Plaintiffs seek relief pursuant to Federal Rule of Civil Procedure 60, is ECF No. 216.

Friends of Ariel, American Friends of Ulpana Ofra, Christian Friends of Israeli Communities, Gush Etzion Foundation, Honenu National Legal Defense Organization and the Hebron Fund, filed a separate Response (hereinafter "AFBEY Response") [ECF 237] also taking no position on Plaintiffs' requested relief, but making similar claims to those made in the Hagee Response. Plaintiffs now reply to Defendants' responses.

## II.   ARGUMENT

### A. <u>Attorney Samuel Jarjour Complied with the Court's Orders and his June 6, 2022 Appearance was Timely</u>.

The Court's January 31, 2022 Order [ECF 194] set a deadline of June 1, 2022, for Plaintiffs to inform the Court whether they wished to proceed and, if so, whether they would be represented by counsel or proceed *pro se*. AFBEY incorrectly asserts that Attorney Jarjour "unilaterally gave himself license to ignore the Court's order and file[] late." [ECF 237, p. 6]. Prior to the deadline, on May 27, 2022, and June 1, 2022, Plaintiffs filed Motions for a Conference Call with the Court, detailing the difficulties encountered in obtaining the original attorney's file (which turned out to be incomplete and lacking contact information for many of the Plaintiffs), communicating with Plaintiffs in the occupied Palestinian territory ("Palestine Plaintiffs") and, ultimately securing retainer agreements. [ECF 204, 205].[2] In the June 1, 2022 Second Motion for a Conference Call, Plaintiffs updated the Court, noting that Attorney Jarjour had participated in a conference call with a number of

---

[2] The Court denied Plaintiffs' May 27, 2022 Motion [ECF 204] for failure to comply with Local Civil Rule 7(m) [Minute Order of May 27, 2022] and Plaintiffs' filed a Second Motion for Conference Call with the Court on June 1, 2022 [ECF 205].

the Palestine Plaintiffs and expected to receive their signed retainers by June 4, 2022.   In their Reply to Defendants' Opposition to their Motion for a Conference Call, Plaintiffs further detailed the difficulties related to the Palestine Plaintiffs' lived reality and how this impacted counsels' efforts to communicate with them. [ECF 209].[3]   Plaintiffs sought a conference call with the Court in order to explain these difficulties, detail their progress, and receive further guidance from the Court. While the Court did not rule on Plaintiffs' Second Motion for a Conference Call [ECF 205], on June 29, 2022, the Court extended the June 1, 2022 deadline to July 13, 2022 [Minute Order, June 29, 2022], making Attorney Jarjour's June 6, 2022 Notice of Appearance [ECF 208] timely. Indeed, Attorney Kent Hull filed his Motion to Appear *Pro Hac Vice* for Plaintiff Susan Abulhawa on June 7, 2022 [ECFs 210 and 211], after Attorney Jarjour's appearance for the Palestine Plaintiffs, and the Court did not dismiss Ms. Abulhawa's claims.[4]   Thus, while Defendants are correct that Attorney Samuel Jarjour filed his appearance for the subsequently dismissed Palestine Plaintiffs after the initial June 1, 2022 deadline, they **incorrectly** conclude that Plaintiffs were appropriately dismissed for missing the deadline to

---

[3] Plaintiffs in this case live under a belligerent military occupation, which has been charged by human rights organizations, international legal bodies, and leading jurists with the crime of Apartheid and other war crimes and crimes against humanity—the very substance of this case.   The difficulty with access had to do with mistrust inherent to being victims of intense surveillance and oppression. Thus obtaining signed retainers required having a local attorney visit each of the Plaintiffs in their home to first establish trust. This too was no easy matter, as Israel restricts movement from one Palestinian town to another through a web of checkpoints and other methods, including color-coded IDs and license plates, that extend what should be a ten minute drive into several hours of travel time both ways.

[4] Attorney Samuel Jarjour also appeared for Susan Abulhawa. [ECF 208].

file. [ECF 237, p.2]  Attorney Jarjour's June 6, 2022 Notice of Appearance [ECF 208] was well within the Court's July 13, 2022 extended deadline.

In the AFBEY Response, Defendants ask this Court to require Attorney Jarjour "to produce for the public record the 'written consent' he received from each purported Plaintiff." [ECF 237, p.3, n.5].  In so doing, Defendants intimate that the undersigned, an officer of the court, did not communicate with the Plaintiffs on whose behalf  he appeared. In addition to being offensive, this accusation is illogical. New counsel for Plaintiffs made numerous efforts to keep this Court apprised of the progress being made in communicating with the Palestine Plaintiffs. Indeed, if the undersigned had chosen to blatantly disregard the Court's order, he would have entered his appearance for **all** Plaintiffs and done so before June 1, 2022.

That aside, as Plaintiffs stated in their Motion for Relief [ECF 234, p.10, n.1], signed retainers for all Plaintiffs can be made available to the Court for its review. However, Plaintiffs request that, if ordered to produce the retainers, they be allowed to submit them for *in camera review* only.  These retainers contain sensitive, identifying information, such as Plaintiffs' national identification numbers, which could make them subject to direct or indirect retaliation by Defendants, their agents, and/or the State of Israel.

**B.** **Explanation of Inconsistencies in Appearance dated June 6, 2022 [ECF 208].**

In the AFBEY Response [ECF 237] Defendants itemize four purported errors in Plaintiffs' Motion for Relief.  Below, Plaintiffs address each in turn.

1. **Ossama Ali,** whose name is incorrectly spelled "Osama Ali" in the AFBEY Response, is in fact OSSAMA ALI AHMED ABO HASSAN. A comma was inadvertently inserted in the midst of this Plaintiff's four-part name, making it appear as two people in Plaintiffs' Motion for Relief. [ECF 234, p. 2]. However, said Plaintiff is correctly listed in Attorney Jarjour's Notice of Appearance. [ECF 208].

2. **Husni Abdelfattah Hassan Sabatin** was listed in error. Husni Abdelfattah Hassan Sabatin is the father of Plaintiff TARQI HUSSNI ABED AL-FATEH SABATIN. A signed retainer was initially obtained from the senior Mr. Sabatin, but he was not included in the Amended Complaint [ECF 77] for reasons unbeknownst to current counsel. Based on the fact that the senior Mr. Sabatin had initially signed a retainer with previous counsel, Attorney Jarjour obtained an updated retainer, not realizing that he was left out of the Amended Complaint and, thus, not an active plaintiff in this case.

3. **Kholoud Al-Qara** is a relative of Plaintiff Mamdouh Al-Qara and her name was listed in error. As happened with Husni Abdelfattah Hassan Sabatin (above), a retainer was initially obtained for Kholoud Al-Qara but, for unknown reasons, she was not included in the Amended Complaint. [ECF 77]. Current counsel obtained an updated retainer for her, not realizing that she was left out of the Amended Complaint.

4. **Village Council of Abu al-'Asja, Abu Al-Ghazlan, Abu Al-'Arqan, Karza, and Raboud** is indeed a single Plaintiff entry and was correctly listed as a single entry in both Attorney Jarjour's appearance [ECF 208] and in Plaintiffs' Motion for Relief [ECF 234]. It does, however, appear that each village was mistakenly counted separately. *See* page 6, paragraph 6, below.

In addition to the above, Plaintiffs would like to address other discrepancies and update the Court on a few other issues that counsel has recently become aware of. While Plaintiffs recognize that a reply memorandum may not be the place to address such matters, Plaintiffs do so in the interest of accuracy as to the Plaintiffs whose claims they seek to have reinstated, and to request the guidance of the Court as to the best way to address the matters.

1. Plaintiff YOUSIF MOHAMMAD YAKOB ATTWAN has passed away. Plaintiffs intend to file a motion to substitute his spouse, NEDDAL ASSAD ATTWAN, who is one of the Plaintiffs seeking to have her claims reinstated

with this Motion.

2. Plaintiff SAFWAT ABU-TEER appears to have been dismissed only in his individual capacity in the Court's July 22, 2022 Order. [ECF 216]. However, in the Amended Complaint [ECF 77], he was listed twice, once in his individual capacity and once as next of kin of Nour and Zeinab Abu-Teer.

3. Plaintiff MUSA ABU Al-SHAABARI was listed as Musa Al-Shinbari in the Amended Complaint [ECF 77]. Both the power of attorney obtained by previous counsel and the retainer agreement obtained from him by the undersigned in June 2022 makes clear that his family name is Abu Al-Shaabari and not Al-Shinbari.[5] In haste to file his notice of appearance on June 6, 2022 and, not being a native Arabic speaker, the undersigned failed to catch this discrepancy.

4. Plaintiff DHARIFA SAHAMOUD's name was misspelled in the Amended Complaint [ECF 77] as Dharifa Sahamour. The circumstances surrounding this discrepancy is the same as that for Mr. Abu Al-Shaabari, above.

5. Plaintiff HASHIM YOUSEF ABU AL-HASSAN is listed twice in the Amended Complaint [ECF 77]—once as Hisham Abu Al-Hassan, in his individual capacity, and once as Hashim Yousef, in his official capacity as President of the Society for Farmers' Rights and the Preservation of Palestine's Environment. The discrepancy in the name has to do with the way that Arab names are structured. Specifically, Arab names are structured to identify one's lineage, whereby individuals are given only a first name, with their second, third, fourth, up to 20 names or more, are those of the paternal lineage starting with the father. An individual can choose to use different parts of his or her name in different circumstances. Thus, Mr. Abu Al-Hassan can choose to identify himself as Hashim Yousef in some instances, and Hashim Abu Al-Hassan in other instances. The slight discrepancy in the first name was likely due to a spelling error on the part of previous counsel.

6. In the years since the complaint was filed, Plaintiff Village Council, which represented the five small adjacent villages of Abu al-'Asja, Abu Al-Ghazlan, Abu Al-'Arqan, Karza, and Raboud, has split. The latter three villages have departed from the central council, which now only includes the villages of Abu al-'Asja and Abu Al-Ghazlan. However, the villages of Abu Al-'Arqan,

---

[5] The "Abu" or "Abo" which is used in many names, literally means "father of" and sometimes is used and other times left out, particularly in the English translation of Arabic names.

Karza, and Raboud still maintain their claims.

## C. <u>The Law Favors Disposition on the Merits</u>.

Counsel for Defendant AFBEY has a history of personal attacks on Plaintiffs' counsel in this case and in the related case of *Peled, et al. v. Netanyahu, et al.*, No. 1:17-cv-260 (RBW), which unfortunately continue in its most recent filing. In the AFBEY Response, Defendants accuse Plaintiffs' attorneys of engaging in "maneuverings that prolong the pendency of outrageous, meritless claims." [ECF 237, p.6]. As detailed herein and in other filings in this case, counsel for Plaintiffs faced a herculean task of reviewing the records and merits of a voluminous case, obtaining the prior attorneys' files, reaching out to and communicating with victims of serious human rights abuses living under a violent and extremely oppressive military occupation. To single out a few scrivener's errors in an attempt to paint the entire case as "outrageous" and without merit is, in itself, unconscionable.

Our justice system, particularly our federal legal system, favors the disposition of cases on the merits. *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 550, 130 S. Ct. 2485, 2494, 177 L. Ed. 2d 48 (2010); *Trakas v. Quality Brands, Inc.,* 759 F.2d 185, 186–87 (D.C. Cir. 1985). The Plaintiffs who are the subject of this motion have no effective recourse in Israeli courts—neither their civilian courts nor the military courts to which Palestinians are subject—and this forum is a rare venue in which they might obtain justice. As stated in their responses [ECFs 236 and 237], Defendants do not oppose the relief requested in Plaintiffs' Motion. [ECF

234]. The errors Defendants point out in their responses are easily remedied and should not prevent Plaintiffs listed below from having their day in court.

### III. CONCLUSION

WHEREFORE, based on the foregoing as well as the facts and law laid out in Plaintiffs' Motion [ECF 234] for Relief from Order [ECF 216] Pursuant to Fed. R. Civ. P. 60(a) and 60(b), Plaintiffs respectfully request that this Honorable Court GRANT their motion, and reinstate the claims of the following Plaintiffs:

1. OSSAMA ALI AHMED ABO HASSAN;

2. AHMED ABO RAHMAH;

3. HAYAT ABU-DHARIFA, in her personal capacity and as next of kin of Ismail Abu-Dharifa;

4. IBRAHIM ABU-EID;

5. HAMZA ABU-MUTLAQ;

6. MUHAMMAD ABU-MUTLAQ;

7. ABDULLAH ABU-SALAH;

8. SALIM ABU-SALAH;

9. ALI ABU-TEER;

10. AMANI ABU-TEER;

11. EYAD ABU-TEER;

12. IBRAHIM ABU-TEER;

13. MAJID ABU-TEER;

14. MUHAMMAD ABU-TEER;

15. NADHAMI ABU-TEER;

16. RAMI ABU-TEER;

17. SAFWAT ABU-TEER, in his personal capacity, and as next of kin of Nour Abu-Teer and Zeinab Abu-Teer;

18. SAMI ABU-TEER;

19. TAGRID ELEYAN MAHMOUD ABU-TEER;

20. YOUNIS ABU-TEER;

21. MEDHAT ABU-YOUSEF;

22. KHALIL AL-'ASH;

23. REHAM AL-BUR'I;

24. JAWAD ISSA IBRAHIM SALAMAN AL HAROOB;

25. BASSAM AL-NAWIRI;

26. MAMDOUH AL-QARA;

27. MUSA ABU AL-SHAABARI (previously listed as Musa Al-Shinbari);

28. AHMED AL-ZEER;

29. NEDDAL ASSAD ATTWAN;

30. YOUSIF MOHAMMAD YAKOB ATTWAN (has since passed away.  Plaintiffs will seek to substitute his wife, NEDDAL ASSAD ATTWAN, above);

31. RA'FAT BARAKA;

32. HIBA BARGHOUTHI;

33. ANWAR DAHALEEZ;

34. FALASTIN MADI;

35. KHALID NAIM;

36. AMAL QABLAN;

37. SHIREEN QABLAN;

38. IBRAHIM RAMADAN;

39. MAHMOUD AHMED MUSSA SABATIN;

40. TARIQ HUSSNI ABED AL-FATEH SABATIN;

41. IBRAHIM SABIH;

42. DHARIFA SAHAMOUD (originally misspelled "Dharifa Sahamour");

43. NIDAL SALAH

44. EMAD SHUJAIA;

45. HUSSEIN TABASH;

46. KHALIL TABASH;

47. NAZEEH TABASH;

48. HASHIM YOUSEF ABU AL-HASSAN (one in the same as Hisham Abu Al-Hassan), in his individual capacity, and also in his official capacity as the President of the Society for Farmers' Rights and the Preservation of Palestine's Environment;

49. VILLAGE COUNCIL OF ABU AL-'ASJA,   ABU AL-GHAZLAN, ABU AL-'ARQAN, KARZA, and RABOUD

Dated: January 5, 2023

Respectfully submitted,

/s/ Samuel W. Jarjour
Samuel W. Jarjour (Bar No. IN0012)
7824 Coldwater Road
Fort Wayne, IN 46825
Telephone: (260) 420-2333
Facsimile: (260) 420-2335
Email: sam@jarjourlaw.com

*Attorney for Plaintiffs listed on Appearances dated May 27, 2022 and June 6, 2022*

CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record. I further certify that I served the foregoing by mail on *pro se* Plaintiff, Abdur-Rahim Dudar to his address of record.

s/ Samuel W. Jarjour
Samuel W. Jarjour