UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BASSEM AL-TAMIMI, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SHELDON ADELSON, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 16-cv-0445 (TSC) |

## MEMORANDUM OPINION

Before the court are Dr. Miriam Adelson's motion for entry of judgment, Movant's Mot. for Entry of J., ECF No. 192; Plaintiffs Bassem Al-Tamimi, Abbas Hamideh, Linda Kateeb, and Susan Abulhawa's ("represented Plaintiffs") motion to vacate the court's July 13, 2021 Order of Dismissal and to substitute the estate of Sheldon Adelson as a Defendant, Pls' Mot. to Vacate and Substitute, ECF No. 235; Plaintiff Abdur-Rahim Dudar's motion to deny substitution of Dr. Adelson, Pl's Mot. to Deny Substitution, ECF No. 226; and Plaintiff Dudar's motion to set aside, Pl's Mot. to Set Aside, ECF No. 254.  For the reasons stated below, Dr. Adelson's Motion for Entry of Judgment will be GRANTED; Plaintiffs' Motion to Vacate and Substitute will be DENIED; Plaintiff's Motion to Deny Substitution will be DENIED as MOOT; and Plaintiff's Motion to Set Aside will be DENIED.

### I.     BACKGROUND

The relevant procedural history for this matter is as follows:

- On February 22, 2021, attorney Barry Felder—Defendant Sheldon Adelson's attorney and counsel for his wife Dr. Miriam Adelson—filed a suggestion of death, informing the court and parties "that defendant Sheldon G. Adelson died on January 11, 2021 and that Dr.

1

Miriam Adelson is the Special Administrator of the Estate of Sheldon G. Adelson." Suggestion of Death, ECF No. 182; *see* Felder Decl., ECF No. 243-1.

- On June 2, 2021, one hundred days later, Dr. Adelson moved to dismiss all claims against Sheldon Adelson and to preclude Plaintiffs from seeking to substitute his estate as a defendant, pursuant to Federal Rule of Civil Procedure 25(a).  Movant's Mot. to Dismiss, ECF No. 183 at 1.  Dr. Adelson argued that Rule 25(a) gave Plaintiffs ninety days—until May 24, 2021—to move to substitute, and because Plaintiffs had failed to do so or to seek an extension, their claims against Sheldon Adelson should be dismissed.  *Id.*

- On, July 13, 2021, no Plaintiff having filed a response, the court granted Dr. Adelson's motion to dismiss claims against Sheldon Adelson and ordered that "Plaintiffs are not permitted to seek to substitute Mr. Adelson's estate as a defendant in this action."  Order, 7/13/2021, ECF No. 191.

- On August 3, 2021, following the court's Order of Dismissal, Dr. Adelson moved for an entry of judgment pursuant to Rule 54(b).  *See* Def's Mot. for Entry of J.

- On January 31, 2022, five months later, and no counsel having entered an appearance for any Plaintiff, the court ordered Plaintiffs to "notify the court . . . whether they will seek representation by substitute counsel or continue this lawsuit representing themselves pro se."  Order, 1/31/2022, ECF No. 194 at 1.  The court stayed the case from January 31, 2022, until July 22, 2022, due to Plaintiffs' lack of legal representation.  *See id.* (ordering stay); Order 7/22/2022, ECF No. 216 at 4 (lifting stay).

- On May 27, 2022, Attorney Samuel Jarjour entered an appearance on behalf of four plaintiffs.  *See* Order, 7/22/2022 at 1–3.

2

- On August 8, 2022, the court not having yet ruled on Dr. Adelson's motion for entry of judgement, Jarjour, on behalf of the four Plaintiffs (the "represented Plaintiffs"), moved to set aside the court's July 13, 2021 Order dismissing claims against Dr. Adelson, asserting "excusable neglect" pursuant to Rule 60(b)(1), and requesting an additional thirty days to move to substitute Dr. Adelson or Sheldon Adelson's Estate under Rule 25. Pls' Mot. to Set Aside, ECF No. 217 at 8–11.

- On November 20, 2022, the court granted partial relief to represented Plaintiffs and allowed them an additional thirty days to file a motion to substitute. *See* Min. Order, 11/20/2022 ("Plaintiffs' motion for a 30-day extension to motion to substitute . . . is hereby GRANTED.").

Represented Plaintiffs' motion to vacate and substitute is now properly before the court, Pls' Mot. to Vacate and Substitute, ECF No. 235, as are Plaintiff Dudar's two related motions, ECF Nos. 226, 254.

## II.     ANALYSIS

Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a court order due to "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), or for "any other reason that justifies relief," under Rule 60(b)(6). "'[E]xcusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394, (1993). Rule 60(b)(1) "is not a vehicle for raising new legal theories," and "a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief." *Munoz v. Bd. of Trustees of Univ. of D.C.*, 730 F. Supp. 2d 62, 66–67 (D.D.C. 2010).

3

Any Rule 60(b)(1) motion must be made "no more than a year" after the order is entered. Fed. R. Civ. P. 60(c)(1).

"Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment [or order] 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Salazar ex rel. Salazar v. D.C.*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). But a litigant may only rely on Rule 60(b)(6) if their motion is made "within a reasonable time" and they demonstrate "extraordinary circumstances"—a "high bar." *United States v. Philip Morris USA Inc.*, 840 F.3d 844, 852 (D.C. Cir. 2016).

A.  **Represented Plaintiff's Motion to Vacate**

Represented Plaintiffs filed their first motion to set aside the court's Order of Dismissal pursuant to Rule 60(b)(1) for "excusable neglect." Pls' Mot. to Set Aside at 9–11. They proffered that their attorney, Martin McMahon (who died on June 5, 2021), *see* Death Certificate of Martin McMahon, ECF No. 217-1, "was suffering from serious, debilitating diseases," and was "unable to properly respond to the Suggestion of Death and subsequent Motion to Dismiss." Pls' Mot. to Set Aside at 10. They further contended that they "were not adequately informed regarding the status of the case and their options regarding substitution." *Id.*. On August 4, 2022, in what is essentially a renewed motion for relief from the court's Order of Dismissal, represented Plaintiffs moved to vacate the court's July 13, 2021 Order of dismissal, again relying on Rule 60(b)(1), claiming "excusable neglect" as a basis for relief. Pls' Mot. to Vacate and Substitute at 19–21.

In their most recent motion, represented Plaintiffs reiterate their claims regarding the timing of McMahon's sickness and death and appear to suggest that they were without counsel from June 2021 until July 2022.  *Id*. at 19–20.  They argue that this court should "assess" whether these circumstances constitute excusable neglect according to the factors the Supreme Court enunciated in *Pioneer Inv. Servs.*, 507 U.S. 380.  *See id*. at 20.  In *Pioneer Inv. Servs.*, the Court found that "an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of the [Federal Rule of Bankruptcy Procedure 9006(b)(1)]."  507 U.S. at 383.  The Court further held that in determining whether neglect is excusable, a court should consider "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Id.* at 395.

Whatever the merits of represented Plaintiffs' arguments, Dr. Adelson is correct that their Rule 60(b)(1) motion for relief from this court's order dismissing Sheldon Adelson is time-barred.  A "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c); *see also* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.) (citing *Ackermann v. U.S.*, 340 U.S. 193 (1950)) (holding that a "motion under clauses (1), (2), or (3) must be denied as untimely if made more than one year after judgment regardless of whether the delay was reasonable.").  While the death of Plaintiffs' counsel may be a compelling reason for 60(b)(1) relief, the "one-year time limit" on subsection (1) motions "is not judicially extendable."  *Carr v. D.C.*, 543 F.2d 917, 925–26 (D.C. Cir. 1976).  Consequently, represented Plaintiffs' Rule 60(b)(1) motion will be denied.

Perhaps realizing that their Rule 60(b)(1) motion is time-barred, represented Plaintiffs claim in their reply brief—for the first time—that "their request for relief would most appropriately fall under Rule 60(b)(6)." Pls' Reply, ECF No. 244 at 7. But that subsection provides them no relief. First, "subsection (6) cannot be used to avoid the one-year limitation in subsections (1)–(5), such that a party who failed to take timely action due to 'excusable neglect' within one year may not seek relief more than a year after the judgment by resorting to subsection (6)." *Salazar*, 633 F.3d at 1116 (quoting *Pioneer Inv. Servs.*, 507 U.S. at 393). Represented Plaintiffs properly sought relief pursuant to Rule 60(b)(1) because, under that provision, the court can consider relief from an order based on an attorney's infirmity or death. *See e.g.*, *Gravatt v. Paul Revere Life Ins. Co.*, 101 F. App'x 194, 196–97 (9th Cir. 2004) (holding that the district court had abused its discretion in denying a Rule 60(b)(1) motion when the "reason for the lawyer's neglect was a serious, debilitating illness, which ultimately resulted in her death"); *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 64–67 (1st Cir. 2001) (holding that Plaintiff's neglect was inexcusable under 60(b)(1), in part, because their first attorney "did virtually nothing to indicate his active prosecution of the case" before his death, and Plaintiff could not also seek 60(b)(6) relief because the clauses are mutually exclusive). Because relief could have been granted under Rule 60(b)(1), represented Plaintiffs cannot seek that same relief under Rule 60(b)(6).

Second, a Rule 60(b)(6) motion must be filed "within a reasonable time," Fed. R. Civ. P. 60(c), and filing at this stage would be untimely. When deciding whether a Rule 60(b)(6) motion has been made "within a reasonable time," courts in this Circuit consider the "prejudice to the non-moving party," as well as the movant's "diligence in pursuing review of a decision." *Salazar*, 633 F.3d at 1118; *see* Wright & Miller, 11 Fed. Prac. & Proc. Civ. § 2866 (3d ed.).

Represented Plaintiffs' latest motion was filed on December 23, 2022, more than seventeen months after the court entered the Order of Dismissal and more than sixteen months after Dr. Adelson moved for entry of final judgment. But for an oversight of the court in not entering final judgment, Dr. Adelson would have received a prompt ruling on her motion over one year ago. Setting aside the court's ruling now would unduly prejudice Dr. Adelson and the Adelson Estate.

Further, despite their assertions to the contrary, represented Plaintiffs have demonstrated a "lack of diligence" in seeking review of this court's order. *Gonzalez v. Crosby*, 545 U.S. 524, 537 (2005). For nearly twenty months, from October 16, 2020, to May 27, 2022, represented Plaintiffs filed no briefs, motions, or other documents seeking any relief. They now argue that their inattention to this case is justified for three reasons: (1) McMahon's prolonged illness and subsequent death on June 5, 2021, (2) represented Plaintiffs' unawareness of their attorney's death prior to the court's January 31, 2022 Order, and (3) because the court stayed briefing from January 31, 2022, until July 22, 2022. *See* Pls' Mot. to Vacate and Substitute at 12–13. But represented Plaintiffs obtained new counsel on May 27, 2022, more than one month before expiration of the one-year deadline, and have not explained why they waited until December 23, 2022—nearly seven months later—to file their Rule 60(b)(6) motion. Despite the court having stayed briefing in this matter, a diligent attorney would have sought leave to file Rule 60(b)(1) or (b)(6) motions prior to July 12, 2022—the expiration of the one-year deadline to respond to the Order of Dismissal—and for good cause shown, the court would have considered such a motion. It appears that when represented Plaintiffs finally filed their Rule 60(b)(1) motion in August 2022, Pls' Mot. to Set Aside, they may not have realized that it was time-barred by Rule 60(c), but lack of diligence does not entitle them to relief under Rule 60(b)(6).

Finding that represented Plaintiffs are time barred from seeking relief under Rule 60(b)(1) and precluded from seeking relief under Rule 60(b)(6), the court will deny their motions.

**B.     *Pro Se* Plaintiff's Motion to Deny Substitution and to Set Aside Orders since June 29, 2022**

*Pro se* Plaintiff Dudar has filed motions: (1) to deny substitution of Dr. Adelson, *see* Pl's Mot. to Deny Substitution at 1–2; and (2) "to set aside all previous Orders as of June 29, 2022," including the court's Order of Dismissal, Pl's Mot. to Set Aside at 1.

In his motion to deny substitution, Dudar requests that the court "deny Mrs. Adelson's request to substitute for her husband," Pl's Mot. to Deny Substitution at 2 (all capital lettering removed); but Dr. Adelson has made no such request. Consequently, Dudar's motion to deny substitution will be denied as moot.

In his motion to set aside, Dudar argues that all the court's orders since June 29, 2022 "are fallacious and in contradiction of the law," and the court is "engaged in propaganda." Pl's Mot. to Set Aside at 1, 2 (all capital lettering removed). Dudar has not cited any legal authority or any other basis for this argument, asking the court to vacate two paper Orders and thirteen Minute Orders. To the extent Dudar requests the court to set aside its Order of Dismissal, his motion will be denied for reasons explained, *see supra* Section II. A., and because he has not provided any additional basis for relief.

### III.     ENTRY OF JUDGMENT

Dr. Adelson moved for entry of judgment pursuant to Rule 54(b) on August 3, 2021. Movant's Mot. for Entry of J. Plaintiffs have now responded to her motion with motions to set aside the court's July 13, 2021 Order of Dismissal and to substitute Dr. Adelson as Defendant. *See* Pls' Mot. to Vacate and Substitute; Pl's Mot. to Set Aside. As explained, both Plaintiffs'

8

motions will be denied. *Supra* Section II. Finding "no just reason for delay" the court will grant Dr. Adelson's motion for entry of judgment. Fed. R. Civ. P. 54(b).

## IV.     CONCLUSION

For the reasons stated above the court will GRANT Movant's Motion for Entry of Judgment, ECF No. 192; DENY Plaintiffs' Motion to Vacate and Substitute, ECF No. 235; DENY as MOOT Plaintiff's Motion to Deny Substitution, ECF No. 226; and DENY Plaintiff's Motion to Set Aside, ECF No. 254. The Clerk of the Court shall mail a copy of this Memorandum Opinion to *pro se* Plaintiff Dudar at his record of address.

Date: February 9, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge