UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BASSEM AL-TAMIMI,** *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 16-cv-0445 (TSC) |
| **SHELDON ADELSON,** *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

## ORDER

On December 23, 2022, Samuel Jarjour—counsel to Plaintiffs Bassem Al-Tamimi, Abbas Hamideh, Linda Kateeb, and Susan Abulhawa—filed a "Motion for Relief from Order [ECF No. 162]"[1] pursuant to Federal Rule of Civil Procedure 60(a) or 60(b). *See* ECF No. 234 at 1. Given the relief sought, the court construes Plaintiffs' motion as a Motion for Relief from the court's July 22, 2022, Order dismissing all but five plaintiffs from this action. *See* Order, 7/22/2022, ECF No. 216. For the reasons set forth below, Plaintiffs' Motion is GRANTED in part and DENIED in part.

On January 31, 2022, there having been no prosecution of this case for more than seven months following the death of Plaintiffs' counsel Martin McMahon, the court ordered all Plaintiffs to "notify the court by June 1, 2022, whether they will seek representation by substitute counsel or continue this lawsuit representing themselves pro se." Order, 1/31/2022, ECF No. 194 at 1. Plaintiffs were cautioned that "[f]ailure to do so by June 1, 2022, may result

---

[1] ECF No. 162 is a Motion to Dismiss filed by Defendant Elliott Abrams.

1

in dismissal of their claims pursuant to Federal Rule of Civil Procedure 41(b), without further notice." *Id*.

On May 27, 2022, Jarjour entered three separate appearances on behalf of Plaintiffs Bassem Al-Tamimi, Abbas Hamideh, and Linda Kateeb. ECF Nos. 200, 201, and 202. Then, on June 6, 2022, Jarjour entered an appearance on behalf of fifty-seven plaintiffs, consisting of individuals and entities. ECF No. 208.[2] Several weeks later, the court ordered that "any attorney seeking to appear before the court on behalf of any of the individuals named as plaintiffs that remain on record in this case must file a notice of appearance indicating which plaintiff or plaintiffs they are specifically representing. Counsel may identify individuals as their clients *only* if they have communicated with those individuals and confirmed that those individuals desire to remain parties in this case." Min. Order, 06/29/2022 (emphasis added). After the court's June 29, 2022 Order, Jarjour did not correct or enter appearances on behalf of any other plaintiffs, and on July 22, 2022, the court admitted Kent Hull *pro hac vice* to appear on behalf of Susan Abulhawa. *See* Min. Order, 7/22/2022. After allowing the remaining Plaintiffs nearly six months for ascertainment of counsel, the court issued an order recognizing that five Plaintiffs

---

[2] Jarjour entered an appearance on behalf of: Dharifa Sahamour; Husni Abdelfattah Hassan Sabatin; Musa Al-Shinbari; Nidal Salah; Hisham Abu Al-Hassan; Hashim Yousef; Mahmoud Ahmed Mussa Sabatin; Ahmed Abo Rahmah; Ali Abu-teer; Amani Abu-Teer; Anwar Dahaleez; Bassam al-Nawiri; Eyad Abu-Teer; Hamza Abu-Mutlaq; Hussein tabash; Ibrahim Abu-eid; Abrahim Ramadan; Ibrahim Sabih; Khalid Naim; Khalil Al-'Ash; Khalil Tabash; Majid Abu-teer; Muhammad Abu-Mutlaq; Muhammad Abu-Teer; Nadhami Abu-Teer; Nazeeh Tabash; Neddal Assad Attwan; Ossama Ali Ahmed Abo Hassan; Rami Abu-Teer; Salim Abu-Salah; Sami Abu-Teer; Tariq Hussni Abed Al-Fateh Sabatin; Village council of Abu Al'Asja; Abu Al-Shazlan; Abu Al'Arquan; Younics Abu-Teer; Susan Abulhawa; Yousif Mohammad Yakob Attwan; Reham Al-Bub'l; Kholoud Al-Qara; Mamdouh Al-Qara; Abdullah Abu-Salah; Ahmed Al-Zeer; Amal Qablan; Falastin Madi; Hayat Abu-Dharifa; Hiba Baraghouthi; Ibrahim Abu-teer; Jawad Issa Ibrahim Salaman Al Haroob; Medhat Abu-Yousef; Ra'Fat Baraka; Safwat Abu-teer Shireen Qablan; Tagrid Eleyan Mahmoud Abu-Teer; and Emad Shujia.

had properly retained counsel or notified the court that they would proceed *pro se*,[3] and dismissing all other plaintiffs and their claims pursuant to Rule 41(b) for failure to prosecute. *See* Order, 07/22/2022, ECF No. 216.

Now, four of the five remaining Plaintiffs argue that their attorney, Jarjour, properly entered an appearance for fifty-five or fifty-six additional plaintiffs in this case, s*ee* ECF No. 234 at ¶ 8 (claiming Jarjour entered an appearance on behalf of fifty-five additional plaintiffs); *but see* ECF No. 234 at ¶ 4 (claiming Jarjour entered an appearance on behalf of fifty-six additional plaintiffs), and, pursuant to Rule 60(a) or 60(b), the court should grant those plaintiffs relief from its order dismissing all other plaintiffs, *see id*. at ¶¶ 12–13.

In relevant part, Rule 60 provides that:

> [t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. . . . On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

Fed. R. Civ. P. 60(a)–(b)(1). Rule 60(a) grants the court permissive authority to correct a mistake or oversight and "only applies when the record indicates that the court intended to do one thing, but by virtue of a clerical mistake or oversight, did another." *Jordan v. U.S. Dep't of Lab.*, 331 F.R.D. 444, 449 (D.D.C. 2019)*, aff'd sub nom. Jordan v. United States Dep't of Lab.*, No. 19-5201, 2020 WL 283003 (D.C. Cir. Jan. 16, 2020).

Although the court originally required Plaintiffs to notify the court if they had obtained representation or would be proceeding pro se by June 1, 2022, *see* Order, 1/31/22, ECF No 194, the court subsequently extended the deadline to July 13, 2022, *see* Min. Order, 06/29/2022.

---

[3] Plaintiff Abur-Rahim Dudar notified the court that he would proceed *pro se* on March 1, 2022. *See* ECF No. 196.

Accordingly, the court will consider Jarjour's Notice of Appearance on June 6, 2022, as timely filed. Moreover, because the Notice of Appearance, ECF No. 208, substantially complied with Local Civil Rule 83.6, which provides that an eligible attorney "may enter an appearance in a civil action . . . by filing a written notice of entry of an appearance listing the attorney's correct address, telephone number and bar identification number," the notice of appearance is facially sufficient.

However, there are several discrepancies between Jarjour's Notice, ECF No. 208, and his instant motion. In his Notice, Jarjour purports to represent "Husni Abdelfattah Hassan Sabatin," "Kholoud Al-Qara," and "Osama Ali Ahmed Abo Hassan," *id*. at 1–3, but none of these individuals are listed as plaintiffs in the Amended Complaint. *See* Am. Compl., ECF No. 77. Jarjour therefore cannot represent individuals who have never been parties to this case.

Accordingly, the court's July 22, 2022 Order is amended to reflect that Jarjour has entered an appearance on behalf of the following fifty-two Plaintiffs: (1) DHARIFA SAHAMOUR; (2) MUSA AL-SHINBARI; (3) NIDAL SALAH; (4) HISHAM ABU AL-HASSAN; (5) HASHIM YOUSEF; (6) MAHMOUD AHMED MUSSA SABATIN; (7) AHMED ABO RAHMAH; (8) ALI ABU-TEER; (9) AMANI ABU-TEER; (10) ANWAR DAHALEEZ; (11) BASSAM AL-NAWIRI; (12) EYAD ABU-TEER; (13) HAMZA ABU-MUTLAQ; (14) HUSSEIN TABASH; (15) IBRAHIM ABU-EID; (16) IBRAHIM RAMADAN; (17) IBRAHIM SABIH; (18) KHALID NAIM; (19) KHALIL AL-'ASH; (20) KHALIL TABASH; (21) MAJID ABU-TEER; (22) MUHAMMAD ABU-MUTLAQ; (23) MUHAMMAD ABU-TEER; (23) NADHAMI ABU-TEER; (24) NAZEEH TABASH; (25) NEDDAL ASSAD ATTWAN; (26) RAMI ABU-TEER; (27) SALIM ABU-SALAH; (28) SAMI ABU-TEER; (29) TARIQ HUSSNI ABED AL-FATEH SABATIN; (30) VILLAGE COUNCIL

OF ABU AL-'ASJA; ABU AL-GHAZLAN; ABU AL-'ARQAN; KARZA; RABOUD; (31) YOUNIS ABU-TEER; (32) SUSAN ABULHAWA; (33) YOUSIF MOHAMMAD YAKOB ATTWAN (34) REHAM AL-BUR'L; (35) MAMDOUH AL-QARA; (36) ABDULLAH ABU-SALAH; (37) AHMED AL-ZEER; (38) AMAL QABLAN; (39) FALASTIN MADI; (40) HAYAT ABU-DHARIFA; (41) HIBA BARGHOUTHI; (42) IBRAHIM ABU-TEER; (43) JAWAD ISSA IBRAHIM SALAMAN AL HAROOB; (44) MEDHAT ABU-YOUSEF; (45) RA'FAT BARAKA; (46) SAFWAT ABU-TEER; (47) SHIREEN QABLAN; (48) TAGRID ELEYAN MAHMOUD ABU-TEER; (49) EMAD SHUJAIA; (50) BASSEM AL-TAMIMI, (51) ABBAS HAMIDEH, (52) LINDA KATEEB.

The Clerk of the Court shall mail a copy of this order to *pro se* Plaintiff Dudar at his record of address.

Date: February 9, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge